UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, and )
JUDITH S. SIEGEL )
)
   *Plaintiffs and Counter-Defendants,* )
) Civil Action No. 05-1717 (JGP)
v. )
)
RIDGEWELL'S, INC. )
)
   *Defendant and Counter-Plaintiff.* )
)

### COUNTER-DEFENDANTS' ANSWER TO
### COUNTER-PLAINTIFF'S COUNTER COMPLAINT FOR DAMAGES

The Counter-Defendants, Mark A. Siegel and Judith S. Siegel, by and through their attorneys, Nathan Lewin and Alyza D. Lewin, Lewin & Lewin, LLP, in answer to Counter-Plaintiff's Counter Complaint for Damages state as follows:

### ADMISSIONS AND DENIALS

1. Counter-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Counter-Complaint.

2. With respect to Paragraph 2 of the Counter-Complaint, Counter-Defendants admit that they contracted with the Counter-Plaintiff on or about December 3, 2004, and that Exhibit 1 to the Counter-Complaint reflected part of the contract between Counter-Defendants and Counter-Plaintiff. The contract also included oral agreements.

3. Counter-Defendants admit the allegations of Paragraph 3 of the Counter-Complaint, except that the Counter-Defendants agreed to pay an additional sum for kosher meat.

4. Counter-Defendants admit the allegations of Paragraph 4 of the Counter-Complaint.

5. Counter-Defendants admit the allegations of Paragraph 5 of the Counter-Complaint.

6. Counter-Defendants deny the allegations of Paragraph 6 of the Counter-Complaint and note that Exhibit 1 prescribes either payment or "guarantee by credit card."

7. Counter-Defendants admit the allegations of Paragraph 7 of the Counter-Complaint regarding the payments made by them to the Counter-Plaintiff but deny that they failed to make any payments required by the Contract.

8. Counter-Defendants deny the allegations of Paragraph 8 of the Counter-Complaint.

9. With respect to Paragraph 9 of the Counter-Complaint, Counter-Defendants admit that they received an invoice including a $2200 credit and that Exhibit 2 is a copy of the said invoice. The invoice also included a $500 surcharge for "Kosher Meat."

10. Counter-Defendants deny the allegations of Paragraph 10 of the Counter-Complaint. For reasons stated in the Counter-Defendants' Complaint, no balance is due to the Counter-Plaintiff.

11. With respect to Paragraph 12 of the Counter-Complaint, Counter-Defendants admit entering into a contract with the Counter-Plaintiff but deny that all terms of the contract were written.

12. Counter-Defendants deny the allegations of Paragraph 13 of the Counter-Complaint.

13. Counter-Defendants admit that the language quoted in Paragraph 14 of the Counter-Complaint is recited on Counter-Plaintiff's invoice but deny that it was part of any contract between the parties and that it is applicable to a situation in which the Counter-Plaintiff's conduct rendered its service damaging and worthless.

14. Counter-Defendants deny the allegations of Paragraph 15 of the Counter-Complaint.

15. Counter-Defendants admit that Mr. Siegel made, in substance, the statements alleged in Paragraph 18 of the Counter-Complaint to employees of the Counter-Plaintiff on the evening of April 2, 2005, but deny that the statements were false or defamatory and that they were published to anyone other than to the Counter-Plaintiff's employees. The statements were provoked by wrongful acts of the Counter-Plaintiff described in the Counter-Defendants' Complaint and by the conduct of the Counter-Plaintiff's employees in secreting several cases of expensive wine and champagne and representing to Mr. Siegel that all the wine he had purchased for the event had been consumed.

16. Counter-Defendants deny the allegations of Paragraph 19 of the Counter-Complaint.

17. Counter-Defendants deny the allegations of Paragraph 20 of the Counter-Complaint.

18. Counter-Defendants deny the allegations of Paragraph 21 of the Counter-Complaint.

19. Counter-Defendants deny the allegations of Paragraph 22 of the Counter-Complaint.

20. Counter-Defendants deny the allegations of Paragraph 23 of the Counter-Complaint.

21. Counter-Defendants deny the allegations of Paragraph 24 of the Counter-Complaint.

22. Counter-Defendants deny the allegations of Paragraph 25 of the Counter-Complaint.

23. With respect to Paragraph 26 of the Counter-Complaint, the Counter-Defendants deny that any statements made by Mr. Siegel were false or defamatory and are without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 26.

24. With respect to Paragraph 27 of the Counter-Complaint, the Counter-Defendants deny that any statements made by Mr. Siegel were false or defamatory and are without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 27.

25. Counter-Defendants admit the allegations of Paragraph 29 of the Counter-Complaint.

26. Counter-Defendants admit the allegations of Paragraph 30 of the Counter-Complaint.

27. With respect to Paragraph 31 of the Counter-Complaint, Counter-Defendants deny that Mr. Siegel acted improperly and are without knowledge or information sufficient to form a belief regarding the remaining allegations of Paragraph 31.

32. Counter-Defendants deny the allegations of Paragraph 32 of the Counter-Complaint.

## AFFIRMATIVE DEFENSE TO COUNT 1

The contract between the parties was breached by the Counter-Plaintiff, and not by the Counter-Defendants. The Counter-Defendants had no legal obligation to pay for services that were rendered worthless by the Counter-Plaintiff. The Counter-Plaintiff is liable to the Counter-Defendants for substantial damages for its breach of the contract.

## AFFIRMATIVE DEFENSES TO COUNT 2

### FIRST DEFENSE

The allegedly false and defamatory statements specified in Paragraph 18 of the Counter-Complaint were, in their natural and ordinary meaning, true in substance and in fact.

### SECOND DEFENSE

The statements specified in Paragraph 18 of the Counter-Complaint were justified statements of Mr. Siegel's honest opinion rather than statements of fact and cannot, therefore, be the basis for the tort of defamation.

### THIRD DEFENSE

The statements specified in Paragraph 18 of the Counter-Complaint were provoked by wrongful and harmful conduct of the Counter-Plaintiff in significantly marring the wedding reception of the daughter of the Counter-Defendants.

## FOURTH DEFENSE

The statements specified in Paragraph 18 of the Counter-Complaint were made only to the Counter-Plaintiffs' employees and were not published to other parties.

## FIFTH DEFENSE

Counter-Plaintiff is a corporation and not a natural person and is not legally defamed by statements such as those specified in Paragraph 18 of the Counter-Complaint.

## AFFIRMATIVE DEFENSES TO COUNT 3

## FIRST DEFENSE

Counter-defendants are aggrieved consumers under the District of Columbia Consumer Protection Act and cannot be sued for criticizing violations of the Act and threatening to take legal action to enforce rights under the Act.

## SECOND DEFENSE

Any harm caused to the Counter-Plaintiffs among consumers in the community who seek Kosher catering services is attributable to the gross recklessness of the Counter-Plaintiffs in catering the event described in the Counter-Defendants' Complaint and not to the actions taken by the Counter-Defendants after their daughter's wedding was marred by the Counter-Plaintiff's conduct.

WHEREFORE, Counter-Defendants, Mark A. Siegel and Judith S. Siegel, request that the Counter-Complaint be dismissed with prejudice, and demand recovery of attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Dated: October 17, 2005

                                                                                                               
**NATHAN LEWIN**
**(DC BAR NO. 38299)**
**ALYZA D. LEWIN**
**(DC BAR NO. 445506)**
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000

*Attorneys for the Plaintiffs-*
*Counter-Defendants*