# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, and )
JUDITH S. SIEGEL, )
                                     )
*Plaintiffs and Counter-Defendants,* )
                                     )          **Civil Action No. 05-1717 (JGP)**
v. )
                                     )
RIDGEWELL'S, INC. )
                                     )
*Defendant and Counter-Plaintiff.* )
                                     )

## JOINT STATEMENT OF THE PARTIES

Pursuant to this Court's Order of September 30, 2005, the parties hereby submit this Joint Statement prior to the Initial Scheduling Conference.

The parties know of no conflict of interest or any other reason that assignment of this case to this Court is inappropriate.

The following paragraphs respond to the subjects enumerated in this Court's Order of September 30, 2005:

1.     This is an action for compensatory and punitive damages in which federal jurisdiction is based on diversity of citizenship. The plaintiffs' claims relate to the defendant's performance of a contract for catering services at a wedding reception and dinner. The plaintiffs allege that the defendant violated the District of Columbia Consumer Protection Act and breached its oral and written contract with the plaintiffs by serving shrimp, eel, and octopus and other foods that are known not to be kosher at the reception and dinner. The plaintiffs also claim that providing these foods to guests who expected no non-kosher foods to be served amounted to

"offensive contact" that constituted the tort of battery and inflicted severe emotional harm on the plaintiffs and their guests. The defendant contends that it did not make any misrepresentation nor fail to state any material fact in violation of the DC Consumer Protection Act in its dealings with the plaintiffs. Furthermore, the defendant contends that there was no oral or written contract to provide a kosher wedding reception and dinner, and in fact that such a contract was affirmatively rejected by plaintiffs. The defendant also contends that the consumption of sushi with shrimp does not constitute an offensive contact that inflicted emotional harm on the plaintiffs or their guests, and further contends that none of the "John or Jane Doe" plaintiffs exist, and therefore that none of those plaintiffs are proper parties to this lawsuit.

Defendant has filed a counter complaint alleging, among other things, that Plaintiffs/Counter Defendants Mark A. Siegel and Judith S. Siegel breached the contract with the defendant by failing to pay the balance due under the contract upon demand. The defendant also alleges that Plaintiff/Counter Defendant Mark A. Siegel knowingly made and published certain false and defamatory statements about the defendant intending to hurt its business and chances of obtaining kosher catering contracts in the community. The defendant further alleges that Plaintiff/Counter Defendant Mark A. Siegel's actions constitute an intentional interference with the defendant's prospective economic advantage in the kosher catering community. The counter-defendants deny that any balance was due, allege that any statements made were true and were not published, and deny that the tort of interference with prospective economic advantage was committed.

2.    There are no pending motions.

3.    No amendments to the pleadings are contemplated at this time.

4.     The parties agree that the case should not be assigned to a Magistrate Judge for all purposes.

5.     The parties agree that settlement prior to discovery is not a realistic possibility.

6.     The parties agree that discovery should not be stayed. The parties will advise the Court if ADR procedures appear useful after discovery.

7.     The parties agree that the case might be resolved by summary judgment, in whole or in part, as the case proceeds. If such a motion is filed, the parties will request a hearing.

8.     The parties agree that subject to the provisions of the Federal Rules of Civil Procedure information will be exchanged by formal discovery requests.

9.     The plaintiffs contemplate a request for production of the defendant's relevant records, a request for admissions, 25 written interrogatories to the defendant, and approximately six depositions on oral examination of officers, employees, and independent contractors of the defendant. Plaintiffs also contemplate depositions on oral examination of any experts identified by the defendant. The defendant contemplates document requests, interrogatories to each of the plaintiffs, requests for admission, taking the deposition of each plaintiff, as well the deposition of four to six other fact witnesses. The defendant also contemplates depositions on oral examination of any experts identified by the plaintiff. The parties reserve the right to change this discovery list upon further discovery. The parties agree that, at present, there is no need for a protective order. In the absence of unresolvable discovery disputes, the parties agree that discovery can be completed by May 31, 2006.

10.    The plaintiffs will provide expert witness information on or before January 31, 2006. The defendant will provide expert witness information on or before February 28, 2006.

11.    The parties agree that no bifurcation of the trial is necessary.

3

12.     The parties tentatively propose July 31, 2006, as the date for a pretrial conference.

13.     The parties agree that the Court should set a trial date at a later status hearing.


Date:   November 1, 2005


| _____/s/_____ | _____/s/_____ |
Jeffrey M. Schwaber (DC Bar No. 419681)      Nathan Lewin (DC Bar No. 38299)
Ivonne C. Lindley (DC Bar No. 485577)        Alyza D. Lewin (DC Bar No. 445506)
Stein, Sperling, Bennett, De Jong, et al     Lewin & Lewin, LLP
25 West Middle Lane                          1828 L Street, N.W., Suite 901
Rockville, MD 20850                          Washington, D.C. 20036
(301) 340-2020                               (202) 828-1000

*Attorneys for Defendant-Counter Plaintiff*   *Attorneys for the Plaintiffs-Counter
                                              Defendants*