THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendant,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

## MOTION TO DISMISS
### PLAINTIFFS JOHN DOE 1-25 AND PLAINTIFFS JANE DOE 1-25

Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. P. 7 and Fed. R. Civ. P. 17, hereby moves to dismiss this action as to Plaintiffs John Doe 1 through 25 and Jane Doe 1 through 25 (collectively the "John and Jane Doe Plaintiffs") on the grounds that they do not exist and are not proper parties to the lawsuit, and in support of thereof states as follows:

**I.      BACKGROUND FACTS**

The claims in this matter arise out of a contract between Ridgewells and Plaintiffs Mark A. and Judith S. Siegel to provide catering services for a wedding reception held on April 2, 2005 at the Corcoran Galley of Art (the "Siegel Wedding Reception"). Plaintiffs Mark A. and Judith S. Siegel, together with the groom and bride Craig D. and Rebecca Siegel Baron (collectively the "Named Plaintiffs") allege, among other things, that Ridgewells breached the contract by providing non-kosher food to them and to their guests at the Siegel Wedding Reception.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

The John and Jane Doe Plaintiffs allegedly were guests at the Siegel Wedding Reception who observe Jewish religious dietary laws. The John and Jane Doe Plaintiffs claim that Ridgewells allegedly intentionally battered and inflicted emotional distress upon them by serving non-kosher food at the Siegel Wedding Reception. The Complaint alleges that the identities of the John and Jane Doe Plaintiffs are "unknown but will be determined in the course of this litigation."

Ridgewells contends that there was no contract to provide a kosher wedding reception and dinner, and in fact that such a contract was offered but affirmatively rejected by the Named Plaintiffs. Ridgewells further contends that any consumption of non-kosher foods could not constitute a battery or inflict emotional harm on anyone under the circumstances alleged herein. Finally, Ridgewells contends that none of the John or Jane Doe Plaintiffs exist, and therefore that none of them are proper parties to the lawsuit.

## II.  STATEMENT OF POINTS AND AUTHORITIES

Fed. R. Civ. P. 17 requires that a lawsuit be brought in the name of a real party in interest. Although the Rule contemplates allowing parties time for joinder or substitution of real parties in interest, the rule is "intended to prevent forfeiture when determination of the proper party to sue is _difficult_ or when an _understandable mistake_ has been made." Fed. R. Civ. P. 17, 28 U.S.C.A., Notes of Advisory Committee on Rules, 1966 Amendment (emphasis added). The purpose of the rule "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as _res judicata_." Fed.R.Civ.P. 17, 28 U.S.C.A., Notes of Advisory Committee on Rules, 1966 Amendment (emphasis in the original).

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

The John and Jane Doe Plaintiffs are alleged to have been guests at the Siegel Wedding Reception. These guests were therefore family, friends, or at the very least, acquaintances of the Named Plaintiffs. The wedding guests all fit into one room and are easily identifiable. Many were not Jewish. Most others did not observe kosher dietary restrictions. Before filing the Complaint, it would be neither difficult nor impractical for the Named Plaintiffs to identify and locate their family, friends, or acquaintances who allegedly were battered and emotionally distressed by Ridgewells at the Siegel Wedding Reception. In fact, there is no basis for believing any such guests exist based on these allegations.

Allowing the John and Jane Doe Plaintiffs to remain in this lawsuit unnecessarily and unduly burdens Ridgewells. For example, Ridgewells cannot propound discovery upon the John and Jane Doe Plaintiffs, nor can it serve them with Notices of Deposition. There were approximately 250 guests at the Siegel Wedding Reception. Ridgewells cannot be expected to incur the time and expense of noting the depositions of every guest at the Siegel Wedding Reception in order to discover who may or may not have allegedly been battered and harmed. Similarly, Ridgewells should not be required to sit idly and wait for yet-to-be-identified Plaintiffs to rear their heads and voice their unique concerns.

There is no reason why the Named Plaintiffs cannot receive relief without joining the John and Jane Doe Plaintiffs. Any guest at the Siegel Wedding Reception who believes he/she was somehow aggrieved by Ridgewells can bring whatever claim he/she believes is appropriate.

Ridgewells contends that no John nor Jane Doe Plaintiff exists. It is not Ridgewells' burden to prove otherwise, in the face of fifty (50) purported individual but unidentified claims against it in this lawsuit. The John and Jane Doe Plaintiffs are not proper parties to the lawsuit, and should be dismissed.

WHEREFORE, in consideration of the foregoing grounds, and the record herein, Defendant, Ridgewell's Inc., respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss Plaintiffs John Doe 1 through 25 and Jane Doe 1 through 25, plus any other and further relief deemed necessary.

          STEIN, SPERLING, BENNETT, DE JONG,
          DRISCOLL & GREENFEIG, P.C.

By: _____/ s /_____
Jeffrey M. Schwaber (D.C. Bar No. 419681)
Ivonne C. Lindley (D.C. Bar No. 485577)
25 West Middle Lane
Rockville, MD 20850
(301) 340-2020
(301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

NOTICE OF MOTION

Please take notice, that the undersigned will bring the above motion for hearing before this Court at Room 15, United States District Court for the District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001, on the 6th day of December, 2005 at 3:00 p.m. pursuant to the Court Order entered November 10, 2005.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2005, a copy of the foregoing Motion to Dismiss Plaintiffs John Doe 1 through 25 and Jane Doe 1 through 25 was sent via facsimile and mailed, first class, postage prepaid, to the following person(s):

>Nathan Lewin (D.C. Bar No. 38299)
>Alyza D. Lewin (D.C. Bar No. 445506)
>Lewin & Lewin, LLP
>1828 L Street, N.W., Suite 901
>Washington, DC 20036

>/ s /
>Ivonne C. Lindley

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250-1.MOTION.DismissDoes.rev.doc

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020