UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/ Counter-Defendants,* ) | |
| ) | Civil Action No. 05-1717 (JGP) |
| v. ) | |
| ) | |
| RIDGEWELL'S, INC. ) | |
| ) | |
| *Defendant/ Counter-Plaintiff.* ) | |
| ) | |

PLAINTIFFS' MEMORANDUM IN
RESPONSE TO DEFENDANT'S
MOTION TO DISMISS "DOE" PLAINTIFFS

In an effort fully and fairly to apprise Ridgewell's of the nature of the claims being made against it in this case and to avoid any future allegation of surprise, the plaintiffs added to the caption and body of their complaint 25 male and 25 female "Doe" plaintiffs whose identities had not been determined by the plaintiffs at the time the complaint was filed. The plaintiffs knew that wedding guests who personally maintained observance of Jewish dietary laws had unknowingly consumed non-kosher sushi consisting of shrimp, eel, or octopus during the wedding reception and that some of these wedding guests would want to join a legal action against Ridgewell's. The inclusion of the "Doe" plaintiffs was designed to give Ridgewell's fair warning that these claims would be made in this litigation.

Ridgewell's now asserts "that no John nor Jane Doe Plaintiff exists" and that it wants the yet unknown plaintiffs to be dismissed as "Doe" parties. In response, we are filing a Motion for Leave To File an Amended Complaint in which two named wedding

guests are joined as individual plaintiffs. Since Ridgewell's is now on notice that other individual plaintiffs may join in the future as they learn of the litigation and want to recover tort damages against Ridgewell's, we have dropped, as unnecessary, the "John Doe" and "Jane Doe" plaintiffs from the complaint.

Ridgewell's cites Rule 17(a) in support of its Motion To Dismiss the "Doe" plaintiffs. In fact, Rule 17(a) does not apply to this case because that Rule concerns identification of the "real party in interest." See, *e.g.*, this Court's decision in *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999). This lawsuit has indisputably been brought by the "real parties in interest" – the bride's parents who contracted with Ridgewell's, and the bride and groom. There are, however, *additional* potential "real parties in interest," and they may be added by amendments to the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. See, *e.g.*, *M.K. v. Tenet,* 216 F.R.D. 133 (D.D.C. 2002); *Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14 (D.D.C. 2003); cf. *Anderson v. USAA Cas. Ins. Co.,* 218 F.R.D. 307 (D.D.C. 2003) (amendment to add defendants).

Ridgewell's claims that it "cannot propound discovery upon the John and Jane Doe Plaintiffs, nor can it serve them with Notices of Deposition." Now that two individuals have identified themselves as "Doe" plaintiffs, discovery may be sought with respect to them. And as future "Doe" plaintiffs are identified, motions may be made under Rule 15 to amend the complaint to join them as plaintiffs in this case. Ridgewell's claimed rights will, therefore, be fully protected as the named lead plaintiffs continue to discover which of their wedding guests (1) personally keep a religiously observant kosher diet and (2) unwittingly ate sushi that may have contained shrimp, eel, or octopus.

For the foregoing reasons, the relief requested by the defendant in its current motion should be denied as moot.

Date:   November 29, 2005

Respectfully submitted,

_____
Nathan Lewin (DC Bar No. 38299)
Alyza D. Lewin (DC Bar No. 445506)
Lewin & Lewin, LLP
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
202-828-1000

*Attorneys for the Plaintiffs-Counter Defendants*