# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

———

|  |  |  |
|---|---|---|
| **MARK A. SIEGEL**<br>**2134 Leroy Place N.W.**<br>**Washington, DC 20008** | ) ) ) ) | |
| **JUDITH S. SIEGEL**<br>**2134 Leroy Place N.W.**<br>**Washington, DC 2008** | ) ) ) ) | Civil Action No. 05-CV-1717 |
| **REBECCA SIEGEL BARON**<br>**400 West 58 Street**<br>**Apartment 3J**<br>**New York, NY 10019** | ) ) ) ) ) | |
| **CRAIG D. BARON**<br>**400 West 58 Street**<br>**Apartment 3J**<br>**New York, NY 10019** | ) ) ) ) ) | |
| **MICHAEL BERENBAUM**<br>**1124 South Orlando Ave.**<br>**Los Angeles, CA 90035** | ) ) ) ) | |
| **MELISSA PATACK**<br>**1124 South Orlando Ave.**<br>**Los Angeles, CA 90035** | ) ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | |
| **RIDGEWELL'S, INC.**<br>**5525 Dorsey Lane**<br>**Bethesda, MD 20816** | ) ) ) ) | |
| *Defendant.* | ) | |

# FIRST AMENDED COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

———

## NATURE OF ACTION

1.      This is an action brought by the purchasers and consumers of food served by a leading caterer in the Washington, D.C., area that represented to the Plaintiffs that the food being served at a wedding reception held at the Corcoran Gallery of Art on April 2, 2005, was kosher. In fact, as a result of the Defendant's willful disregard of the religious convictions of the Plaintiffs and the Defendant's gross recklessness and negligence, shrimp, octopus, and eel – all of which are well-known to be non-kosher forbidden foods – were served at the wedding reception. In addition, cheese (which is a dairy product) was served simultaneously with meat dishes in violation of the commitment of the Defendant that all foods served at the reception would be non-dairy or "pareve."

2.      This action seeks compensatory and punitive damages under the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 *et seq.* It also seeks damages for breach of contract, fraud, battery and infliction of severe emotional distress.

## JURISDICTION AND VENUE

3.      Plaintiffs Judith Siegel and Mark Siegel are citizens and residents of the District of Columbia. Plaintiffs Rebecca and Craig Baron are citizens and residents of the State of New York. Plaintiffs Michael Berenbaum and Melissa Patack are citizens and residents of California. Defendant is incorporated in the State of Delaware and maintains its principal place of business in the State of Maryland. There is complete diversity of citizenship between the Plaintiffs and the Defendant.

4.      The matter in controversy exceeds the sum or value of Seventy-Five

Thousand Dollars ($75,000).

5.    This Court has jurisdiction of this action under 28 U.S.C. § 1332.

6.    This action relates to statutory violations, torts and breach of contract committed at the Corcoran Gallery of Art located at 17th and E Streets in Northwest Washington, DC. Venue in this Court rests on 28 U.S.C. § 1391(a)(2).

## PARTIES

7.    Plaintiffs Mark A. Siegel and Judith S. Siegel are residents of the District of Columbia who contracted with the Defendant on or about December 3, 2004, for catering services for the wedding reception of their daughter Rebecca to be held at the Corcoran Gallery of Art on the evening of April 2, 2005.

8.    Plaintiff Rebecca Siegel Baron was the bride at the wedding held at the Corcoran Gallery of Art on the evening of April 2, 2005.

9.    Plaintiff Craig D. Baron was the groom at the wedding held at the Corcoran Gallery of Art on the evening of April 2, 2005.

10.    Plaintiffs Michael Berenbaum and Melissa Patack were guests at the wedding held at the Corcoran Gallery of Art on the evening of April 2, 2005, who personally observe the Jewish religious dietary laws and who would not, for reasons of religious observance, eat shrimp, octopus, or eel, but who may have eaten sushi containing shrimp, octopus, or eel. Michael Berenbaum and Melissa Patack were told that the food served at the reception and at the dinner meal would not have non-kosher components such as shrimp, eel or octopus. Michael Berenbaum and Melissa Patack consumed food from the sushi platters at the wedding reception on the evening of April 2, 2005, in the mistaken belief, based on Defendant's representation, that no non-kosher

food was served at the wedding reception.  Michael Berenbaum and Melissa Patack have experienced emotional distress and anxiety over the likelihood that they consumed food that was not kosher.  Subjecting them to the consumption of foods that they find repulsive, such as shrimp, eel and octopus constitutes "offensive contacts" by the Defendant.

11.    Defendant Ridgewell's, Inc., is a corporation organized under the laws of Delaware with its principal office at 5525 Dorsey Lane, Bethesda, Maryland. Defendant Ridgewell's is in the business of providing catering services in the Greater Washington, D.C. area. At all relevant times, Defendant Ridgewell's, Inc., maintained a "Kosher Catering Division" employing, among others, Toby Nann, Dina Silnickey, and Julie Staley.

## ARRANGEMENTS FOR A KOSHER WEDDING RECEPTION

12.    Plaintiffs Mark A. Siegel and Judith S. Siegel contacted Defendant's "Kosher Catering Division" when their daughter Rebecca became engaged to Craig Baron, whose family and many close relatives maintain a kosher diet because of religious observance of Jewish dietary laws.

13.    Plaintiffs Mark A. Siegel and Judith S. Siegel explicitly requested that the reception and wedding dinner for their daughter Rebecca's wedding be kosher and not have any non-kosher foods. They explicitly asked that the meat and poultry served at the reception and dinner be kosher, that no dairy product be served at the reception or the meal to conform with Jewish dietary laws, and that no shellfish or non-kosher fish be served as hors d'oeuvres at the reception.

4

14.     Toby Nann, an "event designer" employed by the Defendant, met with Plaintiffs Mark A. Siegel and Judith S. Siegel on numerous occasions to discuss and review the menu. Ms. Nann told the Plaintiffs that she had occupied the position of kosher food supervisor ("mashgiach") at Ohr Kodesh Congregation in Chevy Chase, Maryland, and that she was fully familiar with the Jewish religious dietary rules ("kashruth").

15.     On December 3, 2004, Plaintiff Judith S. Siegel signed a contract with Defendant Ridgewell's, Inc., under which Defendant was to provide the catering service for the wedding to be held at the Corcoran Gallery of Art on April 2, 2005. A copy of the contract is Exhibit 1 to this Complaint.

16.     In order to comply with the requirements of the religious Jewish dietary laws, the "Sushi Station" for hors d'oeuvres (page 2 of Exhibit 1) was to include only: "Yellow Fin Tuna, Salmon, Crisp Veggie Assortment, Pickled Ginger, Wasabi, and Soy Scallion Sauce." Shellfish, including shrimp, octopus, and eel, were to be excluded from the "Sushi Station" in order to satisfy the religious dietary rules of the groom's family and other wedding guests.

17.     The "Gourmet Bread Baskets" at the Wedding Dinner were to be "Served With Margarine" (Exhibit 1, page 5) so as to avoid butter or any dairy product that would violate the Jewish dietary laws against combining a dairy product with a meat meal.

18.     The coffees and teas at the Dinner were to be "Served With Non Dairy Creamer" (Exhibit 1, page 6) so as to avoid a milk or dairy product that would violate the Jewish dietary laws against combining a dairy product with a meat meal.

19.     On or about February 26, 2005, Plaintiffs attended a "tasting" at which Ms. Nann, on behalf of the Defendant, provided samples of the foods that were to be served at the reception and dinner to be held on April 2, 2005. The sushi served at the "tasting" contained only the fish specified in Exhibit 1. No shrimp, octopus, or eel was served at the "tasting."

20.     The family of the groom and the invited guests were advised by Plaintiffs that arrangements had been made to have the reception and dinner only include kosher food and that neither non-kosher food nor dairy products would be served at the reception and dinner on April 2, 2005.

## THE EVENTS OF APRIL 2, 2005

21.     The wedding guests gathered on the evening of April 2, 2005, at the Corcoran Gallery of Art.  A traditional Jewish wedding ceremony was held, and Rebecca Siegel was married to Craig Baron.

22.     Following the ceremony, the guests proceeded to the third floor of the Gallery where the hors d'oeuvres stations were located.

23.     The groom's mother observed that shrimp was being served at the "Sushi Station." She was extremely distressed at this violation of her religious dietary observance. She immediately notified Plaintiff Judith S. Siegel that shrimp was being served at the "Sushi Station."

24.     Plaintiffs Mark A. Siegel and Judith S. Siegel verified that, in fact, contrary to their explicit instructions, contrary to the terms of the contract, and contrary to the representations of the Defendant that no non-kosher food would be served, shrimp

was included in the hors d'oeuvres. Guests who were unaware that non-kosher food was being served consumed some of the non-kosher hors d'oeuvres.

25.    Plaintiffs Mark A. Siegel and Judith S. Siegel promptly notified Ms. Nann, who was present on the premises. She apologized and arranged for the removal of the sushi that was then at the "Sushi Station."

26.    Ms. Nann replaced the sushi at the "Sushi Station" with other trays of sushi. Although there did not appear to be any shrimp on the second tray, it did contain octopus and eel. Guests who were unaware of the contents of this sushi tray consumed some of it.

27.    Ms. Nann and anyone remotely familiar with Jewish dietary laws knows that shrimp, octopus, and eel are not kosher and cannot be eaten in accordance with Jewish religious dietary laws.

28.    Plaintiff Mark A. Siegel also tasted a salmon canapé from a tray being passed during the reception by a waitress. According to the Contract (Exhibit 1, page 2), salmon canapés were to be served "On Black Bread Garnished With Capers" and were not to contain any dairy product such as cream cheese. The salmon canapé tasted by Mr. Siegel included cream cheese, which is a dairy product that could not be served together with the meat hors d'oeuvres according to Jewish dietary laws. When asked what she was serving, the waitress replied, "Smoked salmon and cream cheese on black bread." Serving any dairy product violated the agreement between the Plaintiffs Mark A. Siegel and Judith S. Siegel and the Defendant and infringed the Jewish dietary rules. Plaintiff Mark A. Siegel immediately took the tray from the waitress to prevent future service of

this dairy product to wedding guests, and he complained about this use of a dairy product to Ms. Nann.

29.     At the "tasting" performed for Plaintiffs Mark A. Siegel and Judith S. Siegel on February 26, 2005, the salmon canapés were served on black bread with no spread.

30.     Contrary to the commitment in the Contract (Exhibit 1, p. 5) and the explicit request made on the evening of April 2, 2005, by Plaintiff Mark A. Siegel, no margarine was served with the "Bread Baskets." On information and belief, the failure to serve margarine was attributable to the fact that Defendant had brought only butter, a dairy product, to the event and, in light of Plaintiff Mark A. Siegel's objection to the presence of cream cheese, Defendant determined prior to the Dinner to remove butter, which was the spread it had available, from the "Bread Baskets."

31.     Plaintiff Rebecca Siegel complained on the evening of April 2, 2005, to Ridgewell's employee Julie Staley, who was present at the event, that Ridgewell's had marred her wedding. Ms. Staley replied, in substance, that it was completely Ridgewell's fault, and nothing she could say could make the situation any better.

32.     A beautiful and memorable event such as the wedding of Rebecca and Craig was severely marred by the willful disregard and recklessness of the Defendant in serving food that was known to be non-kosher. Guests who maintain a kosher diet out of religious observance may have consumed food that violated their religious rules, many guests were prevented from enjoying their meals, and some guests refused to eat entrees at the dinner. The joy of the parents of the bride and groom was ruined.

## THE DEFENDANT'S RESPONSE

33..    Plaintiff Mark A. Siegel protested to the Defendant's president Tom Keon after the event and noted that his family had been embarrassed and humiliated by the provision of non-kosher food and by the serving of dairy in violation of the Contract. Mr. Keon replied that Defendant would deduct the charge for the sushi from the total catering cost of the wedding reception and dinner, but would make no other financial accommodation or apology.

34.    Plaintiff Mark A. Siegel had become very angry on the evening of April 2, 2005, when he discovered that non-kosher food was being served at his daughter's wedding reception in violation of the Contract with the Defendant and the representations he had made to the parents of Craig Baron and to invited guests.  Mr. Siegel had raised his voice and made remarks that might, in other circumstances, have been unseemly and inappropriate. Mr. Keon claimed that Mr. Siegel had been "vulgar" to his staff and threatened to make that allegation public if legal action were taken.

35.    Appended to this Complaint as Exhibit 2 is the Invoice sent to Plaintiff Mark A. Siegel on April 6, 2005. It adds $500.00 to the food bill for "Kosher Meat" and grants a credit of $2,200 for the sushi.

## FIRST CLAIM
## (DISTRICT OF COLUMBIA CONSUMER PROTECTION ACT)

36.    The allegations of Paragraphs 12 through 35 are realleged and reaffirmed.

37.    Defendant is a "merchant" within the meaning of DC Code § 28-3901(a)(3), being engaged in the District of Columbia in the sale of food and catering services.

38.    All the Plaintiffs are "consumers" within the meaning of DC Code § 28-3901(a)(2), being persons who (a) purchased or received from the Defendant food served by the Defendant at the Corcoran Gallery of Art on April 2, 2005, and (b) purchased or received catering services from the Defendant.

39.    Defendant engaged in the trade practice of furnishing, making available, providing information about, and offering food and catering services to consumers.

40.    Through various means including, but not limited to, the advertisement of "Ridgewell's Kosher Catering Division" and the representations of its employees Toby Nann, Julie Staley, and Dina Silnickey, the Defendant represented to the public and to the Plaintiffs that it was capable of providing receptions and dinners that were "kosher" – *i.e.,* that satisfied the requirements of Jewish religious dietary laws.

41.    Anyone familiar to any degree whatever with Jewish religious dietary laws knows that such laws prohibit the consumption of (a) shrimp, (b) octopus, or (c) eel.

42.    Anyone familiar to any degree whatever with Jewish religious dietary laws knows that such laws prohibit the consumption of a dairy product such as cream cheese or butter together with a meat meal.

43.    In violation of D.C. Code § 28-3904(a), the Defendant engaged in the trade practice of misrepresenting that the food to be catered and provided for the wedding reception and dinner on April 2, 2005, had characteristics, ingredients, and benefits that the food did not have – *i.e.,* that the food was kosher and had no non-kosher contents.

44.    In violation of D.C. Code § 28-3904(b) the Defendant engaged in the trade practice of misrepresenting that it had an approval, status or affiliation that it did not have – *i.e.,* the status, expertise and approval to be able to provide a catered kosher event.

45.     In violation of D.C. Code § 28-3904(d), the Defendant engaged in the trade practice of misrepresenting that the food it would be providing for the wedding reception and dinner on April 2, 2005, was of a particular standard, quality and grade – *i.e.,* that it met the standard, quality and grade required by the religious Jewish dietary laws to be considered "kosher."

46.     In violation of D.C. Code § 28-3904(e), the Defendant engaged in the trade practice of misrepresenting material facts that had a tendency to mislead – *i.e.,* that the sushi served on the evening of April 2, 2005, did not contain any ingredient that is prohibited under the Jewish dietary laws, and that no dairy product was being served together with meat dishes.

47.     In violation of D.C. Code § 28-3904(f), the Defendant engaged in the trade practice of failing to state a material fact and that failure tended to mislead – *i.e.,* the Defendant failed to state that the sushi served on April 2, 2005, contained shrimp, octopus, and eel, and that cream cheese was being served at the same time as hors d'oeuvres containing meat.

48.     The Plaintiffs have been harmed by the Defendant's use of the above prohibited trade practices, and have suffered substantial damages as a result thereof.

## SECOND CLAIM
## (BREACH OF CONTRACT)

49.     The allegations of Paragraphs 12 through 35 are hereby realleged and reaffirmed.

50.     By serving shrimp, octopus, and eel at the "Sushi Station" and by serving dairy ingredients at the reception, the Defendant breached its Contract with Plaintiffs

Mark A. Siegel and Judith S. Siegel to provide only kosher foods for the Wedding Reception on April 2, 2005.

51.    These breaches were of the essence of the contract to cater the wedding of the daughter of Plaintiffs Mark A. Siegel and Judith S. Siegel. Defendant's breaches render the Defendant's performance totally worthless and entitle Plaintiffs Mark A. Siegel and Judith S. Siegel to the return of all funds heretofore paid on the contract and to the recovery of damages for the consequences of Defendant's breaches.

**THIRD CLAIM**
**(BATTERY)**

52.    The allegations of Paragraphs 12 through 35 are hereby realleged and reaffirmed.

53.    Many of the guests at the wedding held on the evening of April 2, 2005, are conscientiously committed to observance of Jewish dietary laws and would never knowingly eat shrimp, octopus, or eel.  Subjecting such persons to the consumption of shrimp, octopus, or eel produces an "offensive contact" with those persons.

54.    Plaintiffs Michael Berenbaum and Melissa Patack are wedding guests who were victims of "offensive contacts" with foods that they find repulsive such as shrimp, octopus, and eel.  They were victims of battery committed by the Defendant.

**FOURTH CLAIM**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

55.    The allegations of paragraphs 12 through 35 are hereby realleged and reaffirmed.

12

56.    Religiously observant wedding guests who unwittingly ate shrimp, octopus, or eel in violation of the Jewish dietary laws at the wedding reception of April 2, 2005, suffered a "physical impact" and incurred harm that is "serious" and "verifiable" within the meaning of *Sowell v. Hyatt Corp.*, 623 A.2d 1221 (D.C. App. 1993) (en banc).

57.    Severe emotional harm was done to Plaintiffs Michael Berenbaum and Melissa Patack by their possible consumption of shrimp, octopus, or eel.

58.    Plaintiffs Mark A. Siegel, Judith S. Siegel, Rebecca Siegel Baron and Craig D. Baron suffered severe emotional injury when the wedding ceremony they had anticipated was ruined by the reckless and negligent conduct of the Defendant.

59.    The harm described in paragraphs 56, 57, and 58 was caused by Defendant's recklessness and total disregard of the religious convictions of persons who observe the Jewish dietary rules and was a foreseeable consequence of that recklessness and disregard.

### PRAYERS FOR RELIEF

1.    On the First Claim, Plaintiffs Mark A. Siegel and Judith S. Siegel demand (a) $123,000, which is treble the approximate cost of the catering ($41,000) charged by the Defendant; (b) damages in such amount as the court and jury may determine for the severe harm done to them by the ruination of the celebration of their daughter's wedding; (c) punitive damages in an amount to be fixed by the Court; (d) an injunction against any repetition by the Defendant of a similar violation of a contractual obligation to abide by the Jewish dietary laws; and (e) attorneys' fees. The other Plaintiffs demand trebled actual damages and punitive damages.

2.      On the Second Claim, Plaintiffs Mark A. Siegel and Judith S. Siegel demand return of $27,500, which is the amount they have heretofore paid to the Defendant, and breach-of-contract damages for Defendant's failure to fulfill the terms of the Contract.

3.      On the Third Claim, Plaintiffs Michael Berenbaum and Melissa Patack demand actual damages caused by the alleged battery and punitive damages in an amount to be fixed by the Court.

4.      On the Fourth Claim, all Plaintiffs demand actual damages caused by the negligent infliction upon them of emotional distress.

5.      All Plaintiffs also demand recovery of attorneys' fees and costs and such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury.

Dated: November 29, 2005

_____
**NATHAN LEWIN**
**(DC BAR NO. 38299)**
**ALYZA D. LEWIN**
**(DC BAR NO. 445506)**
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000

*Attorneys for the Plaintiffs*

14

# EXHIBIT 1



Mr. & Mrs. Mark Siegel                 Date of Event:        Saturday, April 02, 2005
2134 Leroy Place, NW                   Location of Event:    Corcoran Gallery of Art
Washington, DC 20008                   Time of Event:        7:00 PM - 1:00 AM
                                       Number of Guests: 250
                                       Event I.D. Number: 285355
                                       Event Name:           Siegel Wedding Reception

Primary Phone: (202) 223-8490
E-mail:          MSiegel@ncen.com


## SIEGEL WEDDING RECEPTION


### AS YOUR GUESTS LEAVE THE CEREMONY
Waiters To Pass A Selection Of Hors D'oeuvres
Specialty Station Opens

### CROSTINI WITH ROASTED TENDERLOIN
Topped With A Creamy Horseradish Sauce

### CHICKEN SATE
Strips Of Chicken Breast Threaded On Bamboo Skewers Lightly Grilled
Offered With Peanut Dipping Sauce

### STUFFED MUSHROOM CAPS
Filled With A Mixture Of Sauteed Spinach And Sweet Onions
Served Warmed



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

### SMOKED SALMON CANAPES
Smoked Norwegian Salmon On Black Bread Garnished With Capers

### HOISIN DUCK CUPS
Oriental Hoisin Duck And Baby Leeks Presented In Delicate Phyllo Cups

### TUNA TARTARE CONES
Piped With Ginger Wasabi Mayonnaise
Served In Ceramic Bowls With Black And White Sesame Seeds

\*  \*  \*  \*

### SUSHI STATION
Your Guests Will Enjoy Both Sushi And California Rolls

### MADE TO ORDER
Assorted Freshly Rolled Sushi, Sashimi And Maki To Include
Yellow Fin Tuna ~ Salmon ~ Crisp Veggie Assortment
Pickled Ginger ~ Wasabi ~ Soy Scallion Sauce

\*  \*  \*  \*

### DELI DELIGHTS
Baskets Brimming With Miniature Finger Rolls
Filled With Pastrami With Deli Mustard
Turkey With Herb Mayonnaise
Corned Beef With Spicy Mustard



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

### SEASONAL FRESH VEGETABLE BASKET
A Mosaic Of Assorted Fresh Vegetables To Include Cucumber Wheels
Carrots, Celery, Broccoli, Cauliflower, Red And Green Pepper Strips
Offered With Ranch Dip

\*   \*   \*   \*

### A DIP INTO THE MEDITERRANEAN
Your Guests Will Enjoy A Variety Of Middle Eastern Delights

### RED PEPPER HUMMUS AND EGGPLANT SALAD
A Savory Dip Made Of Chick Peas, Tahini, Fresh Lemon Juice And Roasted Garlic
Eggplant Salad Made With Grilled Eggplant And Potted Herbs
Accompanied By Pita Triangles

### ARTICHOKE HEARTS
Spring Artichoke Hearts Are Marinated In Tarragon And Lemon

### MIXED HERB SPICE CURED OLIVES
A Rainbow Of Green, Purple, Black And Burgundy Olives

### SALAMI AND SAUSAGE
Served With Crusty Bread Medallions

### COLORFUL ROASTED VEGETABLES
Colorful Display Of Grilled Marinated Vegetables To Included:
Eggplant, Zucchini, Yellow Squash, Tomato, Red And Yellow Peppers
Onion And Carrots



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

* * * *

ORIENTAL EXPRESS STATION

SZECHUAN SESAME BEEF
Tender Beef Marinated In A Light Oriental Sauce

TERIYAKI CHICKEN STIR FRY
Stir-fried Marinated Chicken Is Tossed With Snow Pea Pods, Sweet Red Peppers
Scallions, Bamboo Shoots And Mushrooms
All Prepared In A Flavorful Oriental Sauce

PAD THAI NOODLES
Delicate Noodles, Stir-fried With Red Chilis, Crushed Peanuts
Bean Sprouts, Scallions, And Egg

FRIED RICE
Long Grained Rice Seasoned With Soy And Cilantro
Stir Fried With Julienned Vegetables

DIM SUM
Steamed Wontons Filled With Julienne Of Oriental Vegetables

* * * *

GUESTS INVITED FOR DINNER AND DANCING
In The Grand Ballroom



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

FOR THE MOTZI
A Beautiful Braided Challah Loaf

\* \* \* \*

FIRST COURSE TO BE SERVED PLATED:

TOSSED SALAD OF MIXED GREENS
Assorted Lettuces Of Romaine, Endive, Bibb And Watercress
With Button Mushrooms And Tender Hearts Of Palm
Drizzled With Balsamic Vinaigrette
Served With A Poppy Seed Twist

\* \* \* \*

FRENCH SERVICE OF MAIN COURSE:

DUAL ENTREE
Herb Crusted Salmon Medallion
Seared Beef Tenderloin With Crushed Peppercorns
Served With Bourbon Mushroom Sauce
Wild Mushroom Rissotto
Blue Lake Green Beans Sauteed With Slivered Almonds

GOURMET BREAD BASKETS
Brimming With Hand Made Olive Bread, Toasted Focaccia Rusks
Sliced Peasant And Crusty Sourdough Breads
Served With Margarine



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

\* \* \* \*

FOR A SWEET ENDING

\* \* \* \*

FOR EACH TABLE
Yours Guests Will Enjoy Strawberries Dipped In Chocolate
Petit Fours Fresh Strawberries And Florentine Cookies

REFRESHING RASPBERRY SORBET
Scoops Of Homemade Raspberry Sorbet
Garnished With Fresh Mint

IT'S TIME TO CUT THE CAKE

BEAUTIFULLY DECORATED WEDDING CAKE
Devils Food Cake Iced With Creamy Buttercream
Served On A Pool Of Chocolate Sauce

\* \* \* \*

COFFEE AND TEA SERVICE
Freshly Brewed Decaffeinated Coffee And Assorted Teas
Served With Non Dairy Creamer, Sugar, Equal And Sweet & Low

\* \* \* \*



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355


FOR THE BAR
Client To Provide All Alcoholic And Nonalcohlic Beverages
Ridgewells To Provide Lemons, Limes Cocktail Fruits And Ice Cubes



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

### FOOD:

Menu as described to include only the freshest of ingredients, prepared with unparalleled care and creativity.

Please note:  There are 190 each hors'd to be passed during the cocktail recpetion. Stations will have a staff person in attendence to replenish the stations up until the end of the reception time.

The quantities to be adjusted proportionately if the count increases or decreases.

### SETUPS:

Client to provide all alcoholic and nonalcoholic beverages for the bar and for dinner. Ridgewells to provide lemons, limes, cocktail fruits and ice cubes.

### EQUIPMENT:

Each piece is carefully selected from Ridgewells' private inventory to beautifully enhance your event.  Tables, chairs, linens, china, glassware, stemware, silverware, and appropriate kitchen equipment have been included in this proposal.

### SERVICE PERSONNEL:

Service personnel will include: 3 Bartenders, 24 French Service Servers, 4 Kitchen Assistants, 1 Kitchen Supervisor, 2 Pantrys, 1 Server Supervisor, and 2 Warehouse Driver/pick Ups.

The service time within this proposal is an estimate based on your scheduled event time, as well as set-up and clean-up.  Should there be changes in the time of the function, or number of guests, additional charges will be reflected in your final invoice

### SALES TAXES:

All applicable sales taxes will be charged unless customer can present a valid tax



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

exemption certificate for the jurisdiction of the event location. Please forward a copy
of your exemption certificate to your Ridgewells' event designer.



Mr. & Mrs. Mark Siegel
Saturday, April 02, 2005
Event I.D. Number: 285355

## ESTIMATED SUMMARY OF COSTS
### Based on 250 Guests

Ridgewells Charges:

| | | | |
|---|---|---|---|
| Food | | $ | 16,621.15 |
| Setups | | | 58.80 |
| Equipment | | | 12,923.45 |
| Staff | | | 11,370.00 |
| Ridgewells Subtotal: | | $ | 40,973.40 |

Other Charges:

| | | | |
|---|---|---|---|
| Adjustments & Discounts | | | -4,421.43 |
| Taxes Excluding Delivery Charge | | | 3,325.65 |
| Grand Total: | | $ | 39,877.62 |
| Delivery | | | 100.00 |
| Fuel Surcharge | | | 15.00 |
| Balance Due: | | $ | 39,992.62 |

Requested Deposit Due: Tuesday, December 28, 2004 in the Amount of: $9,500.00
Requested Deposit Due: Tuesday, February 15, 2005 in the Amount of: $9,000.00
Requested Deposit Due: Monday, March 28, 2005 in the Amount of: $9,000.00

Toby Nann
Date Prepared: 12/02/2004

**CONFIRMATION & DEPOSIT:**

*Please sign this agreement in the space provided below and return it with the amount due indicated above to: Ridgewells, Inc., Attn: Accounting Department. The rates and charges utilized in preparing this estimate are guaranteed upon execution of this agreement, and for 30 days from the date the agreement was prepared. Any changes must be made at least 5 working days prior to your event. These changes will be reflected in your final bill. Payment of an events unpaid balance is required 3 days prior to the date of the event, or guaranteed by credit card. Failure to do so may result in the cancellation of this agreement. You may charge your deposit and any balance due to your VISA, MASTERCARD, DISCOVER, or AMERICAN EXPRESS.*

ACCEPTED BY: _Judith S. Sy_____     DATE: _12-13/04_

CARD PREFERENCE:  VISA/MASTERCARD/AMEX/DISCOVER (Please Circle One)

Expiration Date: _____     Amount Charged: $ _9,500_

Account Name: _Judith S. Siegel_     Phone: _____

Account Number _____

EXHIBIT 2



# invoice
for billing inquiries, please call 301 907 3721

MARK SIEGEL
2134 LEROY PLACE, N.W.
WASHINGTON, DC 20008

| | |
|---|---|
| ACCOUNT# | 514357 |
| INV DATE | 04/06/05 |
| INVOICE # | 285355 |
| SALES PERSON | TN |

✂ amount paid _____

☞ please detach and return with payment

FUNCTION DATE:      4/2/2005   INVOICE # 285355
EVENT ID:               285355

| | |
|---|---|
| FOOD | $ 17,323.60 |
| KOSHER MEAT | 500.00 |
| SETUPS | 58.80 |
| REGULAR EQUIPMENT | 7,287.97 |
| STAFF | 12,454.68 |

(FULL CREDIT GIVEN FOR SUSHI INCLUDED IN
FOOD COST ABOVE)                                                     $ (2,200.00)

## terms

Due on receipt

Please reference invoice number when
submitting payment

Unpaid invoices over thirty (30) days
are subject to a service charge of
1½% per month, plus costs of collection
including reasonable attorney's fees not to
exceed 20%

| | |
|---|---|
| TOTAL | $ 35,425.05 |
| SALES TAX | 3,232.77 |
| DELIVERY | 156.04 |
| DEPOSIT | (27,500.00) |
| BALANCE | $ 11,313.86 |

5525 Dorsey Lane  Bethesda MD  20816
tel 301 652 1515  fax 301 986 8735  www.ridgewells.com