UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs,

v.

RIDGEWELL'S, INC.,

    Defendant.

Case No. 1:05CV01717
Judge: John Garrett Penn

ANSWER TO FIRST AMENDED COMPLAINT

The Defendant, Ridgewell's ("Defendant"), a corporation, by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, DeJong, Driscoll & Greenfeig, P.C., pursuant to Rule 8, hereby answers Plaintiffs' First Amended Complaint, stating as follows:

FIRST DEFENSE

The First Amended Complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

To the specifically enumerated paragraphs of the First Amended Complaint, by like paragraphs, Defendant admits, denies, alleges, and avers as follows:

    1.    Defendant denies the allegations of Paragraph 1.

    2.    Defendant is not required to admit or deny the allegations of Paragraph 2.

    3.    Defendant admits the allegations of Paragraph 3 as to Defendant's location of incorporation and principal place of business. Defendant is not required to admit or deny the remaining allegations of Paragraph 3.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4. Defendant is not required to admit or deny the allegations of Paragraph 4.

5. Defendant is not required to admit or deny the allegations of Paragraph 5.

6. Defendant is not required to admit or deny the allegations of Paragraph 6.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant admits the allegations of Paragraph 8.

9. Defendant admits the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10 relating to the octopus and eel, and denies the allegations relating to "offensive contacts," and is without sufficient information to admit or deny the remaining allegations of Paragraph 10.

11. Defendant admits the allegations of Paragraph 11 regarding its corporate locale and the nature of its services, but denies that it ever maintained anything known as a "Kosher Catering Division."

12. Defendant admits that Ridgewell's was contacted by Plaintiffs Judith Siegel and Mark Siegel, but denies that it has anything known as a "Kosher Catering Division" and is without sufficient information to admit or deny the remaining allegations of Paragraph 12.

13. Defendant admits that Plaintiffs Judith Siegel and Mark Siegel asked that the meat served at the dinner be kosher meat and that no dairy products be served at the reception. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant admits that Toby Nann is employed by Defendant, and that she met with the Plaintiffs to discuss and review the menu. Defendant denies the remaining allegations of Paragraph 14.

15. Defendant admits the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

17. Defendant admits that the Gourmet Bread Baskets were to be served with margarine, and denies the remaining allegations of Paragraph 17.

18. Defendant admits that the coffees and teas at the Dinner were to be served with non-dairy creamer, and denies the remaining allegations of Paragraph 18.

19. Defendant admits that the Plaintiffs attended a "tasting" on February 26, 2005, and admits that no shrimp, octopus or eel was served, but denies the remaining allegations of Paragraph 19.

20. Defendant does not have sufficient information or belief on the subject of what Plaintiffs advised their invited guests to enable it to answer any of the allegations of Paragraph 20.

21. Defendant admits that the wedding guests gathered on April 2, 2005 at The Corcoran Gallery of Art, and is without sufficient information to admit or deny the remaining allegations of Paragraph 21.

22. Defendant admits the allegations of Paragraph 22.

23. Defendant does not have sufficient information to enable it to answer any of the allegations of Paragraph 23.

24. Defendant admits that a few pieces of shrimp were inadvertently included in the *hors d'oeuvres*, is without sufficient information either to admit or deny the allegations regarding what certain guests were aware of and what they consumed, and denies the remaining allegations of Paragraph 24.

25. Defendant admits the allegations of Paragraph 25.

26. Defendant admits that Ms. Nann promptly replaced the sushi at the "Sushi Station" with other trays of sushi, and denies the remaining allegations of Paragraph 26.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

27. Defendant admits that Ms. Nann is aware that shrimp, octopus and eel are not kosher, and is without sufficient information either to admit or deny the remaining allegations of Paragraph 27.

28. Defendant admits that salmon canapés were served on black bread garnished with capers, further admits that no cream cheese was supposed to be used and denies the remaining allegations of Paragraph 28, except to the extent of admitting that Plaintiff Mark Siegel complained.

29. Defendant admits that the Plaintiffs attended a "tasting" on February 26, 2005, but denies the remaining allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant admits that Plaintiff Rebecca Siegel complained on that evening, and denies the remaining allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant admits the allegations of Paragraph 33.

34. Defendant admits that Plaintiff Mark Siegel became angry, raised his voice and made unseemly and inappropriate remarks, and that Tom Keon stated that Plaintiff Mark Siegel had been "vulgar" to his staff. Defendant is not required to admit or deny the remaining allegations of Paragraph 34.

35. Defendant admits that as to the allegations of Paragraph 35, Exhibit 2 is a copy of Defendant's invoice to Plaintiffs, and is not required either to admit or deny the characterization of that invoice as the document speaks for itself.

36. As to Paragraph 26, Defendant adopts and incorporates its answers to paragraphs 12 through 35 of the Complaint as if fully set forth herein.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

37. Defendant is not required either to admit or deny the allegations of Paragraph 37 as they purport to state a legal conclusion.

38. Defendant is not required either to admit or deny the allegations of Paragraph 38 as they purport to state a legal conclusion.

39. Defendant admits that it furnishes, makes available, and offers food and catering services, but it not required either to admit or deny the characterization of those activities as stated in Paragraph 39.

40. As to Paragraph 40, Defendant admits it has represented that it is capable of providing Kosher events, but denies that one was agreed to be provided here.

41. Defendant is without sufficient information either to admit or deny the knowledge of all people "familiar to any degree whatever" with Jewish religious dietary laws as alleged in Paragraph 41.

42. Defendant is without sufficient information either to admit or deny the knowledge of all people "familiar to any degree whatever" with Jewish religious dietary laws as alleged in Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. As to Paragraph 49, Defendant adopts and incorporates its answers to paragraphs 12 through 35 of the Complaint as if fully set forth herein.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

50. Defendant denies the allegations of Paragraph 50.

51. Defendant denies the allegations of Paragraph 51.

52. As to Paragraph 52, Defendant adopts and incorporates its answers to paragraphs 12 through 35 of the Complaint as if fully set forth herein.

53. Defendant does not have sufficient information on the subject of the observance of Jewish dietary laws of "many of the guests" or whether such guests "would never knowingly eat shrimp, octopus or eel," to enable it to answer these allegations in Paragraph 53. Defendant denies that "subjecting any such persons to the consumption of shrimp, octopus, and eel produces an 'offensive contact' with those persons," as alleged in Paragraph 53.

54. Defendant denies the allegations of Paragraph 54.

55. As to Paragraph 55, Defendant adopts and incorporates its answers to paragraphs 12 through 35 of the Complaint as if fully set forth herein.

56. Defendant is not required either to admit or deny the allegations of Paragraph 56 as they purport to state a legal conclusion. To the extent that a response is required, Defendant denies the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

### THIRD DEFENSE

The claims raised in the First Amended Complaint are barred by the doctrines of waiver and/or estoppel.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

6

## FOURTH DEFENSE

Defendant denies that Plaintiffs, to the extent they have been named and identified, have been damaged in any sum whatsoever by any alleged breach of contract by Defendant.

## FIFTH DEFENSE

Defendant further intends to rely upon all defenses, legal and/or equitable, which may be available to it based upon the facts as may become known before and during the trial of this matter.

## SIXTH DEFENSE

Defendant reserves the right to plead additional affirmative defenses that it becomes aware of during the course of discovery.

WHEREFORE, Defendant Ridgewell's, Inc., requests that the First Amended Complaint be dismissed, with prejudice, with each party to bear its own costs. Defendant also requests any and all general and equitable relief to which this Court may deem it entitled.

Dated: February 3, 2006.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

                    Respectfully submitted,

                    STEIN, SPERLING, BENNETT, DE JONG,
                    DRISCOLL & GREENFEIG, P.C.

By: _____/s/_____
      Jeffrey M. Schwaber (Bar No. 419681)
      Ivonne C. Lindley (Bar No. #485577)
      25 West Middle Lane
      Rockville, Maryland 20850
      (301) 340-2020

      Attorneys for Ridgewell's, Inc.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250-1.Answer.AmdComp.doc