THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendants,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**MOTION TO COMPEL THE DEPOSITION OF PLAINTIFF MELISSA PATACK
AND FOR ATTORNEYS' FEES**

    Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. P. 37, hereby respectfully requests this Court compel Plaintiff Melissa Patack to appear for a deposition, and award Ridgewells its attorneys' fees necessitated hereby, in support of thereof states as follows:

I.    INTRODUCTION

    The claims in this matter arise out of a contract between Ridgewells and Plaintiffs Mark A. and Judith S. Siegel to provide catering services for a wedding reception held on April 2, 2005 at the Corcoran Galley of Art (the "Siegel Wedding Reception"). Plaintiff Melissa Patack ("Ms. Patack") has sued Ridgewells for a lot of money, claiming, among other things, that she was a wedding guest who observes Jewish religious dietary laws, that Ridgewells somehow breached the contract by providing non-kosher food to her and other guests at the Siegel Wedding Reception, and that Ridgewells intentionally inflicted emotional distress upon her, and perpetrated a battery upon her. Ridgewells believes she did so as part of a tactic by Plaintiffs of

economic pressure to coerce a global settlement, and that the suit was filed without any basis in law or fact, in violation of Fed. R. Civ. P. 11.

Ridgewells intends to explore this issue carefully. Ridgewells has tried repeatedly to schedule a mutually acceptable date to depose Ms. Patack, to no avail. Plaintiffs' counsel represented to Ridgewells in April of 2006 that Ms. Patack would probably need to be deposed in July, but never offered any dates for a possible July deposition. As July rapidly approached and in the wake of testimony by Plaintiffs' "economic expert" Stan Smith regarding his examination of Ms. Patack which was highly damaging to the Plaintiffs' case, Plaintiffs stated that Ms. Patack would not be available for deposition before the close of discovery. Then, in a thinly veiled attempt to avoid their now obvious problem, suggested she could simply withdraw her lawsuit. In light of these repeated failures of discovery by Plaintiff, Ridgewells respectfully requests that this court compel the deposition of Ms. Patack, a party plaintiff, and award fees and costs, as more fully explained herein.

II.     RELEVANT FACTS

1.     This suit was originally filed on behalf of fifty "John and Jane Doe" plaintiffs in addition to Mark and Judith Siegel (the bride's parents) and Craig and Rebecca Baron (the bride and groom).

2.     After Ridgewells' filed a Motion to Dismiss the "John and Jane Doe" plaintiffs, and requested to depose them, Plaintiffs' counsel amended the complaint by dismissing the "John and Jane Doe" plaintiffs, and naming two more parties – one was Ms. Patack who presumably was one of the "Jane Does".

3.     Ridgewells began its good faith efforts to depose Ms. Patack in April of 2006.

4.   On April 27, 2006, Plaintiffs' counsel stated that "we're looking at sometime in July for the Berenbaum/Patack depositions." Exhibit 1, at A

5.   On May 9, 2006 in response to Plaintiffs' failure to suggest a date, Ridgewells proposed six possible deposition dates. Exhibit 1, at B.

6.   Upon Plaintiffs' continued failure to confirm a date, on May 12, 2006 Ridgewells served a Notice of Intention to Take the Oral Deposition of Melissa Patack on June 28, 2006 (a date previously cleared with counsel for the deposition of Michael Berenbaum, Ms. Patack's husband and another Plaintiff in this case).

7.   On May 26, 2006 Plaintiffs' counsel stated that that Ms. Patack's deposition could not be taken on June 28, 2006, and that Ms. Patack was going on vacation in July and that she would have to get back to counsel with possible dates. Exhibit 1, at C.

8.   Growing weary of this pattern, Ridgewells clearly expressed their unwillingness to take off the June 28, 2006 date until another available date was confirmed. No new date ever was proposed. Exhibit 1, at C.

9.   Meanwhile, on June 20, 2006, undersigned counsel conducted a deposition in Chicago, Illinois of Mr. Smith, an expert witness for Plaintiffs, a substantial portion of which involved questions about his report of Ms. Patack. In discussing Ms. Patack's report, numerous inconsistencies in Mr. Smith's methodology began to reveal themselves.

10.   The next day, on June 21, 2006, Plaintiffs' counsel sought to remove Ms. Patack as a Plaintiff. See Exhibit 1, at D (voice mail from counsel for the Plaintiff to counsel for Ridgewells).

11. On June 26, 2006, Plaintiffs' counsel informed Ridgewells that Ms. Patack will not be available for deposition June 28, 2006 or on any other date before the close of discovery and accordingly, that Ms. Patack should be dropped as a Plaintiff. Exhibit 1, at E.

12. Ridgewells has not consented to Ms. Patack's proposed withdrawal as a plaintiff, and intends to pursue its exploration of the good faith basis for her claims.

13. Ms. Patack should be compelled to give a deposition as she is a party plaintiff in this suit.

III.    APPLICABLE LAW AND ARGUMENT

Rule 37 provides that, "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery." Specifically, subsection (d) states,

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule . . . lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In levying a proper punishment against a party for a failure of discovery, the Court of Appeals for the D.C. Circuit emphasized that "the choice of sanction should be guided by the "concept of proportionality" between offense and sanction." Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 130-31 (D.D.C. 2005) (citing Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C.Cir. 1996)). Additionally, "As the Supreme Court has observed, a court does well to consider the deterrent effect a sanction will have on parties and potential parties in other cases

4

who might otherwise contemplate abusive actions." <u>Founding Church of Scientology of Washington, D.C., Inc. v. Webster</u>, 802 F.2d 1448, 1458 (D.C.Cir. 1986) (citing <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 642-43 (1976) (noting that deterrence and bad faith are factors to consider in determining appropriate sanctions, particularly dismissal)); <u>See</u> <u>Inter-Trade, Inc. v. CNPQ-Conselho Nacional De Desenvolvimento Cientifico E Tecnologico</u>, 761 A.2d 834, 838 (D.C. 2000) ("In determining what constitutes severe circumstances which would warrant extreme sanctions, the court must determine whether the non-compliance resulted from willfulness and whether it prejudiced the other side."). Yet, the courts still retain a wide amount of discretion in imposing sanctions on parties. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44-45 (1991). Specifically, it has been held that sanctions are appropriate if a plaintiff fails to appear for a deposition which they had adequate notice of. <u>See Fritz v. Honda Motor Co.</u>, 818 F.2d 924, 925 (D.C.Cir. 1987); <u>Camper v. Home Quality Management Inc.</u>, 200 F.R.D. 516, 517 (D.Md. 2000) ("Federal Rule of Civil Procedure 37(d) allows the court to sanction parties who fail to appear before the officer who is to take the deposition after being served with proper notice.").

In the instant suit, Plaintiff Ms. Patack, failed to appear for a duly scheduled deposition for which she had been given reasonable notice. An appropriate and proportionate sanction would be to compel Ms. Patack's deposition at a mutually acceptable date and to award Ridgewells its fees associated with the filing of this motion and the heretofore wasted attempts to schedule Ms. Patack's deposition. Compelling the deposition of Ms. Patack also serves the broader judicial interests of deterring bad faith discovery, which would allow Plaintiffs to pick and choose their fellow complainants, witnesses and evidence based on whether their presence in the suit will harm them or help them. The Siegels and the Barons had the luxury of choosing

their fellow plaintiffs when they brought this suit and should not be able to drop and add new plaintiffs for their own tactical convenience on the basis of whether adverse evidence is uncovered during the course of discovery.  To allow the problem to be "cured" simply by dismissal of Ms. Patack is particularly inappropriate because it would encourage Plaintiffs' bad faith litigation tactics, and would allow them to escape or at least mitigate the sting of Mr. Smith's testimony.

For these reasons, Ridgewells respectfully requests that this Court compel the deposition of Ms. Patack, a party plaintiff, and award to Ridgewells its costs and attorneys' fees associated with this Motion as well as the wasted efforts to depose Ms. Patack without court intervention.

                STEIN, SPERLING, BENNETT, DE JONG,
                   DRISCOLL & GREENFEIG, P.C.

By:        /s/
      Jeffrey M. Schwaber (D.C. Bar No. 419681)
      Ivonne C. Lindley (D.C. Bar No. 485577)
      25 West Middle Lane
      Rockville, MD 20850
      (301) 340-2020
      (301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

### CERTIFICATION OF GOOD FAITH

Counsel for the Defendant/Counter Plaintiff hereby certifies pursuant to Fed. R. Civ. P. 37 that prior to filing this motion he has in good faith conferred or attempted to confer with the counsel for the party who has failed to appear for her deposition in an effort to secure the deposition of Plaintiff Melissa Patack without court action.

        /s/
      Jeffrey M. Schwaber

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 20th day of July, 2006, a copy of the foregoing Motion to Compel the Deposition of Plaintiff Melissa Patack and for Attorneys' Fees was sent via facsimile and mailed, first class, postage prepaid, to the following person(s):

    Nathan Lewin (D.C. Bar No. 38299)
    Alyza D. Lewin (D.C. Bar No. 445506)
    Lewin & Lewin, LLP
    1828 L Street, N.W., Suite 901
    Washington, DC 20036

                                      /s/
                                  Jeffrey M. Schwaber

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.Motion.Compel Patack Depo.rev.doc