UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/Counter-Defendants,* ) | Case No. 1:05CV01717 |
| ) | |
| v. ) | |
| ) | |
| RIDGEWELL'S INC., ) | |
| ) | |
| *Defendant/Counter-Plaintiff.* ) | |

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO COMPEL THE DEPOSITION
OF PLAINTIFF MELISSA PATACK AND IN SUPPORT
OF MOTIONS OF PLAINTIFF MELISSA PATACK
FOR ORDER DROPPING HER AS A PARTY
AND FOR PAYMENT OF ATTORNEYS' FEES**

INTRODUCTION

Plaintiff Melissa Patack, through her undersigned counsel, hereby opposes the defendant's extraordinary demand that she remain a party to this case and be compelled to travel from California to the District of Columbia for a deposition. Although Ms. Patack has a legitimate legal claim against the defendant, and although she personally produced documents, personally answered interrogatories, and has agreed to be deposed by telephone, she has been unable to leave her family and travel to the District of Columbia for an *in personam* deposition. Accordingly, she requested that she be dropped as a plaintiff pursuant to Rule 21 of the Federal Rules of Civil Procedure. Defendant has refused to consent to this request and has demanded, instead, that Ms. Patack remain in the case and appear for a deposition. There is simply no precedent whatever for *requiring* a plaintiff – and particularly so peripheral a plaintiff as Ms. Patack – to remain as a plaintiff in a case against her will.

The defendant's stated reason for insisting on a deposition of Ms. Patack – that defendant's counsel spent "a substantial portion" of his June 20 deposition of plaintiff's expert witness on "questions about his report of Ms. Patack" (Motion, p. 3, para. 9) – is, to the extent it is true, a self-inflicted wound and is a reflection on the weakness of the defense that Ridgewell's has against the claims of the principal plaintiffs – the Siegels, their daughter, and their son-in-law, all of whom were directly and seriously injured by Ridgewell's conduct. Defendant's counsel deliberately avoided, during Mr. Smith's deposition, testing the conclusions the expert had reached regarding the harm suffered by the principal plaintiffs – the parents of the bride and the bride and groom themselves at the devastated wedding reception. Instead counsel chose to try to trip up the plaintiff's expert's testimony regarding a guest who had acknowledged that she did not eat the shrimp or other non-kosher food served at the reception and whose harm was substantially less than that of the principal plaintiffs. Ms. Patack had indicated long before Mr. Smith's deposition (taken on June 20, 2006) that it would be difficult for her to travel from California to the District of Columbia and had asked that the deposition be taken by telephone. See e-mail of May 9, 2006, in Exhibit B to defendant's motion. The defendant's counsel now claims that his emphasis on Ms. Patack during the Smith deposition was deliberate and that, in some unexplained fashion, the defense will be prejudiced if Ms. Patack is not forced to remain in the case and is not forced to travel at her own expense from California to the District of Columbia to be deposed. The defendant's Motion is frivolous, and plaintiff should be awarded attorneys' fees for being required to respond to it.

I.

## A PLAINTIFF'S REQUEST TO BE DROPPED AS A PARTY SHOULD BE GRANTED WHERE IT WILL NOT CAUSE DELAY

We know of no case – and the defendant has cited none – in which a plaintiff has been *forced* to remain as a party in a lawsuit. Rule 21 of the Federal Rules of Civil Procedure provides: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In this case, a peripheral plaintiff – whose good faith was shown by her active participation in the earlier discovery phases of the litigation (production of documents and interrogatories) – is unable to travel from California to Washington, D.C., for a deposition. The defendant has refused to take her deposition by telephone. She has requested, on this account, that she be dropped as a party plaintiff. Dropping her as a party will not delay the case in any fashion. There is, therefore, no substantial question over her right to discontinue her claim.

Indeed, in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), the Supreme Court approved of dismissal of a dispensable defendant *first requested in the appellate court* under the broad authority conferred by Rule 21. And the Supreme Court re-affirmed that broad authority in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 573 (2004). The defendant in the *Newman-Green* case had much more substantial basis for objecting to the dropping of a party than does the plaintiff in this case. Nonetheless, the Court approved of the Rule 21 dismissal.

The defendant has made wild unsubstantiated allegations of "bad faith litigation tactics" and has claimed, with absolutely no basis in fact, that Ms. Patack became a plaintiff in this lawsuit "as part of a tactic by Plaintiffs of economic pressure to coerce a global settlement." In

fact, as Ms. Patack's sworn declaration establishes, she was a guest at the Siegel-Baron wedding and was harmed by Ridgewell's refusal and failure to comply with the contract and assurance to the Siegels that no non-kosher food would be served at the reception and dinner. (Other guests at the wedding who could have qualified by the same standards as qualified Ms. Patack are residents of Maryland and their joinder as named plaintiffs would have destroyed diversity-of-citizenship jurisdiction.) In good faith, Ms. Patack responded to the defendant's production requests and to the defendant's interrogatories. She is willing to be deposed by telephone. She still believes she has a sound legal claim against Ridgewell's, but she must choose between leaving her family to travel to the District of Columbia and maintaining her action. She has chosen to be dropped as a plaintiff. Rule 21 gives her that option.

## II.

### THE ULTIMATE DISCOVERY SANCTION AGAINST A NON-COMPLYING PLAINTIFF UNDER RULE 37 IS DISMISSAL OF THE PLAINTIFF'S ACTION

The defendant relies in its Memorandum on various authorities relating to sanctions against parties who fail to comply with discovery requirements. But all these precedents concern individuals who wish to remain as parties to the lawsuit. The defendant fails to acknowledge that the ultimate sanction against a plaintiff – reserved for the most extreme case – is, as Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides: "[a]n order . . . dismissing the action or proceeding or any part thereof." Plaintiff Patack is voluntarily accepting that result – albeit not as a "sanction" – by requesting that she be dropped as a plaintiff.

The cases cited by the defendant prove the point that dismissal of a plaintiff's complaint is the most severe sanction that a court may impose for the plaintiff's failure to appear for a

deposition. *Fritz v. Honda Motor Co.*, 818 F.2d 924 (D.C. Cir. 1987), was a case in which the most severe sanction of dismissal was imposed after there had been four instances of misconduct by plaintiff's counsel and counsel had stated that he did not intend to proceed with litigation in a federal court. And in the second case cited by the defendant – *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516 (D. Md. 2000) – the court *refused* to order dismissal of the complaints of plaintiffs who had not appeared for their depositions. The court reserved that extreme remedy, saying: "The plaintiffs are on notice, however, that further refusal to comply with discovery deadlines may result in dismissal." 200 F.R.D. at 519. The failure to appear was excused because of "explanations for the difficulty in scheduling depositions and transporting the plaintiffs to Baltimore." *Id.* In this case there has been no order of the court directing Ms. Patack to appear for a deposition, and she is mooting out any need for such an order by consenting to her dismissal as a plaintiff.

The District of Columbia Circuit described in *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998), "three basic justifications that support the use of dismissal or default judgment as a sanction for misconduct." None of the three justifications is present in this case. Nonetheless, plaintiff Patack has agreed to the remedy of dismissal, asking to be dropped as a party. See also *Bonds v. District of Columbia*, 93 F.3d 801 (D.C. Cir. 1996).

## CONCLUSION

For the foregoing reasons, the defendant's Motion To Compel the Deposition of Melissa Patack should be denied. Plaintiff Melissa Patack's Motion To Be Dropped as a Plaintiff should be granted. Attorneys' fees should be awarded to the plaintiffs for the cost of responding to the defendant's motion and for the cost of moving under Rule 21.

Dated:  August 3, 2006                                   Respectfully submitted,


    / s / Nathan Lewin
NATHAN LEWIN (D.C. Bar No. 38299)
ALYZA D. LEWIN (D.C. Bar No. 445506)
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 901
Washington, D.C.  20036
(202) 828-1000
(202) 828-0909 fax

*Attorneys for Plaintiffs/Counter-Defendants*