THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendants,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**CONDITIONAL REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL
THE DEPOSITION OF PLAINTIFF MELISSA PATACK
AND FOR ATTORNEYS' FEES**

    Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, respectfully requests that this Court strike Plaintiffs' untimely "Memorandum of Law in Opposition to Motion to Compel the Deposition of Plaintiff Melissa Patack ("Plaintiffs' Opposition")". Plaintiffs' Opposition was filed well beyond the time permitted by the Rules of this Court. In the event the Court decides to consider the untimely Plaintiffs' Opposition, Ridgewells submits this Reply:

    1.    Ridgewells filed a "Motion to Compel the Deposition of Plaintiff Melissa Patack and for Attorneys' Fees ("Ridgewells' Motion")" on July 20, 2006.

    2.    Pursuant to LCvR 7, Plaintiffs were required to file a memorandum in opposition by **July 31, 2006**. Nothing was filed by that date.

    3.    Ms. Patack already was a California resident when she chose to become a Plaintiff in this lawsuit in January of 2006, thereby subjecting herself to the jurisdiction of this Court in Washington, D.C.

4. As a party Plaintiff, Ms. Patack should not have been surprised when in April of 2006 Ridgewells began its good faith efforts to take her deposition and discover the basis of her claims in this matter.

5. Ridgewells faced many obstacles from Plaintiffs in the effort to depose Ms. Patack, as further detailed in Ridgewells' Motion. First, Plaintiffs represented that Ms. Patack may be deposed sometime in July. See Ridgewells' Motion, Exhibit 1 at A. Then, Plaintiffs refused to choose among six proposed deposition dates. See Ridgewells' Motion, Exhibit 1, at B. Finally, Plaintiffs' counsel informed Ridgewells on June 26, 2006 that Ms. Patack will not be available for her properly noted deposition on June 28, 2006 "or on any other date before the close of discovery and accordingly, that Ms. Patack should be dropped as a Plaintiff." See Ridgewells' Motion, Exhibit 1, at E.

6. Ms. Patack claimed in this lawsuit to have sustained over $30,000.00 in damage. An expert report was submitted on her behalf computing her claimed damages. Ridgewells is entitled to depose her in person regarding the basis of her substantial claims.

7. The suggestion in Plaintiffs' Opposition that Ms. Patack has shown good faith "by her active participation in the earlier discovery phases of the litigation (production of documents and interrogatories)" is belied by the fact that Ms. Patack did not produce a single document in response to any of Ridgewells' 34 requests for documents.

8. Furthermore, the answers to interrogatories that Ms. Patack and all of the other Plaintiffs did provide were answered late and only after undersigned counsel requested that Plaintiffs respond to written discovery.

9. Plaintiffs have baldly acknowledged that they used Ms. Patack, whom they now call "a peripheral plaintiff", simply as a tactic to maintain diversity jurisdiction in this Court.

10. Plaintiffs obviously did not have any intention of keeping Ms. Patack in this case, and long ago could have withdrawn her before Ridgewells incurred substantial expense to defend the claims brought by Ms. Patack in this matter.

11. The suggestion is disingenuous that Ridgewells should be required to accommodate the professed unwillingness of a party Plaintiff to come to town for a deposition over a period of <u>three months</u>!

For these reasons, Ridgewells respectfully requests that this Court compel the deposition of Ms. Patack, a party plaintiff, and award to Ridgewells its costs and attorneys' fees associated with Ridgewells' Motion and Reply, as well as the wasted efforts to depose Ms. Patack without court intervention.

        STEIN, SPERLING, BENNETT, DE JONG,
          DRISCOLL & GREENFEIG, P.C.

By: _____/s/_____
Jeffrey M. Schwaber (D.C. Bar No. 419681)
Ivonne C. Lindley (D.C. Bar No. 485577)
25 West Middle Lane
Rockville, MD 20850
(301) 340-2020
(301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.MOTION.StrikeOpposition.rev.doc