UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/ Counter-Defendants*, ) | |
| ) | Civil Action No. 05-1717 (JGP) |
| v. ) | |
| ) | |
| RIDGEWELL'S, INC. ) | |
| ) | |
| *Defendant/ Counter-Plaintiff.* ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM RESPONSIVE TO RIDGEWELL'S "CONDITIONAL REPLY" AND IN SUPPORT OF MOTION OF PLAINTIFF MELISSA PATACK TO BE DROPPED AS A PARTY**

Ridgewell's "Conditional Reply" to the Memorandum filed by Plaintiff Melissa Patack in opposition to Ridgewell's unprecedented and frivolous motion to compel Melissa Patack to remain as a plaintiff in this case in order to force her to leave her family in California and come to the District of Columbia for an oral deposition demonstrates the desperate lengths to which defendant's counsel will go to harass a plaintiff who was a victim of the defendant's misconduct.[1]

1.  Not one word in the "Conditional Reply" responds to the fundamental error on which Ridgewell's motion is based – the notion that a defendant may *compel* one of several plaintiffs to remain a plaintiff in a lawsuit. Ms. Patack requested respectfully and civilly for Ridgewell's consent to be dropped as a plaintiff, noting that there is absolutely no precedent for

---

[1] We apologize for filing our Opposition To Motion to Compel the Deposition of Plaintiff Melissa Patack three days late. Counsel made the error of not counting the intervening Saturdays and Sundays in computing when the response to Ridgewell's motion was due to be filed.

forcing a party to remain as a plaintiff. Ridgewell's refused – solely to harass Ms. Patack and to force her to apply for a court order.

2. There is no precedent for the relief Ridgewell's requests because, as we demonstrated in our earlier Memorandum, a plaintiff may choose to withdraw his or her claim. The ultimate sanction against a plaintiff who refuses to appear for a deposition is dismissal of his or her claim. Ms. Patack categorically denies Ridgewell's allegation that when she joined as a plaintiff she did not intend to remain in the case.

3. Nor can Ridgewell's cite a single sustainable reason why Ms. Patack's presence in Washington, D.C., is required for an oral deposition. Ridgewell's has submitted interrogatories to Ms. Patack, and she has answered them. Her presence at the wedding reception is undisputed. Her husband, Rabbi Michael Berenbaum, was also present at the event, and he has been deposed during a trip he made to Washington, D.C. The *only* reason to try to force Ms. Patack to come to Washington, D.C., is to harass her. The statement made in Ridgewell's "Conditional Reply" that "Ridgewell's is entitled to depose her in person regarding the basis of her substantial claims" is patently not a justification for its current motion if she is no longer a plaintiff and is making no claim, substantial or otherwise. Indeed, neither Ms. Patack nor any other plaintiff in this case made a specific monetary claim for damages. The expert who has evaluated their claims – and appraised Ms. Patack's claim at $33,432 – has been deposed. Ms. Patack would have nothing to add to his appraisal.

4. The assertion that Ridgewell's "incurred substantial expense to defend the claims brought by Ms. Patack in this matter" is plainly and demonstrably false. Ridgewell's expenses have been incurred almost entirely in defending against the claims of the four principal plaintiffs who suffered the greatest damage from Ridgewell's misconduct. Rabbi Berenbaum – Ms.

Patack's husband – is representative of the secondary plaintiffs who were guests at the wedding and who were harmed by Ridgewell's flagrant disregard of their religious convictions. Indeed, by withdrawing as a plaintiff, Ms. Patack is saving "substantial expense" for Ridgewell's both because it will not have to pay its counsel for the time spent in preparing for, and taking, her oral deposition, and because she will not be able to recover damages for the harm done to her.

5.   Finally, Ridgewell's is wrong in assuming that if Ms. Patack had chosen to remain a plaintiff in this case Ridgewell's would have an absolute right to require her to come from California to Washington, D.C., for an oral deposition. Then-Circuit Judge John M. Harlan (who thereafter served on the Supreme Court as an Associate Justice) held that "not in every case is a party seeking pre-trial discovery entitled as of right to a deposition on oral examination at the situs of the forum." *Hyam v. American Export Lines, Inc.*, 213 F.2d 221, 222 (2d Cir. 1954). A unanimous Second Circuit reversed a default judgment entered in the *Hyam* case against a plaintiff who had not traveled to New York for a deposition, and the court suggested that his deposition could be taken on written interrogatories. In *O'Hara v. United States Lines Co.*, 164 F. Supp. 549, 551-552 (S.D.N.Y. 1958), District Judge Bryan directed that in the interests of justice a California-resident plaintiff's deposition be conducted by written interrogatories where the "situs of the transactions in suit" was in New York and New York was the proper place for the lawsuit he had instituted. The lawsuit to which Ms. Patack became a party grew out of Ridgewell's conduct at an event she attended that was held in the District of Columbia. The proper "situs" of the action is the District of Columbia. Even if she had been a principal plaintiff who had contracted with Ridgewell's and not a wedding guest who is in the secondary tier of persons injured, she would be permitted under the rationale of the *O'Hara* case to have her

deposition taken in the first instance by written interrogatories and would not be required to leave her children and travel from California to Washington, D.C.

## CONCLUSION

For the foregoing reasons, Ms. Patack's Motion To Be Dropped As a Plaintiff should be granted. Ridgewell's Motion To Compel the Deposition of Plaintiff Melissa Patack and for Attorneys' Fees is frivolous and is designed exclusively to harass Ms. Patack. It should be denied, and attorneys' fees awarded to the plaintiffs for the resources expended in responding to that Motion and in filing Ms. Patack's Motion To Be Dropped As a Plaintiff.

August 11, 2006                                          Respectfully submitted,

                                                                           / s / Nathan Lewin
                                              NATHAN LEWIN (D.C. Bar No. 38299)
                                              ALYZA D. LEWIN (D.C. Bar No. 445506)
                                              **LEWIN & LEWIN, LLP**
                                              1828 L Street, N.W., Suite 901
                                              Washington, D.C.  20036
                                              (202) 828-1000
                                              (202) 828-0909 fax

                                              *Attorneys for Plaintiffs/Counter-Defendants*