THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendant,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**MOTION TO PRECLUDE THE TESTIMONY OF
PLAINTIFFS' EXPERT STAN V. SMITH**

Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. P. 7, Fed. R. Civ. P. 16(c) and Fed. R. Evid. 702 hereby moves to preclude the testimony of Plaintiffs' expert Stan V. Smith, Ph.D. on the grounds that expert testimony about the value of Plaintiffs' alleged loss of enjoyment of life as a result of Ridgewells' actions is improper and inadmissible, and in support thereof states as follows:

**I.   INTRODUCTION**

The claims in this matter arise out of a contract between Ridgewells and Plaintiffs Mark A. and Judith S. Siegel to provide catering services for a wedding reception held on April 2, 2005 at the Corcoran Galley of Art (the "Siegel Wedding Reception"). The Plaintiffs have not yet fully paid their bills, and Ridgewells has sued, *inter alia*, for that money which is owed. Mark A. and Judith S. Siegel, together with the groom and bride, Craig D. and Rebecca Siegel Baron, and two wedding guests Michael Berenbaum and Melissa Patack (collectively the "Plaintiffs") allege, among other things, that Ridgewells somehow breached the contract by providing non-kosher food to them and other guests at the Siegel Wedding Reception, and that

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Ridgewells intentionally inflicted emotional distress upon them, and perpetrated a battery upon them.

There was no contract to provide a kosher wedding reception and dinner.  In fact, such a contract was offered but affirmatively rejected by Plaintiffs Mr. and Mrs. Siegel.  Ridgewells contends that any consumption of non-kosher foods could not constitute a battery or inflict emotional harm on anyone under the circumstances alleged herein.

Plaintiffs have named Stan V. Smith, Ph.D. ("Mr. Smith"), as an expert "to calculate the loss due to the emotional distress from the 'Wedding Incident' … which resulted in [their] loss of enjoyment of life."[1]  Plaintiffs have done so despite acknowledging the complete absence of any medical and/or psychological testimony regarding emotional distress or any other form of injury here.

Expert testimony that attempts to quantify the extent of each Plaintiffs' emotional damage is improper.  As further explained herein, there are no reported cases in the District of Columbia that support allowing an expert to testify regarding the value of an individual's alleged loss of enjoyment of life, or of the economic value of their emotional distress projected over time.  In fact, many Courts across the country have excluded the testimony of Mr. Smith on these issues.

## II.     APPLICABLE LAW

Only evidence that is relevant is admissible. See Fed. R. Evid. 402.  Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  In addition, even relevant evidence can be "excluded if its

---

[1] Reports dated February 21, 2006 by Stan V. Smith regarding each Plaintiff filed in this matter on February 22, 2006.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of the evidence." Fed. R. Evid. 403.

Evidence offered through expert testimony is subject to certain additional pre-requisites. These requirements are contained in Fed. R. Evid. 702 which states as follows:

> If scientific, technical, or otherwise specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702

Pursuant to Fed. R. Evid. 702, the Court may admit testimony from an expert that assists the trier of fact, but "[expert] testimony should ordinarily not extend to matters within the knowledge of lay [persons]." See U.S. v. Washington, 103 F.3d 983, 1009 (D.C.Cir. 1997), citing U.S. v. Boney, 977 F.2d 624, 628 (D.C.Cir.1992). The purpose of the rule is to ensure that, "[w]here the jury is just as capable of drawing correct conclusions as the witness possessed with special training, expert testimony is unnecessary." U.S. v. Washington, 103 F.3d at 1009, citing U.S. v. Fadayani, 28 F.3d 1236, 1241 (D.C.Cir. 1994).

The court may take appropriate action to exclude the testimony of an improper expert witness. Fed. R. Civ. P. 16 states in pertinent part as follows:

> At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to * * * (4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence.

Fed. R. Civ. P. 16(c)(4)

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

**III.   ARGUMENT**

A.   <u>Mr. Smith's expert opinions and economic methodology are not sufficiently reliable to be accepted in this Court</u>.

Mr. Smith was retained simply to perform a calculation based upon the subjective assessment made by each Plaintiff of the "loss of enjoyment of life" he/she claims to have sustained as a result of Ridgewells' actions.[2] Mr. Smith began with his self-determined statistical average value of a human life ($3,700,000.00), which he stated is "true, irrespective of whatever case we are working on."[3] He used this same average value of life for each Plaintiff in this case, without regard to their health, family circumstances, or any other factor. Thereafter, in order to evaluate the emotional distress losses sustained by each Plaintiff, Mr. Smith -- who has never spoken a word to any of the Plaintiffs -- asked his assistant to collect from the Plaintiffs their own subjective assessment of an estimated percentage of their loss of enjoyment of life,[4] a concept his assistant explained to each of the Plaintiffs during their one and only telephone call. Using percentages estimated by Plaintiffs (in this case, ranging from .5% to 50%), Mr. Smith then extrapolated and calculated a value for each Plaintiffs' loss of enjoyment of life. For a fee of $2,865.00 per Plaintiff, Mr. Smith provided an "opinion" to Plaintiffs' counsel regarding the value of each Plaintiffs' loss of enjoyment of life, projected to their deaths.[5]

Mr. Smith's "opinions" are nothing more than a dangerous math equation. They are unfounded conclusions based on subjective, self-serving reporting by the Plaintiffs themselves. His "opinions" do not take into consideration alternative explanations for Plaintiffs' loss of enjoyment of life, human differences in emotional makeup, capacity for healing or depressive

---

[2] See Deposition of Stan V. Smith (hereinafter "Dep. Smith") at 14:12. Cited excerpts of Dep. Smith taken June 20, 2006 are attached hereto and incorporated herein collectively as <u>Exhibit 1</u>.
[3] Dep. Smith at 62:24-63:3.
[4] See Dep. Smith at 45-46.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4

conditions. His "opinions" do not even consider that the Plaintiffs' loss may be ameliorated with time, or therapy, or by any other factor.[6]

Fed. R. Evid. 702 "requires trial courts to act as 'gatekeepers' to ensure that the methodology underlying the expert testimony is valid and the expert's conclusion is based on 'good grounds'." <u>Groobert v. President and Dir. of Georgetown College</u>, 219 F.Supp.2d 1, 6 (D.C.Dist. 2002), citing <u>Daubert v. Merrell Dow Pharm.</u>, Inc. 509 U.S. 579, 590, 113 S.Ct. 2786 (1993). "Trial courts may apply several factors in assessing reliability, such as (1) whether the expert's technique or theory can be or has been tested; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community." <u>Daubert</u>, 509 U.S. at 593-94.

Many courts across the country have excluded Mr. Smith's testimony on so called "hedonic damages". For example, in <u>Loth v. Truck-Away Corp.</u>, 60 Cal.App.4th 757 (1998), the plaintiff in a personal injury claim arising out of a motor vehicle accident asked a jury to accept Mr. Smith's baseline for the value of life[7] and award to her a percentage of that amount (adjusted for her age) as damages for her alleged loss of enjoyment of life. The Court found that the trial court should have sustained the defendants' objections to Mr. Smith's testimony, and concluded, as a matter of law, that Mr. Smith's testimony should have been excluded. The Court stated in pertinent part:

> The baseline figure…is not based upon an analysis of any particular individual's life. It is based upon benchmark figures such as the amount

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[5] <u>See</u> Dep. Smith at 29-30.
[6] <u>See</u> Dep. Smith at 28:2-7; 30:8-11; and 33:1-4.
[7] At that time, Mr. Smith's baseline figure was $2.3 million. Today, Mr. Smith claims the average value of life is $3.7 million.

5

> society spends per capita on selected safety devices, or the amount employers pay to induce workers to perform high-risk jobs. We perceive no meaningful relationship between those arbitrarily selected benchmark spending figures and the value of an individual person's life. Moreover, our Supreme Court has rejected the notion that pain and suffering damages may be computed by some mathematical formula. Smith's hedonic damages formula, however, purports to do just that.

Id. at 765-766 (citations omitted).

The Court also found that Mr. Smith's testimony would impermissibly have suggested that loss of enjoyment of life was a separate category of damages as other categories of damages such as pain and suffering, thereby creating the potential for misleading the jury to award double damages. See Id. at 766.  Furthermore, the Court poignantly commented:

> A plaintiff's loss of enjoyment of life is not "a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact[.]" No amount of expert testimony on the value of life could possibly help a jury decide that difficult question. A life is not a stock, car, home, or other such item bought and sold in some marketplace.

Id. at 767 (citations omitted).[8]

> Unless and until the Legislature devises a method for computing pain and suffering damages, a plaintiff may not supply, through expert testimony or otherwise, her own formula for computing such damages. Just as no judge may give the jury a standard for determining pain and suffering damages, no expert may supply a formula for computing the value of life and, by

---

[8] In this case, the Court discussed and based its opinion on California's state rule of evidence regarding expert testimony which not so unlike the Federal Rule regarding experts states:

> If a witness is testifying as an expert, his testimony in the form of an opinion is limited to such an opinion as is:   (a) Related to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact; and   (b) Based on matter (including his special knowledge, skill, experience, training, and education) perceived by or personally known to the witness or made known to him at or before the hearing, whether or not admissible, that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates, unless an expert is precluded by law from using such matter as a basis for his opinion.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

<u>extrapolation, the value of the loss of enjoyment of life. That calculation, at present, must be left to the sound discretion of the jury</u>.

Id. at 768 (citations omitted)(emphasis added).

In <u>Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.</u>, 248 Neb. 651, 538 N.W.2d 732 (Neb. 1995) the Court excluded the testimony of Mr. Smith, because it did not satisfy the standard of admissibility for expert testimony under the rules of evidence, and also because the testimony would not assist the trier of fact to understand evidence or determine a fact in issue. The Court commented that both the courts and legal commentators have severely criticized Mr. Smith for his claim that his "willingness to pay" approach for computing the value of life is "not only widely accepted but exclusively accepted as the proper basis for valuing human life" and "exclusively employed in academia." <u>Anderson/Couvillon</u>, 248 Neb. at 664, 538 N.W.2d at 741. The Court stated in pertinent part,

> Even assuming that there was agreement among economists or that Smith's process of valuation was scientific, there would still be a problem with such testimony because the consensus [would be] that of persons who are no more expert than are the jurors on the value of the lost pleasure of life. Even if reliable and valid, the evidence may fail to "assist the trier of fact to understand the evidence or determine a fact in issue" in a way more meaningful than would occur if the [trier of fact] asked a group of wise courtroom bystanders for their opinions.
>
> * * *
>
> The measurement of the joy of life is intangible. A jury may draw upon its own life experiences in attempting to put a monetary figure on the pleasure of living. It is "a uniquely human endeavor … requiring the trier of fact to draw upon the virtually unlimited factors unique to us as human beings." …. Testimony of an economist would not aid the jury in making such measurements because an economist is no more expert at valuing the pleasure of life than the average juror. "[T]he loss of enjoyment of life resulting from a permanent injury is … not subject to an economic calculation."

Id. at 670, 744 (citations omitted).

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

B.      <u>Mr. Smith's opinions regarding the extent of Plaintiffs' damages are not relevant and extend to matters within the knowledge of lay persons, and therefore not appropriate for expert testimony</u>.

Ultimate facts to be decided in this case include whether the Plaintiffs have sustained any damages as a result of any breach of duty by Ridgewells, and if so, in what amount. Mr. Smith's testimony does not make the existence of any fact that is of consequence to those ultimate determinations any more or less probable than it would be without his testimony. Testimony from an expert who purports to be able to quantify loss of enjoyment of life will not assist the jury to understand the evidence or to determine facts in issue, as required by the Rules.

Mr. Smith's "method" is nothing more than to have a member of his staff telephone each Plaintiff and ask him/her to estimate a percentage by which they believe their "enjoyment of life" was lessened as a result of the alleged incident.[9] He claims to offer opinions that will "help" the trier of fact quantify damages associated with each Plaintiffs' own approximation of their loss of enjoyment of life only if the trier of fact were to determine there was a loss of enjoyment of life in that precise amount.[10]

## IV.    CONCLUSION

Mr. Smith has never met these Plaintiffs, and admits to having no idea whether or not any of them suffered any injury whatsoever. His testimony will do nothing to assist the trier of fact.

The Plaintiffs will be able to tell the jury themselves the percentage of loss of enjoyment of life they claim to have sustained, just as they told Mr. Smith's assistant, without the distortion of a simple but highly prejudicial mathematical calculation, couched as an "expert economic opinion". Mr. Smith's opinion adds nothing probative, and if permitted would be a dangerously prejudicial springboard from which a jury could grab a damage number out of thin air.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[9] <u>See</u> Dep. Smith at 18:21-19:11; 43:3-21; 45:17-46:3; and 47:9-48:24.
[10] <u>See</u> Dep. Smith at 73:18.

\* \* \*

WHEREFORE, in consideration of the foregoing grounds, and the record herein, Defendant, Ridgewell's Inc., respectfully requests that this Honorable Court grant Defendant's Motion to Preclude the Testimony of Plaintiffs' Expert Stan V. Smith, plus any other and further relief deemed necessary.

                                  STEIN, SPERLING, BENNETT, DE JONG,
                                     DRISCOLL & GREENFEIG, P.C.

By:         / s /
      Jeffrey M. Schwaber (D.C. Bar No. 419681)
      Ivonne C. Lindley (D.C. Bar No. 485577)
      25 West Middle Lane
      Rockville, MD 20850
      (301) 340-2020
      (301) 838-3250 (facsimile)

      Attorneys for Ridgewell's, Inc.

## NOTICE OF MOTION

Please take notice, that the undersigned will bring the above motion for hearing before this Court at Room 15, United States District Court for the District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001, on the date set by the Court to hear pending motions.

C:\Documents and Settings\cgv\Local Settings\Temporary Internet Files\OLK8E2\250 MOTION StrikeSmith rev 3.doc

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020