THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendant,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

### DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION TO PRECLUDE THE TESTIMONY OF PLAINTIFFS' EXPERT STAN V. SMITH

Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., hereby files this Reply in support of its Motion to Preclude the Testimony of Plaintiffs' expert Stan V. Smith, and states as follows:

Plaintiffs' Response appears to be nothing more than a canned and recycled document using affidavits submitted in other cases where the admission of Mr. Smith's "expert" testimony has been challenged. His opinions are thoroughly unreliable. In this case, Mr. Smith testified that he took (second hand) each Plaintiff's subjective estimate of their own loss of enjoyment of life, and at least in one instance, he unilaterally decided to double it because "fractions are intimidating to some people."[1]

---

[1] Deposition of Stan V. Smith, June 20, 2006, page 73, lines 4-11 wherein Mr. Smith testified, "for example, when I took Ms. Patack's estimate of a half a percent documented in the interview and then in the report said, here, ladies and gentlemen, here is a 1 percent loss because I figured that's a number they could hear and deal with and increment or decrement more easily. Believe it or not, fractions are intimidating to some people."

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

This methodology cannot possibly withstand scrutiny. This is evidenced by the number of jurisdictions, including the District of Columbia, Maryland, and Virginia where Mr. Smith's "expert" testimony on hedonic damages and a plaintiff's loss of enjoyment of life has never been accepted.

Even under <u>Daubert v. Merrell Dow Pharm., Inc.</u>,[2] Mr. Smith's testimony has been found to be inadmissible. In <u>Brereton v. U.S.</u>, 973 F.Supp. 752 (E.D. Mich. 1997), plaintiff filed a lawsuit for wrongful death under the Federal Tort Claims Act. During the damages phase of the trial, the plaintiffs offered Mr. Smith as an expert "to assist the factfinder in placing a value upon the survivors' loss of society and companionship caused by the death of Albert Brereton." <u>Brereton</u>, 973 F.Supp at 758. The Government filed a motion to exclude Mr. Smith's testimony specifically challenging his "methodology as to both its reliability and usefulness under the two part test announced by the Supreme Court" in <u>Daubert</u>. <u>Brereton</u>, 973 F.Supp at 757. In ruling that Mr. Smith's testimony was inadmissible, the Court stated in pertinent part,

> Even if the proposed expert testimony was not patently irrelevant, this Court would recommend exclusion of such evidence as unreliable and irrelevant under the *Daubert* analysis. * * * Mr. Smith's testimony is found to be unreliable, irrelevant, and unhelpful to the factfinder regarding the valuation of plaintiffs' damages for loss of society and companionship.

<u>Brereton</u>, 973 F. Supp at 758. (<u>See</u> also <u>Ayers v. Robinson</u>, 887 F.Supp 1049, 1061-64 (N.D.Ill. 1995) (rejecting, under <u>Daubert</u>, Mr. Smith's "willingness to pay" model as a basis for evaluating hedonic damages);

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[2] 506 U.S. 579 (1993).

Mr. Smith's testimony has been rejected in multiple jurisdictions. In addition to the above cases, a sampling includes:

- Sullivan v. U.S. Gypsum Co., 862 F.Supp. 317, 320-21 (D.Kan.1994) (Mr. Smith's testimony rejected as being unreliable and inadmissible under Daubert because damages arising out of loss of enjoyment of life "are, by their very nature, not amenable to such analytical precision," and such testimony would not "be helpful to the jury");

- Mercado v. Ahmed, 756 F.Supp. 1097 (N.D.Ill.1991) (the validity of Mr. Smith's methods lacked general acceptance among economists);

- Longman v. Allstate Ins. Co., 635 So.2d 343, 354 (La.Ct.App.1994) (Mr. Smith's testimony purporting to quantify the value of plaintiff's loss of enjoyment of life excluded because he did "not rely upon a well-founded methodology in reaching his assumptions" and "economic theories which attempt to extrapolate the 'value' of human life from various studies of wages, costs, etc., have no place in the calculation of general damages");

- Kurnz v. Honda North America, Inc., 166 F.R.D. 386, 390 (W.D.Mich.1996) (Mr. Smith's testimony purporting to quantify a personal injury victim's loss of enjoyment of life excluded because his "method and arrival at a number or range of numbers invites the jury to abandon its own perceptions of what is important to the particular case and its value in favor of guess-work as to how much his figures have already taken those factors into consideration");

- Anderson by and through Anderson/Couvillon v. Nebraska Dep't of Social Services, 538 N.W.2d 732, 744 (Neb. 1995) (bench trial verdict reversed because judge relied on Mr. Smith's testimony quantifying hedonic damages, and the methodology was found to be "flawed");

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

- <u>Loth v. Truck-A-Way Corp.</u>, 60 Cal.App.4th 757, 70 Cal.Rptr.2d 571, 576 (1998) (reversible error for trial court to admit Mr. Smith's testimony because "[t]he jury must impartially determine pain and suffering damages [which the court had already found to include hedonic damages] based upon evidence specific to the plaintiff, as opposed to statistical data concerning the public at large");

- <u>Saia v. Sears Roebuck and Co.</u>, 47 F.Supp.2d 141, 149-50 (D.Mass.1999) (Mr. Smith's testimony on hedonic damages excluded because "Dr. Smith's testimony will not assist the jury in understanding the evidence or determining any fact in issue" and "the court believes that the qualitative and quantitative value of the loss of Saia's enjoyment of life, as it might be included in the pain and suffering he may have endured, can be calculated independently by the jury without the assistance, if not the confusion, of Dr. Smith's proferred testimony").

\* \* \*

Mr. Smith's testimony will do nothing to assist the trier of fact. His theories are unreliable and inadmissible under the standards of <u>Daubert</u>, and will add nothing probative for the jury's consideration.

STEIN, SPERLING, BENNETT, DE JONG,
DRISCOLL & GREENFEIG, P.C.


By:   / s /
Jeffrey M. Schwaber (D.C. Bar No. 419681)
Ivonne C. Lindley (D.C. Bar No. 485577)
25 West Middle Lane
Rockville, MD 20850
(301) 340-2020
(301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4

NOTICE OF MOTION

Please take notice, that the undersigned will bring the above motion for hearing before this Court at Room 15, United States District Court for the District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001, on the date set by the Court to hear pending motions.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.REPLY.Smith.rev.doc

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020