THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Ridgewell's Inc. ("Ridgewells"), by their attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. P. 7 and Fed. R. Civ. P. 56, hereby submits this Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, and states as follows:

**I.   INTRODUCTION**

The claims in this matter arise out of a contract (the "Contract") between Ridgewells and Plaintiffs Mark and Judith Siegel to provide catering services for a wedding reception held on April 2, 2005 at the Corcoran Galley of Art (the "Siegel Wedding Reception"). The Contract is clear on its face. It was honored by Ridgewells but breached by the Siegels, who refused to pay their bill. Nonetheless, Plaintiffs Mark and Judith Siegel, together with the groom and bride, Plaintiffs Craig D. and Rebecca Siegel Baron, and two wedding guests, Plaintiffs Michael Berenbaum and Melissa Patack (collectively the "Plaintiffs") filed this lawsuit against Ridgewells alleging, among other things, that Ridgewells somehow breached the Contract by providing certain non-kosher foods, including shellfish to them and other guests at the Siegel

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Wedding Reception.  Each Plaintiff also claims that Ridgewells negligently inflicted emotional distress upon them.  In addition, Plaintiffs Berenbaum and Patack claim that Ridgewells perpetrated a battery upon them by exposing them to non-kosher food.

Ridgewells has responded that there was no contract to provide a kosher wedding reception and dinner to the Plaintiffs.  In fact, Ridgewells offered such a contract but it affirmatively was rejected by Plaintiffs Mark and Judith Siegel, because they didn't want to pay for it.  Furthermore, Ridgewells contends that any consumption of non-kosher foods could not constitute a battery or inflict emotional harm on anyone under the circumstances alleged herein.

Ridgewells seeks judgment in its favor and against each Plaintiff on their First Claim brought pursuant to the District of Columbia Consumer Protection Act (DCCPA), which fails as a matter of law because it is undisputed that Ridgewells did not make any intentional misrepresentations to the Plaintiffs.  Ridgewells also seeks judgment in its favor and against Plaintiffs Melissa Patack and Michael Berenbaum on their Third Claim of Battery, an intentional tort, which fails as a matter of law, because it is undisputed that they did not eat sushi with shellfish at the Siegel Wedding Reception.  Furthermore, Ridgewells seeks judgment in its favor and against each Plaintiff on their Fourth Claim of Negligent Infliction of Emotional Distress.  This claim fails as a matter of law because Ridgewells did not have any physical contact with any Plaintiff which resulted in a serious and verifiable physical injury.

Finally, Ridgewells seeks judgment in its favor and against Mark and Judith Siegel on its Counter Complaint, Count I, in the amount of $11,000.00.  It is undisputed that the Siegels entered into the Contract for the Siegel Wedding Reception, owe certain amounts to Ridgewells pursuant to the Contract, and have failed and refused to pay the final invoice for the outstanding balance.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

## II.  STANDARD

Federal Rule of Civil Procedure 56 provides for judgment on all or part of an action in favor of the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.  "A party against whom a claim ... is asserted may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  Fed. R. Civ. P. 56(b).  Summary judgment "shall be entered forthwith" in such party's favor if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  The moving party is entitled to judgment as a matter of law when there is no genuine issue as to any material fact, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  Plaintiffs.  The purpose of Fed. R. Civ. P. 56 is "to isolate and dispose of factually unsupported claims or defenses." Id. at 323, 2553.

To defeat summary judgment, Plaintiffs must present admissible evidence demonstrating the existence of a material dispute.  See Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355 (1986) ("To survive [a movant's] motion for summary judgment, [a non-movant] must establish that there is a genuine issue of material fact…").  A

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

material dispute is one that would affect the outcome of the case. A dispute over a non-material fact will not defeat summary judgment. See Logan v. Commercial Un. Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) ("The nonmovant must do more … than demonstrate some factual disagreement between the parties the issue must be 'material.' Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute.")

### III.    UNDISPUTED MATERIAL FACTS[1]

1. Plaintiffs Mark and Judith Siegel signed a Contract with Ridgewells.[2]

2. The Contract is the only written agreement between Plaintiffs and Ridgewells regarding the Siegel Wedding Reception.[3]

3. The Contract "didn't mention either kosher or kosher division anywhere on it."[4]

4. At the time of the Siegel Wedding Reception, the only Plaintiffs in this case[5] who kept a kosher diet outside of their home were Plaintiffs Michael Berenbaum and Melissa Patack,[6] who were guests at the wedding.

5. At one point during the Siegel Wedding Reception a platter of sushi containing shrimp was displayed.[7]

---

[1] These facts are undisputed for purposes of this Motion only.
[2] Deposition of Plaintiff Mark Siegel at 221:3-7. Pertinent excerpts and exhibits of the Deposition of Mark Siegel ("Dep. M. Siegel") are attached hereto as Exhibit 1. See also, Dep. M. Siegel, Ex. 4.
[3] Dep. M. Siegel at 221:12-15.
[4] Deposition of Plaintiff Judith Siegel at 57:15-18. Pertinent excerpts of the Deposition of Judith Siegel ("Dep. J. Siegel") are attached hereto as Exhibit 2.
[5] See Deposition of Plaintiff Michael Berenbaum at 35:21-36:1; See also Dep. M. Siegel at 15:19-16:6; and, See Deposition of Plaintiff Craig Baron at 22:17-22. Pertinent excerpts of the Deposition of Michael Berenbaum ("Dep. M. Berenbuam"), and his answers to interrogatories, are attached hereto as Exhibit 3. Pertinent excerpts of the Deposition of Craig Baron ("Dep. C. Baron"), and his answers to interrogatories, are attached hereto as Exhibit 4.
[6] For the reasons stated in Ridgewells' Motion to Compel the Deposition of Plaintiff Patack, Ridgewells' maintains that she should not be able to continue pursue any of her claims in this case.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4

6. Ridgewells' staff was surprised to discover there was shrimp in the sushi served at the Siegel Wedding Reception.[8]

7. Ridgewells' staff did not willfully, maliciously or intentionally serve shellfish at the Siegel Wedding Reception.[9]

8. When requested to do so, Ridgewells' staff removed the shrimp from the sushi display.[10]

9. Plaintiff Michael Berenbaum admitted he did not eat any shrimp at the Siegel Wedding Reception.[11]

10. Plaintiff Michael Berenbaum admitted he did not eat any sushi which he believes was un-kosher.[12]

11. Plaintiff Michael Berenbaum admitted he did not eat any dairy products at the Siegel Wedding Reception.[13]

12. Plaintiff Michael Berenbaum testified that he "cannot affirmatively state [he] ate unkosher food" at the Siegel Wedding Reception.[14]

13. Plaintiff Michael Berenbaum was not "personally the victim of a physical impact".[15]

14. Ridgewells did not make any representations to Plaintiff Michael Berenbaum about the food served at the Siegel Wedding Reception.[16]

---

[7] See Deposition of Toby Nann Silberstein at 78:10-12. Pertinent excerpts of the Deposition of Toby Nann Silberstein ("Dep. T. Silberstein") are attached hereto as Exhibit 5.
[8] Dep. M. Siegel at 170:9-14.
[9] See Dep. M. Siegel at 170:20-171:18; See also Dep. C. Baron at 81:8-18; 82:17-19; 160:8-161:2; See also Dep. J. Siegel at 104:9; See also Dep. M. Berenbaum at 68:6-17.
[10] See Dep. T. Silbersetin at 78-79.
[11] Dep. M. Berenbaum at 36:8:10.
[12] See Dep. M. Berenbaum at 32:6-12.
[13] M. Berenbaum Answer to Ridgewells' Interrogatory No. 5.
[14] Dep. M. Berenbaum at 38:2-5.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

5

15. Plaintiffs Mark or Judith Siegel told their guests, including Plaintiff Michael Berenbaum, that the Siegel Wedding Reception was allegedly a kosher event.[17] They did so knowing they had earlier rejected Ridgewells' option for a kosher wedding contract.[18]

16. The only representation upon which Plaintiff Michael Berenbaum relied upon at any time before eating at the Siegel Wedding Reception was made by Plaintiff Mark and Judith Siegel.[19]

17. Plaintiff Michael Berenbaum was not a party to the Contract, has not read the Contract, has not seen the Contract, and "can't say what [Ridgewells] did or did not violate" pursuant to the Contract.[20]

18. Plaintiff Melissa Patack admitted she did not eat any sushi at the Siegel Wedding Reception.[21]

19. Plaintiff Melissa Patack admitted she did not eat any dairy products at the Siegel Wedding Reception.[22]

20. Plaintiff Melissa Patack admitted she has no facts in support of her allegation that she was "personally the victim of a physical impact".[23]

---

[15] M. Berenbaum Answer to Ridgewells' Interrogatory No. 13.
[16] See Dep. M. Berenbaum at 46:12-13 "I've had no conversations with Ridgewells."
[17] See Dep. M. Berenbaum at 22:1-18; 30:14-22. See also Deposition of Jeffrey Wohlberg at 33:9. Pertinent excerpts of the Deposition of Jeffrey Wohlberg ("Dep. J. Wohlberg") are attached hereto as Exhibit 6.
[18] See Dep. M. Siegel at 54:2-11.
[19] Dep. M. Berenbaum at 59:1-20.
[20] Dep. M. Berenbaum at 52:1-5.
[21] Plaintiff Melissa Patack ("M. Patack") Answer to Ridgewells' Interrogatory No. 4, attached hereto as Exhibit 7.
[22] M. Patack Answer to Ridgewells' Interrogatory No. 5.
[23] See M. Patack Answer to Ridgewells' Interrogatory No. 13 where in she states in pertinent part "My understanding is that guests at the wedding who would not knowingly eat shrimp, eel or octopus mistakenly at those foods. Their harm was serious and verifiable." **Note: Plaintiff Patack mis-numbered her response to Ridgewells' Interrogatory No. 13 as "Answer to Interrogatory No. 12".**

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

21.  The only person who told Plaintiff Melissa Patack that the Siegel Wedding Reception would be kosher was her husband.[24]

22.  Plaintiffs Mark and Judith Siegel received a final invoice from Ridgewells following the Siegel Wedding Reception.[25]

23.  Plaintiffs Mark and Judith Siegel have not paid the final invoice for the Siegel Wedding Reception.[26]

## IV.   ARGUMENT

Plaintiffs cannot support their claims pursuant to the District of Columbia Consumer Protection Act, for Battery, and for Negligent Infliction of Emotional Distress.  For the reasons stated below, Plaintiffs have failed to establish the existence of essential elements to their case on which they bear the burden of proof at trial.  Each of these claims fails as a matter of law, based upon the undisputed facts.  For reasons more fully set forth below, this Court should grant this Motion and enter judgment in favor of Ridgewells as to these counts of Plaintiffs' Amended Complaint.

It is undisputed that Plaintiffs Mark and Judith Siegel have failed to pay to Ridgewells the outstanding balance of the bill for the Siegel Wedding Reception.  Therefore, Ridgewells also is entitled to judgment as a matter of law as to Count I of its Counter Complaint.

District of Columbia Consumer Protection Act (DCCPA)

Plaintiffs have failed to make a sufficient showing on essential elements of their claims pursuant to the DCCPA with respect to which Plaintiffs have the burden of proof.  It is well settled that "a claim for intentional misrepresentation under the [DCCPA] requires the same burden of proof as does a common law claim for such misrepresentation-the clear and

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[24] See M. Patack Answer to Ridgewells' Interrogatory No. 9.
[25] Dep. M. Siegel at 221:16-22; Dep. M. Siegel Ex. 5.

convincing standard." <u>Osbourne v. Capital City Mortg. Corp.</u>, 727 A.2d 322, 325-326 (D.C.1999); <u>See</u> also <u>Caulfield v. Stark</u>, 893 A.2d 970, 976 (D.C. 2006). Plaintiffs have no clear and convincing evidence to support the allegation that Ridgewells made any intentional misrepresentation related to the Contract. In fact, it is undisputed that Ridgewells' actions with regard to the Siegel Wedding Reception were neither willful nor intentional.

It is undisputed that the Contract signed by Plaintiffs Mark and Judith Siegel does not contain any representation, promise, or agreement to provide a kosher event.[27] Ridgewells initially offered to the Plaintiffs a strictly kosher catering contract, which the Plaintiffs rejected.[28] Plaintiffs wanted a less expensive alternative.[29] Mark Siegel asked if in lieu of a kosher contract, Ridgewells could simply purchase kosher meat to be served (along with all of the other food) and not serve dairy products.[30] Ridgewells agreed to do both of these things, and did so.[31] At all times relevant hereto, Ridgewells made it clear to the Plaintiffs that the Siegel Wedding Reception was not a kosher event.[32]

The <u>only</u> persons who made representations to anyone about the Siegel Wedding Reception being a kosher event were Plaintiffs Mark and Judith Siegel, not Ridgewells. The Siegels told their guests, including Plaintiff Michael Berenbaum, that the Siegel Wedding

---

[26] Dep. M. Siegel at 221:16-22.
[27] A copy of the Contract is attached hereto as <u>Exhibit 8</u>. <u>See</u> also Dep. M. Siegel Ex. 4.
[28] Dep. M. Siegel at 54:4-11; 157:3-159:9.
[29] <u>See</u> Dep. M. Siegel at 58:20-61:20; <u>See</u> also Dep. T. Silberstein at 210:10-211:12.
[30] <u>See</u> Dep. M. Siegel at 157:10-22.
[31] <u>See</u> Dep. M. Siegel at 97:7-14; <u>See</u> also Dep. T. Silberstein at 47:18-48:5; 54:18-56:9; 132:22-133:6; 149:4-16; 190:18-191:8 <u>See</u> also Deposition of David Keener at 97:21-98:1. Pertinent excerpts of the Deposition of David Keener ("Dep. D. Keener") are attached hereto as <u>Exhibit 9</u>.
[32] <u>See</u> Dep. M. Siegel at 32:18-22; <u>See</u> T. Silberstein at 59:6-9.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Reception was a kosher event.[33] Plaintiff Michael Berenbaum, in turn, told Plaintiff Melissa Patack that the Siegel Wedding Reception would be kosher.[34]

Plaintiffs have a burden of proof to show by clear and convincing evidence, sufficient facts in support of a claim for intentional misrepresentation by Ridgewells.[35] Discovery now is closed in this matter, and Plaintiffs cannot come close to meeting that burden.

### Battery

Plaintiffs Michael Berenbaum and Melissa Patack cannot show sufficient facts to support their claim that Ridgewells committed a battery against them. They cannot establish the existence of two essential elements for a claim for battery, namely intent and a harmful or offensive bodily contact. Therefore, Ridgewells is entitled to judgment as a matter of law.

In order to recover for battery, a plaintiff must prove defendant committed an "intentional act that causes harmful or offensive bodily contact." District of Columbia v. Chinn, 839 A.2d 701, 705 (D.C.,2003); See also Holder v. District of Columbia, 700 A.2d 738 (D.C.App.,1997) (citing Etheredge v. District of Columbia, 635 A.2d 908, 916 (D.C.1993) ("A battery is an intentional act that causes a harmful or offensive bodily contact").

There is no fact in this case to support the allegation that Ridgewells committed an intentional act that caused harm or an offensive contact to Mr. Berenbaum or Ms. Patack. In fact, both testified to the contrary. Plaintiff Melissa Patack admits that she did not eat any of the sushi.[36] Plaintiff Michael Berenbaum admits he did not eat shrimp, and "cannot affirmatively

---

[33] See Dep. M. Berenbaum at 22:1-18; 30:14-22.
[34] M. Patack Answer to Ridgewells' Interrogatory No. 9.
[35] "The clear and convincing standard is much more demanding; it requires "a degree of persuasion higher than 'mere preponderance of the evidence,' but still somewhat less than 'clear, unequivocal and convincing' or 'beyond a reasonable doubt.'" Hopkins v. Price Waterhouse, 737 F.Supp. 1202, n.3 (D.D.C. 1990), citing Collins Sec. Corp. v. SEC, 562 F.2d 820, 824 (D.C.Cir. 1977).
[36] M. Patack Answer to Ridgewells' Interrogatory No. 4.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

state [he] ate unkosher food" at the Siegel Wedding Reception.[37] As explained above, it is undisputed that Ridgewells' service of shrimp at the Siegel Wedding Reception was neither willful nor intentional.[38]

As a matter of law neither of these Plaintiffs can sufficiently establish the existence of essential elements of their claim of battery. There was no intent and no contact. Both of these elements are prerequisite to sustaining a claim of battery as a matter of District of Columbia law.

Negligent Infliction of Emotional Distress

None of these Plaintiffs can show sufficient facts to support their claim that Ridgewells has negligently inflicted emotional distress upon them. It is undisputed that they cannot establish the prerequisite element of physical contact, thereby making Ridgewells entitled to judgment as a matter of law on this count.

In Morgan v. Psychiatric Institute of Washington, 692 A.2d 417 (D.C.1997), the Court discussed the elements a plaintiff is required to prove in order to sustain a claim for negligent infliction of emotional distress. Specifically, the Court discussed the "impact rule" regarding this cause of action which states that a plaintiff "could recover only for negligent infliction of emotional distress that resulted from a direct physical injury." Id. at 420 (emphasis added). "[W]hile the physical injury need not be substantial in order to recover, 'there nonetheless must be at least some physical injury'." Id. (citing Asuncion v. Columbia Hosp. for Women, 514 A.2d 1187, 1189 (D.C.1986)(emphasis added)).[39]

---

[37] Dep. M. Berenbaum at 38:2-5.

[38] See Dep. M. Siegel at 170:20-171:18; See also Dep. C. Baron at 81:8-18; 82:17-19; 160:8-161:2; See also Dep. J. Siegel at 104:9; See also Dep. M. Berenbaum at 68:6-17.

[39] In Williams v. Baker, 572 A.2d 1062 (D.C.1990), the Court extended the cause of action for negligent infliction of emotional distress, holding that plaintiffs who were in a zone of physical danger that was caused by a defendant's negligence, and who suffered physical injury as a result of the fear for their own safety, could make a claim for negligent infliction of emotional distress regardless of whether there was a physical impact (the "zone of danger" exception). See Morgan

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

It is undisputed that there is no physical impact by Ridgewells against Plaintiffs. To the extent that any of the Plaintiffs claim that eating sushi constitutes the requisite "physical contact" necessary for a claim of negligent infliction of emotional distress, the undisputed facts are:

- Plaintiff Melissa Patack did not eat any of sushi at the Siegel Wedding Reception;[40]

- Plaintiff Michael Berenbaum admits he did not eat shrimp, and "cannot affirmatively state [he] ate unkosher food" at the Siegel Wedding Reception;[41]

- Plaintiff Mark Siegel admits he did not eat any sushi at the Siegel Wedding Reception;[42]

- Plaintiff Mark Siegel routinely eats non-kosher food.[43]

- Plaintiff Judith Siegel admits she did not unknowingly eat any sushi at the Siegel Wedding Reception;[44]

- Plaintiff Judith Siegel routinely eats non-kosher food.[45]

- Plaintiff Rebecca Baron Siegel admits she did not unknowingly eat any sushi at the Siegel Wedding Reception;[46]

- Plaintiff Craig Siegel cannot testify that he ate any sushi at the Siegel Wedding Reception;[47]

---

v. Psychiatric Institute of Washington, 692 A.2d 417, 420-21 (D.C.1997) (citing Williams v. Baker, 572 A.2d 1062, 1067 (D.C.1990)). This exception is inopposite here.
[40] M. Patack Answer to Ridgewells' Interrogatory No. 4.
[41] Dep. M. Berenbaum at 38:2-5.
[42] See Dep. M. Siegel at 105:6-8; 199:7-12.
[43] See Dep. M. Siegel at 15:19-16:1; 188:7-14.
[44] See Dep. J. Siegel at 95:12-17.
[45] See Dep. M. Siegel at 188:7-14.
[46] See Deposition of Rebecca Siegel Baron at 33:10-34:20. Pertinent excerpts of the Deposition of Rebecca Siegel Baron ("Dep. R. Baron") are attached hereto as Exhibit 10.
[47] See C. Baron Answer to Ridgewell's Interrogatory No. 2.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Plaintiffs have no evidence that they have suffered a physical injury that is <u>serious</u> and <u>verifiable</u>. It is undisputed that:

- Plaintiff Mark Siegel never sought or obtained medical treatment for any emotional or physical injury he allegedly sustained as a result of Ridgewells' actions;[48]

- Plaintiff Judith Siegel never sought or obtained medical treatment for any emotional or physical injury she allegedly sustained as a result of Ridgewells' actions;[49]

- Plaintiff Rebecca Baron Siegel never sought or obtained medical treatment for any emotional or physical injury she allegedly sustained as a result of Ridgewells' actions;[50]

- Plaintiff Craig Baron never sought or obtained medical treatment for any emotional or physical injury he allegedly sustained as a result of Ridgewells' actions;[51]

- Plaintiff Michael Berenbaum never sought or obtained medical treatment for any emotional or physical injury he allegedly sustained as a result of Ridgewells' actions;[52]

- Plaintiff Melissa Patack never sought or obtained medical treatment for any emotional or physical injury she allegedly sustained as a result of Ridgewells' actions;[53]

---

[48] <u>See</u> Dep. M. Siegel at 183:5-10.
[49] Dep. J. Siegel at 129:20-130:5.
[50] Dep. R. Baron at 61:6-12.
[51] Dep. C. Baron at 166:2-8.
[52] <u>See</u> M. Berenbaum Answer to Ridgewells' Interrogatory No. 14

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

12

Because Plaintiffs cannot show sufficient facts to support their claims for negligent infliction of emotional distress, they cannot satisfy their burden of proof on this claim. Ridgewells is entitled to judgment as a matter of law on this count.

Counter Complaint for Breach of Contract

The Contract was a valid agreement between Plaintiffs Mark and Judith Siegel and Ridgewells. Pursuant to the Contract, Ridgewells performed catering services for the Siegel Wedding Reception, and Plaintiffs Mark and Judith Siegel were obligated to make payments for those services. It is undisputed that Ridgewells sent to Plaintiffs Mark and Judith Siegel a final invoice for payment,[54] and that Plaintiffs Mark and Judith Siegel have failed to pay the amounts owed pursuant to the Contract.

Plaintiffs Mark and Judith Siegel have breached their agreement to pay Ridgewells for its services pursuant to the Contract. Ridgewells is entitled as a matter of law to the $11,000.00 balance owed on the Contract.

* * *

WHEREFORE, Defendant, Ridgewell's, Inc., respectfully request that this Honorable Court enter judgment as follows:

1.    Judgment in favor of Ridgewells and against each Plaintiff on the First Claim pursuant to the District of Columbia Consumer Protection Act (DCCPA) in their Amended Complaint;

---

[53] See M. Patack Answer to Ridgewells' Interrogatory No. 14. Ridgewells asked "Describe with particularity the 'severe emotional injury' you allege you suffered as a result of the Defendant's alleged conduct, including stating any expenses you have incurred for treatment of any such severe emotional injury." Ms. Patack responded only that "My emotional harm derived from knowing my friends were very upset." **Note: Plaintiff Patack referred to this Interrogatory and Answer as No. 13, when in fact this was Ridgewells' Interrogatory No. 14.**
[54] As a courtesy, Ridgewells gave to Plaintiffs Mark and Judith Siegel a $2,200.00 credit on the final invoice for the cost of all of the sushi for the event.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2. Judgment in favor of Ridgewells and against Plaintiffs Melissa Patack and Michael Berenbaum on their Third Claim of Battery in their Amended Complaint;

3. Judgment in favor of Ridgewells and against each Plaintiff on their Fourth Claim of Negligent Infliction of Emotional Distress in their Amended Complaint;

4. Judgment in favor of Ridgewells and against Mark and Judith Siegel as to Count I, in Ridgewells' Counter Complaint in the amount of $11,000.00.

5. And for such other and further relief as the Court deems appropriate.

                STEIN, SPERLING, BENNETT, DE JONG,
                  DRISCOLL & GREENFEIG, P.C.

By:    /s/
     Jeffrey M. Schwaber (D.C. Bar No. 419681)
     Ivonne C. Lindley (D.C. Bar No. 485577)
     25 West Middle Lane
     Rockville, MD 20850
     (301) 340-2020
     (301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

## REQUEST FOR HEARING

Defendant Ridgewells hereby respectfully requests a hearing on this Motion.

By:    /s/
     Ivonne C. Lindley

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.MOTION.SMJ.rev.2.doc

14