# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/ Counter-Defendants,* ) | |
| ) | Civil Action No. 05-1717 (JGP) |
| v. ) | |
| ) | |
| RIDGEWELL'S, INC., ) | |
| ) | |
| *Defendant/ Counter-Plaintiff.* ) | |
| ) | |

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule LCvR 7(h) of the Rules of the United States District Court for the District of Columbia, the Plaintiffs submit this Statement of Material Facts as to which there is no genuine issue. References are to Plaintiffs' contract with Ridgewell's (attached as Exhibit 1 to the First Amended Complaint); Defendant's Answer to First Amended Complaint ("Def. Ans."); and the Deposition Transcripts of Ms. Toby Nann Silberstein, Mr. Mark A. Siegel, Rabbi William D. Rudolph, Rabbi Jeffrey A. Wohlberg, Rabbi Leonard Gordon, Ms. Nomi Mummert, and Mr. David Keener.

1.　Plaintiffs Mark A. Siegel and Judith S. Siegel are residents of the District of Columbia who contracted with the Defendant on or about December 3, 2004, for catering services for the wedding reception of their daughter Rebecca to be held at the Corcoran Gallery of Art on the evening of April 2, 2005. Def. Ans. ¶ 7.

2.　Plaintiffs Craig and Rebecca Baron were the bride and groom at the wedding held at the Corcoran Gallery of Art on the evening of April 2, 2005. Def. Ans. ¶¶ 8, 9.

3. Defendant Ridgewell's, Inc., is a corporation organized under the laws of the Delaware with its principal office at 5525 Dorsey Lane, Bethesda, Maryland and provides catering services in the Greater Washington D.C. area. Def. Ans. ¶ 11.

4. Defendant Ridgewell's Inc., was contacted by Plaintiffs Mark Siegel and Judith Siegel. The Siegels met with Toby Nann, who is employed by Defendant Ridgewell's, Inc., to discuss and review the menu with them. Plaintiffs Mark Siegel and Judith Siegel explained to Ms. Nann that it was important to them that basic principles of the Jewish dietary laws known as *kashrut* be followed at the wedding. They asked that the meat served at the dinner be kosher meat and that no dairy products be served at the reception. Def. Ans. ¶¶ 12-14, Nann Dep. Tr. pp. 31, 85. Ms. Nann also understood that there should not be any shrimp at the event. Nann Dep. Tr. p.74.

5. Ms. Nann represented to the plaintiffs that she was familiar with Jewish dietary laws because she had been a "*mashgiach*" (a supervisor of compliance with Jewish dietary laws) for the Conservative Jewish rabbinical organization in the Washington area. Nann Dep. Tr. pp. 24-27; M. Siegel Dep. Tr. p. 27.

6. On December 3, 2004, Plaintiff Judith Siegel signed a contract with Defendant Ridgewell's, Inc., under which Defendant was to provide the catering service for the wedding to be held at the Corcoran Gallery of Art on April 2, 2005. The contract stated that the gourmet bread baskets were to be served with margarine and that the coffees and teas at the dinner were to be served with non-diary creamer. Def. Ans. ¶¶ 15, 17-18. The contract also stated that the sushi would be "Made to Order" and would contain "yellow fin tuna," "salmon," and a "crisp veggie assortment." First Amended Complaint, Exhibit 1, p.2.

2

7.     Plaintiffs attended a "tasting" on February 26, 2005, and no shrimp, octopus, or eel was served at the tasting. Def. Ans. ¶ 19.

8.     The wedding guests gathered on April 2, 2005, at the Corcoran Gallery of Art and, following the ceremony, the guests proceeded to the third floor of the Gallery where the *hors d'oeuvres* stations were located. Def. Ans. ¶¶ 21, 22.

9.     The sushi platters provided by Ridgewell's at the wedding contained shrimp. Def. Ans. ¶ 24. Ms. Nann knows that shrimp, octopus, and eel are not kosher. Def. Ans. ¶ 27. The rabbis who testified by deposition – including Ridgewell's expert rabbi -- agree that shrimp is "clearly outside of the bounds of" what is considered kosher and is comparable (in that regard) to pork. Rabbi W. Rudolph Dep. Tr. pp. 85-88; Rabbi J. Wohlberg Dep. Tr. pp. 116-117; Rabbi L. Gordon Dep. Tr. pp. 127-129.

10.    When the Siegels discovered the shrimp at the reception, they promptly notified Ms. Nann. Ms. Nann arranged for the removal of the shrimp that was then at the sushi station, and replaced the initial trays of sushi with new trays of sushi. Def. Ans. ¶¶ 24, 25, 26.

11.    Ridgewell's hired an outside vendor (Sushi USA) to prepare the sushi for the Siegel-Baron wedding reception. Ridgewell's failed to instruct the sushi vendor to omit all shellfish (including shrimp, eel, and octopus) from the sushi platter. The only instruction Ridgewell's gave to the sushi vendor was to avoid "pork" – a food that is never found in sushi. Mummert Dep. Tr. pp. 50-51; Nann Dep. Tr. p. 76.

12. The chefs from Ridgewell's who prepared the *hors d'oeuvres* served at the Siegel-Baron wedding reception were not told that *only* kosher meat was to be used for their dishes. Keener Dep. Tr. pp. 90-94.

Dated: October 30, 2006

Respectfully submitted,

 /s/ Nathan Lewin
NATHAN LEWIN (D.C. Bar No. 38299)
ALYZA D. LEWIN (D.C. Bar No. 445506)
**LEWIN & LEWIN, LLP**
1828 L Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 828-1000
(202) 828-0909 fax

*Attorneys for Plaintiffs-Counter-Defendants*