THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**RIDGEWELLS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Defendant, Ridgewell's Inc. ("Ridgewells"), by its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. P. 7, Fed. R. Civ. P. 56, and LCvR 7, hereby submits this Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion"), and states as follows:

**I.    INTRODUCTION.**

In a desperate effort to negate Defendants' Summary Judgment Motion, Plaintiffs have filed a scatter-gun motion of their own, despite a patent failure to come close to the requisite showing to support their claims.

Plaintiffs' Motion and accompanying Statement of Facts contain no facts material to the determination of whether Plaintiffs are entitled to judgment as a matter of law on *any* claim in Plaintiffs' Amended Complaint. As further explained herein, Ridgewells is the party entitled to judgment as a matter of law because Plaintiffs' claims brought pursuant to the District of Columbia Consumer Protection Procedures Act ("CPPA") are legally defective and cannot be

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

sustained.   In Plaintiffs' Motion, they admit the absence of the fundamental prerequisite element of this claim – intent.

There is no conceivable basis for Plaintiffs' bald assertion that Ridgewells indisputably misrepresented anything.  In fact, Ridgewells expressly has denied making any misrepresentations.  What is clearly undisputed is that "[a]t this stage of the proceeding, [Plaintiffs] cannot allege or prove that Ridgewells' misrepresentation was intentional."[1]   There is no civil liability under the CPPA for an *unintentional* misrepresentation.  Plaintiffs themselves concede they cannot meet their burden of proof that Ridgewells made any intentional misrepresentation related to the Contract.   For the reasons stated herein, and in Ridgewells' previously filed Motion for Summary Judgment, Plaintiffs' Motion must be denied.

## II.    STANDARD AND APPLICABLE LAW.

Federal Rule of Civil Procedure 56 provides for judgment on all or part of an action in favor of the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  The moving party is entitled to judgment as a matter of law when there is no genuine issue as to any material fact, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.  Plaintiffs.  The purpose of Fed. R. Civ. P. 56 is "to isolate and dispose of factually unsupported claims or defenses." Id. at 323, 2553.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

It is well settled that "a claim for intentional misrepresentation under the [CPPA] requires the same burden of proof as does a common law claim for such misrepresentation - the clear and convincing standard." Osbourne v. Capital City Mortg. Corp., 727 A.2d 322, 325-326 (D.C.1999); See also Caulfield v. Stark, 893 A.2d 970, 976 (D.C. 2006).   The elements of the claim of fraudulent misrepresentation include:

> (1) that the defendant made a false representation of a material fact; (2) that the defendant either made the representation knowing the representation was false, or made the representation recklessly without knowing if it was true; (3) **that the defendant made the representation with the intent to deceive the plaintiff**.[2] [(4) that the plaintiff justifiably relied on the representation]; and (5) that the plaintiff suffered damages as a result of [his][her] reliance on the representation.

To be a fraudulent misrepresentation, a fact must be material.  "A fact is material if it would influence a reasonable person to act or not to act."[3]  Furthermore,

> Intent to deceive means that the maker of the statement must have specifically intended that the representation be made, **that it be made to the person who actually received it**, that it should convey a certain meaning, that it be believed by the person to whom it was made.   * * *  In other words, to do an act with intent means to do it consciously and voluntarily and not inadvertently or accidentally.[4]

Plaintiffs' reliance is misplaced on Caulfield v. Stark, 893 A.2d 970, 976 (D.C. 2006) for the proposition that a Court may impose civil liability under the CPPA even for an *unintentional*

---

[1] Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment, page 10.
[2] Standardized Civil Jury Instructions for the District of Columbia, No. §20.01 (2006 rev. ed.) (emphasis added).
[3] Standardized Civil Jury Instructions for the District of Columbia, No. §20.02(B)(2006 rev. ed.)(emphasis added).
[4] Standardized Civil Jury Instructions for the District of Columbia, No. §20.02(D) (2006 rev. ed.) (emphasis added). See also Mills v. Cosmopolitan Ins. Agency, Inc., 424 A.2d 43, 49 (D.C. 1980); Nader v. Allegheny Airlines, Inc., 626 F2d 1031, 1037, 200 U.S. App. D.C. 167 (1980).

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3

*misrepresentation*.[5]   In Caulfield, a patient sued her doctor for negligence, fraudulent misrepresentation, and unlawful trade practices pursuant to the CPPA.  Upon consideration of the Caulfields' appeal of the trial court's granting of defendants' motion for judgment as a matter of law, the Court reiterated the law in the District of Columbia is that "the clear and convincing evidence standard applies to claims of intentional misrepresentation under the CPPA."[6]  Although, the Court held that the performance of medical services was a trade practice, enabling a patient to bring a claim for fraudulent misrepresentation under the CPPA, the Court ultimately found that defendants' actions "cannot be characterized as misrepresentations or omissions of material facts which had a tendency to mislead (or came within any of the other CPPA formulations on which the Caulfields rely)."[7]

### III. ARGUMENT.

1. <u>Plaintiffs' Are Not Entitled To Summary Judgments On Their Claims Pursuant To The District Of Columbia Consumer Protection Procedures Act</u>.

It is undisputed that "[a]t this stage of the proceeding, [Plaintiffs] cannot allege or prove that [any] Ridgewells' misrepresentation was intentional."[8]   In fact, Plaintiffs actually have conceded that any conceivable misrepresentations by Ridgewells' with regard to the Siegel Wedding Reception - - an accusation which Ridgewells strenuously contests - - were neither willful nor intentional.[9]   Without clear and convincing evidence of an <u>intentional</u>

---

[5] The Caulfield Court cited a federal court decision "where Judge Urbina concluded that 'an unintentional-misrepresentation claim would fall *outside the scope* of the CPPA." Caulfield v. Stark, 893 A.2d at 976-77, citing Dorn v. McTigue, 121 F.Supp.2d 17, 19 (D.D.C. 2000).

[6] Caulfield v. Stark, 893 A.2d 970, 976 (D.C. 2006).

[7] Id., 893 A.2d at 979.

[8] Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment, page 10.

[9] See Deposition of Mark Siegel at 170:20-171:18.  Pertinent excerpts of the Deposition of Mark Siegel ("Dep. M. Siegel") are attached hereto as Exhibit 2.  See also Dep. J. Siegel at 104:9.  Pertinent excerpts of the Deposition of Judith Siegel ("Dep. J. Siegel") are attached hereto as Exhibit 3.  See also Dep. C. Baron at 81:8-18; 82:17-19; 160:8-161:2.  Pertinent excerpts of the Deposition of Craig Baron ("Dep. C. Baron") are attached hereto as Exhibit 4.  See also Dep.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

misrepresentation, Plaintiffs cannot legally establish the existence of an essential element to their case on which they bear the burden of proof at trial. Therefore, based on the undisputed facts, Plaintiffs' claims pursuant to the CPPA fail as a matter of law.

The Contract with Ridgewells signed by Plaintiffs Mark and Judith Siegel does not contain any representation, promise, or agreement to provide a kosher event.[10] At all times relevant hereto, Ridgewells made it clear to the Plaintiffs that the Siegel Wedding Reception was not a kosher event.[11]  It is an undisputed material fact that Ridgewells initially offered to the Siegels a strictly kosher catering contract, which they rejected.[12] Ridgewells made no misrepresentation about its ability and willingness to provide a kosher event – rather, the Plaintiffs simply wanted a less expensive alternative.[13] Specifically, Mark Siegel asked if in lieu of a kosher contract**,** Ridgewells could simply purchase kosher meat to be served (along with all of the other food) and not serve dairy products.[14] Ridgewells agreed to do both of these things, and in fact did so.[15]

Plaintiffs admit that the extent of their argument at this juncture is that Ridgewells "may have been negligent"[16] in serving shrimp[17] with the sushi at the Siegel Wedding Reception. The

---

M. Berenbaum at 68:6-17. Pertinent excerpts of the Deposition of Michael Berenbaum ("Dep. M. Berenbaum") are attached hereto as Exhibit 5.
[10] A copy of the Contract is attached hereto as Exhibit 1.
[11] See Dep. M. Siegel at 32:18-22; See also T. Silberstein at 59:6-9. Pertinent excerpts of the Deposition of Toby Nann Silberstein ("Dep. T. Silberstein") are attached hereto as Exhibit 6
[12] Dep. M. Siegel at 54:4-11; 157:3-159:9.
[13] See Dep. M. Siegel at 58:20-61:20; See also Dep. T. Silberstein at 210:10-211:12.
[14] See Dep. M. Siegel at 157:10-22.
[15] See Dep. M. Siegel at 97:7-14; See also Dep. T. Silberstein at 47:18-48:5; 54:18-56:9; 132:22-133:6; 149:4-16; 190:18-191:8 See also Deposition of David Keener at 97:21-98:1. Pertinent excerpts of the Deposition of David Keener ("Dep. D. Keener") are attached hereto as Exhibit 9.
[16] Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment, page 4.
[17] The suggestions made in the "Declaration of David Seigel" attached to Plaintiffs' Motion as Exhibit 12 that he saw eel, octopus and surf claim in the sushi display should not be

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

5

record is replete with evidence to the contrary, which, when taken in a light most favorable to Ridgewells, is sufficient to defeat Plaintiffs' Motion.  As a matter of District of Columbia law, negligent mistakes cannot form the basis for claims of fraudulent misrepresentation pursuant to the CPPA.  It is for this reason that Ridgewells' Motion - - and not that of Plaintiffs - - should be granted.

As the testimony makes clear, the only persons who made representations to anyone about the Siegel Wedding Reception being a kosher event were Plaintiffs, not Ridgewells.[18]  The Siegels told their own guests, including Plaintiff Michael Berenbaum, that the Siegel Wedding Reception was a kosher event.[19]  In fact, they knew otherwise.[20]  Plaintiff Michael Berenbaum, in turn, told his wife, Plaintiff Melissa Patack that the Siegel Wedding Reception would be kosher.[21]  For this, Plaintiffs choose to blame Ridgewells.

Plaintiffs carry the burden of proving, by clear and convincing evidence sufficient facts in support of a claim for intentional misrepresentation by Ridgewells.[22]  Not one item listed in Plaintiffs Statement of Facts supports the contention that Ridgewells made any representation regarding the Siegel Wedding Reception.  "At this stage of the proceeding" discovery is closed and Plaintiffs have conceded they cannot meet their burden.

---

considered by the Court for the reasons stated in "Ridgewells' Motion to Strike Declaration of David Seigal" to be filed shortly.

[18] Significantly, not one of items listed in Plaintiffs Statement of Facts is in support of the contention that Ridgewells made any representation regarding the Siegel Wedding Reception to Plaintiffs Michael Berenbaum or Melissa Patack.

[19] See Dep. M. Berenbaum at 22:1-18; 30:14-22.

[20] See Dep. M. Siegel at 32:18-22; 54:4-11; 58:20-61:20; 157:3-159:9; See also T. Silberstein at 59:6-9; 210:10-211:12.

[21] M. Patack Answer to Ridgewells' Interrogatory No. 9, a copy of which is attached hereto as Exhibit 8.

[22] The clear and convincing standard is requires "a degree of persuasion higher than 'mere preponderance of the evidence,' but still somewhat less than 'clear, unequivocal and convincing' or 'beyond a reasonable doubt.'" Hopkins v. Price Waterhouse, 737 F.Supp. 1202, n.3 (D.D.C. 1990), citing Collins Sec. Corp. v. SEC, 562 F.2d 820, 824 (D.C.Cir. 1977).

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2. <u>Ridgewells Can Establish Each Element Essential To Its Counter-Claims Against Counter-Defendants Mark Siegel And Judith Siegel</u>.

Plaintiffs are not entitled to Summary Judgment on Ridgewells' counter-claims for Breach of Contract, Defamation, and Intentional Interference with Prospective Economic Advantage.

(a) <u>Breach of Contract</u>

There is sufficient evidence that Counter-defendants Mark and Judith Siegel breached their obligation to pay Ridgewells for its services performed pursuant to the Contract. "Under the law, if one party, without legal excuse, fails to fully perform a duty owed under a contract, then that party has breached the contract."[23]

The Contract is the only written agreement between Ridgewells and Counter-defendants Mark and Judith Siegel regarding the Siegel Wedding Reception.[24] Pursuant to the Contract, Ridgewells performed catering services for the Siegel Wedding Reception, and Plaintiffs Mark and Judith Siegel were obligated to make payments for those services. Plaintiffs were well aware that the Contract "didn't mention either kosher or kosher division anywhere on it."[25] Counter-defendants Mark and Judith Siegel have no legal excuse for failing to pay the balance owed pursuant to the Contract. It is undisputed that Ridgewells sent to Plaintiffs Mark and Judith Siegel a final invoice for payment,[26] and that Plaintiffs Mark and Judith Siegel, without a legally sufficient excuse,[27] have failed to pay the amounts owed.

---

[23] Standardized Civil Jury Instructions for the District of Columbia, No. §11.17 (2006 rev. ed.).
[24] Dep. M. Siegel at 221:12-15.
[25] Dep. J. Siegel at 57:15-18.
[26] As a courtesy, Ridgewells gave to Counter-defendants Mark and Judith Siegel a $2,200.00 credit on the final invoice for the cost of all of the sushi for the event.
[27] For the reasons stated herein and in Ridgewells' previously filed Motion for Summary Judgment.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

(b) <u>Defamation</u>

In order to sustain its claim for defamation Ridgewells must show (1) that Counter-defendant Mark Siegel published false statements about Ridgewells; (2) that his statements were defamatory; (3) that he was negligent in publishing the statements; and (4) that Ridgewells suffered actual injury as a result.[28]  To publish "means to communicate the statement to a third person."[29]  Furthermore, "to be negligent in publishing means to unreasonably fail, under the circumstances, to take care that the statement was true."[30]  Finally, "a statement is defamatory if it tends to injure a person in his or her trade, profession or community standing, or lowers him or her in the estimation of the community."[31]

There is ample evidence in this case that Mark Siegel made false and defamatory statements about Ridgewells.  His published statements include, but are not necessarily limited to, that:

- Ridgewells' employees were a "bunch of morons";[32]

- Ridgewells served dairy products;[33]

- "There's fucking cream cheese on the canapés.  This is supposed to be a kosher event, and you've ruined it. How can my guests believe anything you say."[34]

- Ridgewells' employees were trying to steal Mr. Siegel's wine;[35]

- "This is a kosher event" and "you have ruined the wedding"[36]

---

[28] <u>See</u> Standardized Civil Jury Instructions for the District of Columbia, No. §17.01 (2006 rev. ed.).
[29] Standardized Civil Jury Instructions for the District of Columbia, No. §17.01 (2006 rev. ed.).
[30] Standardized Civil Jury Instructions for the District of Columbia, No. §17.01 (2006 rev. ed.).
[31] Standardized Civil Jury Instructions for the District of Columbia, No. §17.01 (2006 rev. ed.).
[32] <u>See</u> Dep. T. Silberstein at 93:18-22.
[33] Dep. M. Siegel at 115:17-116:5; <u>See</u> <u>also</u> Dep. T. Silberstein at 87:6-8.
[34] Ridgewells' Answer to Interrogatory No. 14, a copy of which is attached hereto as <u>Exhibit 10</u>.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

8

Mark Siegel cannot defeat Ridgewells' claim for defamation by claiming that he merely was stating his opinions. He cannot demonstrate a scintilla of truth to support his outrageous statements.

Ridgewells has alleged that Mark Siegel was purporting to state facts about Ridgewells in public that were not true,[37] and that Ridgewells has been damaged thereby. Counter-defendant Mark Siegel propounded only one interrogatory regarding this claim. In response, Ridgewells' identified several individuals who witnessed Counter-defendant Mark Siegel publishing false and defamatory statements. With predictable hubris, Counter-defendant Mark Siegel never pursued additional discovery on this claim to test it in this case. At this point, Ridgewells is permitted to prove this count at trial.

(c) <u>Intentional Interference with Prospective Economic Advantage</u>

To establish a prima facie case of interference with prospective economic advantage, "a plaintiff must show that the interference was intentional and that there was resulting damage." <u>Brown v. Carr</u>, 503 A.2d 1241, 1247 (D.C.,1986) citing Alfred A. Altimont, Inc. v. Chatelain, Samperton & Nolan, 374 A.2d 284, 289 (D.C. 1977). Furthermore,

> [B]usiness expectancies, not grounded on present contractual relationships but which are commercially reasonable to anticipate, are considered to be property and therefore protected from unjustified interference. * * * For the most part the 'expectancies' thus protected have been those of future contractual relations, such as the prospect of obtaining employment or employees, or the opportunity of obtaining customers.

<u>Carr v. Brown</u>, 395 A.2d 79, 84 (D.C., 1978)

---

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

[35] <u>See</u> Dep. M. Siegel at 178:8-10; <u>See also</u> Dep. T. Silberstein at 93:20-21; <u>See also</u> Ridgewells' Answer to Interrogatory No. 14.
[36] Dep. M. Siegel at 144:11-14; <u>See also</u> Ridgewells' Answer to Interrogatory No. 14.
[37] <u>See</u> Dep. T. Silberstein at 85:3-16; 87:5-19; 94:2-3.

9

Counter-defendant Mark Siegel has not disputed that Ridgewells had business expectancies to provide catering services to other consumers in the Washington Metropolitan area. He has not disputed that his intentional actions and defamatory statements have improperly caused other consumers in this community to question Ridgewells' abilities to provide Kosher catering service, and otherwise to refrain from using Ridgewell's for catering services. He has not challenged Ridgewells' allegation that his actions were calculated to cause damage to Ridgewells, and to fulfill his promise to "put them out of business"[38]. Instead, Mark Seigel's sole support for his summary judgment motion on this count is his pompous suggestion that he "deserves commendation" for his assault on Ridgewells' good name.

Ridgewells sufficiently has alleged that it had business expectancies with other consumers in the Washington Metropolitan area, that included, *inter alia*, providing catering services to other consumers. Mr. Siegel, by his actions more fully described herein, intentionally and improperly caused other consumers in this community to question Ridgewells' abilities to provide Kosher catering service, and otherwise to refrain from using Ridgewell's for catering services. Mr. Siegel's actions were calculated to cause damage to Ridgewell's, and to "put Ridgewell's out of business," and in fact have caused harm, loss, and damage to Ridgewell's.

Mr. Siegel never bothered to explore this Count in discovery.[39] Ridgewells has fully preserved its ability to prove this Count at trial.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[38] See Dep. T. Silberstein at 94:13-18.
[39] Counter-defendant Mark Siegel's only interrogatory (No. 13) only asked for all *documentation* and *oral reports* in support of the claim.

\* \* \*

WHEREFORE, Defendant, Ridgewell's, Inc., respectfully request that this Honorable Court enter an Order denying Plaintiffs' Motion for Summary Judgment, and for such other and further relief as the Court deems appropriate.

                                      STEIN, SPERLING, BENNETT, DE JONG,
                                         DRISCOLL & GREENFEIG, P.C.

By:          /s/
       Jeffrey M. Schwaber (D.C. Bar No. 419681)
       Ivonne C. Lindley (D.C. Bar No. 485577)
       25 West Middle Lane
       Rockville, MD 20850
       (301) 340-2020
       (301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

## REQUEST FOR ORAL HEARING

Please take notice, that the undersigned respectfully request an oral hearing on Plaintiffs' Motion and Defendant's Opposition.

By:          /s/
       Jeffrey M. Schwaber (D.C. Bar No. 419681)
       Ivonne C. Lindley (D.C. Bar No. 485577)

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.OPPOSITION.P MSJ.rev.doc