# EXHIBIT "8"

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, et al.,

    Plaintiffs,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**PLAINTIFF MELISSA PATACK'S ANSWERS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

TO:    RIDGEWELL'S, INC.
c/o Jeffrey M. Schwaber (D.C. Bar No. 419681)
Ivonne C. Lindley (D.C. Bar No. 485577)
Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C.
25 West Middle Lane
Rockville, MD 20850

FROM:    MELISSA PATACK
c/o Nathan Lewin (D.C. Bar No. 38299)
Alyza D. Lewin (D.C. Bar No. 445506)
Lewin & Lewin, LLP
1828 L Street, N.W., Suite 901
Washington, DC 20036

**INTERROGATORIES**

<u>INTERROGATORY NO. 1</u>:

State your full name, home and business address, marital status, date of birth, social security number, age, any other names by which you have been known, current occupation, and names and ages of children.

## ANSWER TO INTERROGATORY NO. 1:

| | |
|---|---|
| Name: | Melissa Beth Patack |
| Home Address: | 1124 S. Orlando Avenue<br>Los Angeles, CA 91436 |
| Business Address: | Motion Picture Association of America, Inc.<br>15503 Ventura Blvd.<br>Encino, CA 91436 |
| Marital Status: | Married |
| Date of Birth: | September 25, 1956 |
| Age: | 49 |
| Other Names: | Melissa Patack Berenbaum or Melissa Berenbaum |
| Occupation: | Vice President, State Government Affairs, MPAA |

## INTERROGATORY NO. 2:

Please describe your own history of personal observance, if any, of Jewish religious dietary laws including both inside and outside of your home, beginning from age eighteen to the present.

## ANSWER TO INTERROGATORY NO. 2:

I began keeping kosher in my own home in 1987. I began keeping kosher outside the home in 1997.

## INTERROGATORY NO. 3:

Please state whether you drank the wine served at Siegel Wedding Reception.

## ANSWER TO INTERROGATORY NO. 3:

Yes.

## INTERROGATORY NO. 4:

Please state whether you ate any sushi at Siegel Wedding Reception, and, if so, identify the type of fish that was in the sushi you ate.

## ANSWER TO INTERROGATORY NO. 4:

No.

## INTERROGATORY NO. 5:

Please state whether you ate any dairy products, including cream cheese, at the Siegel Wedding Reception and describe with particularity the basis for your statement.

## ANSWER TO INTERROGATORY NO. 5:

No.

## INTERROGATORY NO. 6:

Precisely state each and every fact that supports or relates to your allegation that Defendant served sushi at the Siegel Wedding Reception that contained octopus and eel as stated in the Complaint ¶26 and please identify the source of that information.

### ANSWER TO INTERROGATORY NO. 6:

I was told during the reception that non-kosher fish was served at the sushi table. Judith Siegel was the source.

### INTERROGATORY NO. 7:

Precisely state each and every fact that supports or relates to your allegation that Defendant served dairy products, including but not necessarily limited to cream cheese, at the Siegel Wedding Reception as stated in the Complaint and please identify the source of that information.

### ANSWER TO INTERROGATORY NO. 7:

I was told by Judith Siegel at the wedding reception that dairy products were being served.

### INTERROGATORY NO. 8:

Describe your understanding of the Jewish religious requirements for an event to be kosher.

### ANSWER TO INTERROGATORY NO. 8:

Dairy and meat should not be served at the same event. Meat and poultry should be ritually slaughtered and come from a kosher butcher. Fish that is kosher must have fins and scales. Utensils should be separate for dairy and meat.

## INTERROGATORY NO. 9:

Describe what you were told or heard at about any arrangements allegedly made to have the Siegel Wedding Reception only include kosher food. As to each contact or communication, please identify the date and time, the nature of the contact or communication (e.g. mail, facsimile, telephone call, in person, e-mail), the location of the contact or communication (if in person), the substance of the contact or communication, and the identity of any and all witnesses to the contact or communication.

## ANSWER TO INTERROGATORY NO. 9:

Prior to our attendance at the wedding my husband Michael Berenbaum told me the wedding would be kosher.

## INTERROGATORY NO. 10:

State each and every fact that supports or relates to your allegation made in ¶32 of the Complaint that at the Siegel Wedding Reception "many guests were prevented from enjoying their meals," including identifying the source of that information and the identity of each such person allegedly affected.

## ANSWER TO INTERROGATORY NO. 10:

I saw that Judith and Mark Siegel, as well as the parents of the groom and many of their friends and family, were distressed.

INTERROGATORY NO. 11:

State each and every fact that supports or relates to your allegation made in ¶32 of the Complaint that at the Siegel Wedding Reception "some guests refused to eat entrees at the dinner," including identifying the source of that information and the identity of each such person allegedly affected.

ANSWER TO INTERROGATORY NO. 11:

**I do not personally know whether guests refused to eat entrees.**

INTERROGATORY NO. 12:

List each and every fact that supports or relates to your allegation that you made in ¶54 of the Complaint that you were a victim of "offensive contacts" committed by the Defendant.

ANSWER TO INTERROGATORY NO. 12:

**I was offended to hear that shrimp, eel and octopus were being served at a kosher wedding.**

INTERROGATORY NO. 13:

Precisely state each and every fact that supports or relates to your allegation made in ¶56 of the Complaint that you were a victim of a "physical impact and incurred harm

that is serious and verifiable," and describe with particularity the harm that you allege is "serious" and "verifiable".

ANSWER TO INTERROGATORY NO. 12:

My understanding is that guests at the wedding who would not knowingly eat shrimp, eel or octopus mistakenly ate those foods. Their harm was serious and verifiable. Paragraph 56 does not allege that I personally ate shrimp, eel or octopus.

INTERROGATORY NO. 13:

Describe with particularity the "severe emotional injury" you allege you suffered as a result of the Defendant's alleged conduct, including stating any expenses you have incurred for treatment of any such severe emotional injury.

ANSWER TO INTERROGATORY NO. 13:

My emotional harm derived from knowing my friends were very upset.

INTERROGATORY NO. 14:

Do you contend Defendant acted in a manner that was "reckless"? If so, state each act and fact upon which you base that contention.

## ANSWER TO INTERROGATORY NO. 14:

Yes. The actions of the defendant in failing to fulfill their obligations and commitment for this once-in-a-lifetime event and in failing to respect religious observance were extremely reckless.

## INTERROGATORY NO. 15:

Do you contend Defendant acted in a manner that was "willful and intentional"? If so, state every fact upon which you base that contention.

## ANSWER TO INTERROGATORY NO. 15:

Ridgewell's bought and prepared non-kosher food for a kosher wedding. I believe that is willful and intentional.

## INTERROGATORY NO. 16:

Describe all of your contacts and communications (oral, electronic, and written) with Plaintiff Mark A. Siegel prior and subsequent to the Siegel Wedding Reception regarding any of the allegations in the Complaint. As to each contact or communication, state the date and time, the nature of the contact or communication (*e.g.* mail, facsimile, telephone call, in person, e-mail), the location of the contact or communication (if in person), the substance of the contact or communication, and the identity of all witnesses to the contact or communication.

ANSWER TO INTERROGATORY NO. 16:

None.

INTERROGATORY NO. 17:

Describe all of your contacts and communications (oral, electronic, and written) with Plaintiff Judith Siegel prior and subsequent to the Siegel Wedding Reception regarding any of the allegations in the Complaint. As to each contact or communication, state the date and time, the nature of the contact or communication (*e.g.* mail, facsimile, telephone call, in person, e-mail), the location of the contact or communication (if in person), the substance of the contact or communication, and the identity of all witnesses to the contact or communication.

ANSWER TO INTERROGATORY NO. 17:

**Prior: None. Subsequent: I was a guest in their home while Mark was out of town, some time in the late fall 2005. We did not discuss this case.**

INTERROGATORY NO. 18:

Describe all of your contacts and communications (oral, electronic, and written) with Plaintiff Rebecca Siegel Baron prior and subsequent to the Siegel Wedding Reception regarding any of the allegations in the Complaint. As to each contact or communication, state the date and time, the nature of the contact or communication (*e.g.* mail, facsimile, telephone call, in person, e-mail), the location of the contact or

communication (if in person), the substance of the contact or communication, and the identity of all witnesses to the contact or communication.

ANSWER TO INTERROGATORY NO. 18:

**I had no contact with Rebecca Siegel Baron.**

INTERROGATORY NO. 19:

Describe all of your contacts and communications (oral, electronic, and written) with Plaintiff Craig Baron prior and subsequent to the Siegel Wedding Reception regarding any of the allegations in the Complaint. As to each contact or communication, state the date and time, the nature of the contact or communication (*e.g.* mail, facsimile, telephone call, in person, e-mail), the location of the contact or communication (if in person), the substance of the contact or communication, and the identity of all witnesses to the contact or communication.

ANSWER TO INTERROGATORY 19:

**I had no contact with Craig Baron.**

INTERROGATORY NO. 20:

Describe all of your contacts and communications (oral, electronic, and written) with the parents of Craig D. Baron regarding any of the allegations in the Complaint. As to each contact or communication, state the date and time, the nature of the contact or communication (*e.g.* mail, facsimile, telephone call, in person, e-mail), the location of the

contact or communication (if in person), the substance of the contact or communication, and the identity of all witnesses to the contact or communication.

ANSWER TO INTERROGATORY NO. 21:

**I had no contact with Craig's parents.**

INTERROGATORY NO. 22:

Describe all of your contacts and communications (oral, electronic, and written) with anyone else, including other guests at the Siegel Wedding Reception, regarding any of the allegations in the Complaint. As to each contact or communication, state the date and time, the nature of the contact or communication (*e.g.* mail, facsimile, telephone call, in person, e-mail), the location of the contact or communication (if in person), the substance of the contact or communication, and the identity of all witnesses to the contact or communication.

ANSWER TO INTERROGATORY NO. 22:

**I have spoken with my husband, Michael Berenbaum, about the case. Those communications are privileged.**

INTERROGATORY NO. 23:

Identify all persons not heretofore named in your answers to these Interrogatories who have personal knowledge of material facts relating to allegations in the Complaint,

or damages claimed by any party, specifying as to each and every such person the category of which he or she has personal knowledge.

ANSWER TO INTERROGATORY NO. 23:

I am not aware of any persons with personal knowledge of material facts of this case.

INTERROGATORY NO. 24:

Set forth a detailed itemization of your claim for any damages in this case.

ANSWER TO INTERROGATORY NO. 24:

The value of my claim for damages has been itemized and appraised by the plaintiffs' expert witness.

Dated: June 6, 2006

_____
Melissa Patack

Dated:

_____
NATHAN LEWIN (D.C. Bar No. 38299)
ALYZA D. LEWIN (D.C. Bar No. 445506)
LEWIN & LEWIN, LLP
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000

*Attorneys for Plaintiffs*