# E X H I B I T  "10"

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

      Plaintiffs,

v.

RIDGEWELL'S, INC.,

      Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

### RIDGEWELLS' ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1.  Identify by date, location, and name and address of customer all receptions, dinners, or other events that Ridgewell's has catered in the past five years that were "kosher" or that were represented in any other manner as satisfying Jewish religious dietary requirements.

ANSWER TO INTERROGATORY NO. 1.  Ridgewells objects to this Interrogatory because it is vague, overly broad and unduly burdensome.  Ridgewells caters over 15,000 events each year in at least three states.  Ridgewells does not maintain a database which can sort out which of those events in the last five years were kosher. Without waiving this objection, Ridgewells responds as follows:  Rabbi Zev Schechter and his organization, the Metropolitan Rabbinical Kashrus Association, acts as the "mashgiach" and provides supervisory services for any kosher event catered by Ridgewells.  The Metropolitan Rabbinical Kashrus Association provided mashgiach services for numerous events in the last five years, including but not necessarily limited to the following events:

1.  Gudelsky Bar Mitzvah Kiddush and Reception at Oseh Shalom, Laurel, MD 01/20/01

2.  Reception at the Holocaust Museum, Washington, D.C. 01/31/01

3.  Michelle Katz Bat Mitzvah Reception at B'nai Israel, Rockville, MD 01/17/01

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4. Reception at the Holocaust Museum, Washington, D.C. 02/28/01

5. Reception at the Holocaust Museum, Washington, D.C. 04/18/01

6. American Jewish Committee Dinner at Women's Art Museum, Washington, D.C. 05/05/01

7. Lipson Bar Mitzvah at B'nai Tzedek, Potomac, MD 05/19/01

8. Distenfeld Bar Mitzvah at B'nai Israel, Rockville, MD 06/30/01

9. Slan Bar Mitzvah at B'nai Tzedek, Potomac, MD 10/06/01

10. Kimel Bat Mitzvah at B'nai Israel, Rockville, MD 11/10/01

11. Levy Bar Mitzvah at B'nai Tzedek, Potomac, MD 12/01/01

12. Seidman family Shabbat Dinner and Seidman Bar Mitzvah at Agudas Achim, Alexandria, VA 02/08/02

13. Gaspar Bar Mitzvah at B'nai Tzedek, Potomac, MD 02/08/02

14. Hamburger Shabbat Dinner at B'nai Tzedek, Potomac, MD on 03/01/02

15. Hamburger Bar Mitzvah at B'nai Tzedek, Potomac, MD on 03/02/02

16. American Jewish Committee Dinner at the Congressional Club, Washington, D.C. 05/11/02

17. Scheinman B'nai Mitzvah at Congregation B'nai Tzedek, Potomac, MD 10/12/02

18. Food service order at Congregation B'nai Tzedek, Potomac, MD 10/18/02

19. Silberberg wedding reception at the Women's Museum, Washington, D.C. 11/02/02

20. Katz Bat Mitzvah at B'nai Israel, Rockville, MD 04/05/03

21. Gary Berman event in Potomac, MD 05/20/03

22. Sergei Goldstein Bar Mitzvah at Sharre Tefila, Silver Spring, MD 09/06/03

23. Slan Bar Mitzvah at B'nai Tzedek, Silver Spring, MD 09/20/03

24. Greenwald Bar Mitzvah at B'nai Tzedek on 10/11/03

25. Comet Bar Mitzvah at Tifereth Israel, Washington, D.C. on 10/12/03

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020

26. 10th Reunion of Holocaust Survivors at the Holocaust Museum, Washington, D.C. on 11/02/03

27. Lodish food service 11/07/03

28. Krassnoff wedding at the Galleria, Washington, D.C. 11/08/03

29. Friestat Bar Mitzvah at the Galleria, Washington, D.C. 11/22/03

30. Raps Bat Mitzvah at B'nai Tzedek, Potomac, MD 12/06/03

31. Hamberger Shabbat dinner 01/02/04

32. Hamberger Bat Mitzvah at B'nai Tzedek, Potomac, MD 01/03/04

33. Neiman Bar Mitzvah at Adas Israel, Washington, D.C. 01/18/04

34. Sturc Bar Mitzvah at Adas Israel, Washington, D.C. 03/13/04

35. American Jewish Committee Dinner, Washington, D.C. 05/08/04

36. Rosenblum/Moraru wedding at River Farms, Alexandria, VA 08/29/04

37. Hammer Shabbat dinner at B'nai Tzedek, Potomac, MD 09/03/04

38. Raffel Bar Mitzvah reception at Raffel residence, Potomac, MD 09/11/04

39. Distenfeld Bar Mitzvah reception at B'nai Israel, Rockville, MD 10/30/04

40. Shabbat dinner at Agudas Achim, Alexandria, VA 11/05/04

41. B'nai Mitzvah reception at Agudas Achim, Alexandria, VA 11/06/04

42. AIPAC event 02/14/05

43. National Building Museum reception for Jewish History of Washington, DC 06/23/05

　　　INTERROGATORY NO. 2.  Identify every "mashgiach" or supervisor of Jewish dietary laws who was employed at any Ridgewell's event in the past five years and specify the event at which that "mashgiach" or supervisor was employed.  If Ridgewell's does not have this information, identify agencies or individuals who have the information requested by this Interrogatory.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

ANSWER TO INTERROGATORY NO. 2.  The Metropolitan Rabbinical Kashrus

Association, provides mashgiach services for all of Ridgewells' kosher events.

INTERROGATORY NO. 3.  Identify every document published by Ridgewell's or any
agent on its behalf in the past ten years that mentions, in any manner, Ridgewell's ability to
provide food that is "kosher" or that satisfies Jewish religious dietary requirements.

ANSWER TO INTERROGATORY NO. 3.  Ridgewells objects to this Interrogatory

because it is overly broad and unduly burdensome in that it requests any marketing material

whatsoever published by Ridgewells in the last 10 years – a time period that includes years that

Ridgewells was under control of prior owners.  Without waiving this objection, Ridgewells

responds as follows:  Tom Keon has been a principal in the company since 1997.  To the best of

his current knowledge, there have been no documents published by Ridgewells since 1997 that

mentions Ridgewells' ability to provide food that is kosher.

INTERROGATORY NO. 4.  Identify by date, location, and name and address of
customer, every instance in the past five years when customers of Ridgewell's requested for
dietary, health or religious reasons that specific foods be provided or avoided at a Ridgewell's
event.

ANSWER TO INTERROGATORY NO. 4.  Ridgewells objects to this Interrogatory

because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence.  Ridgewells caters over 15,000 events each year in at least

three states.  At almost every single event catered by Ridgewells, someone requests that certain

food be provided or avoided due to dietary, health or religious reasons.  Answering this

interrogatory would force Ridgewells to review every single catering contract in the last 5 years

and try to determine whether any such request by any customer at each event can be identified.

Such a task would be unreasonably and unduly burdensome and costly, if not impossible to

accomplish.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

INTERROGATORY NO. 5.  Identify every complaint, whether made by letter, orally, or in any form, regarding a "kosher" event known to Ridgewell's and please produce copies of all communications relating to such complaints.

ANSWER TO INTERROGATORY NO. 5.  Upon advice of counsel, Ridgewells objects to this Interrogatory because it is vague, broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Ridgewells caters over 15,000 events each year in at least three states.  As stated in the objection to Interrogatory No.1, Ridgewells does not maintain a database which can sort out which of those events in the last five years were kosher.  Furthermore, this Interrogatory requests any written and oral communication whatsoever that can be construed as a "complaint." Answering this Interrogatory would require Ridgewells to interview every single employee who worked any of the kosher events at any time in Ridgewells existence in order to "identify" any complaint ever made by anyone (customers and guests).   Such a task would be unreasonably and unduly burdensome and costly, if not impossible to accomplish.

INTERROGATORY NO. 6.  Identify all subcontractors from whom Ridgewell's obtains sushi for Ridgewell's events and identify those sub-contractors from whom sushi is obtained for any event that is "kosher" or otherwise satisfies Jewish religious dietary observances.

ANSWER TO INTERROGATORY NO. 6.  Ridgewells usually purchases sushi from The Sushi Chalet in Gaithersburg, MD.  Ridgewells would never serve sushi from a non-kosher vendor at a strictly kosher event.  If Ridgewells is asked to provide sushi for a strictly kosher event, it typically procures all kosher ingredients and makes fresh sushi in a synagogue kitchen under "mashgiach" supervision, to be used at the production site.   Kosher sushi has at times been obtained from Kosher Mart in Rockville, MD, Shalom's, strictly kosher supermarket in Wheaton, MD, Royal Kosher Restaurant.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

INTERROGATORY NO. 7. Identify all vendors of all foods obtained by Ridgewell's for events that have been "kosher" or that satisfy Jewish religious dietary observances since January 2000.

ANSWER TO INTERROGATORY NO. 7. Ridgewells objects to this Interrogatory because it is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ridgewells caters over 15,000 events each year in at least three states. As stated in the objection to Interrogatory No.1, Ridgewells does not maintain a database which can sort out which of those events since January 2000 were kosher. Answering this Interrogatory would force Ridgewells to review every single catering contract since January 2000, identify which contracts were for kosher events, and then identify every vendor used for each event. Such a task would be unreasonably and unduly burdensome and costly, if not impossible to accomplish. Without waiving this objection, Ridgewells responds as follows: Ridgewells has used various vendors for kosher events since January 2000, including but not necessarily limited to, the following vendors: Shlomo's Meat Market, Baltimore, MD 410-602-0488; Soft Stuff Bakery, Baltimore, MD 301-604-3300; Metropolitan Poultry/Seafood, Landord, MD 301-772-0060; Pro Fish, Washington D.C. 202-529-3003; Keany Produce, Landover, MD 301-772-3333; U.S. Food Service 703-631-6300; Caldwell Foods, Washington, D.C. 202-610-1335; Davals Ice Cream, College Park, MD 301-345-7300; Clear Mountain Coffee, Silver Spring, MD 301-587-2233; Indian Harvest (Rice and Grains), Bemidji, MN 800-346-7032; Katz Kosher Supermarket, Rockville, MD 301-468-0400; Kosher Mart, Wheaton, MD 301-468-4840; Shalom Kosher Market, Wheaton, MD 301-946-6500; Breads Unlimited, Bethesda, MD 301-656-2340, Sabal Foods, Jessup/Baltimore, MD 800-527-2825; Philadelphia Kosher Foods; Wasserman & Lemberger, Baltimore, MD.

INTERROGATORY NO. 8. Identify the vendor or vendors of non-dairy ("pareve") cream cheese and/or margarine for Ridgewell's events since January 2000 and identify, by date

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

and place of the event, all instances in which Ridgewell's has purchased non-dairy cream cheese and/or margarine from that vendor.

ANSWER TO INTERROGATORY NO. 8. Ridgewells objects to this Interrogatory because it is vague, overly broad and unduly burdensome. Ridgewells caters over 15,000 events each year in at least three states. Answering this Interrogatory would force Ridgewells to review every single catering contract since January 2000, identify at which events Ridgewells served non-dairy cream cheese and/or margarine, and then identify from what vendors Ridgewells purchased non-dairy cream cheese and/or margarine for each event. Such a task would be unreasonably and unduly burdensome and costly, if not impossible to accomplish. Without waiving this objection, Ridgewells responds as follows: Ridgewells has used various vendors of non-dairy cream cheese and/or margarine for kosher events since January 2000, including but not necessarily limited to, the following vendors: Shlomo's Meat Market, Baltimore, MD 410-602-0488; Soft Stuff Bakery, Baltimore, MD 301-604-3300; Metropolitan Poultry/Seafood, Hyattsville, MD 301-772-0060; U.S. Food Service 703-631-6300; Kosher Mart, Silver Spring, MD 301-468-4840; The Kosher Pastry Oven, Silver Spring/Wheaton, MD 301-946-0159; Shalom Kosher Market, Wheaton, MD 301-946-6500; Katz Kosher Mart, Rockville, MD 301-468-0400.

INTERROGATORY NO. 9. Identify all vendors of kosher meat and/or poultry used at Ridgewell's events since January 2000 for which kosher meat and/or poultry was purchased from any identified vendors.

ANSWER TO INTERROGATORY NO. 9. Ridgewells objects to this Interrogatory because it is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Ridgewells caters over 15,000 events each year in at least three states. Answering this Interrogatory would force Ridgewells to review every single catering contract since January 2000, identify at which events Ridgewells served meat and/or poultry from a

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW 25 WEST MIDDLE LANE ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

and place of the event, all instances in which Ridgewell's has purchased non-dairy cream cheese and/or margarine from that vendor.

ANSWER TO INTERROGATORY NO. 8.  Ridgewells objects to this Interrogatory because it is vague, overly broad and unduly burdensome.  Ridgewells caters over 15,000 events each year in at least three states.  Answering this Interrogatory would force Ridgewells to review every single catering contract since January 2000, identify at which events Ridgewells served non-dairy cream cheese and/or margarine, and then identify from what vendors Ridgewells purchased non-dairy cream cheese and/or margarine for each event.   Such a task would be unreasonably and unduly burdensome and costly, if not impossible to accomplish.   Without waiving this objection, Ridgewells responds as follows:  Ridgewells has used various vendors of non-dairy cream cheese and/or margarine for kosher events since January 2000, including but not necessarily limited to, the following vendors:  Shlomo's Meat Market, Baltimore, MD 410-602-0488;  Soft Stuff Bakery, Baltimore, MD  301-604-3300; Metropolitan Poultry/Seafood, Hyattsville, MD 301-772-0060; U.S. Food Service 703-631-6300; Kosher Mart, Silver Spring, MD 301-468-4840;  The Kosher Pastry Oven, Silver Spring/Wheaton, MD 301-946-0159; Shalom Kosher Market, Wheaton, MD 301-946-6500; Katz Kosher Mart, Rockville, MD 301-468-0400.

INTERROGATORY NO. 9.  Identify all vendors of kosher meat and/or poultry used at Ridgewell's events since January 2000 for which kosher meat and/or poultry was purchased from any identified vendors.

ANSWER TO INTERROGATORY NO. 9.  Ridgewells objects to this Interrogatory because it is vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Ridgewells caters over 15,000 events each year in at least three states.  Answering this Interrogatory would force Ridgewells to review every single catering contract since January 2000, identify at which events Ridgewells served meat and/or poultry from a

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

kosher butcher, and then identify from what vendors Ridgewells purchased such meat and/or

poultry for each event.   Such a task would be unreasonably and unduly burdensome and costly,

if not impossible to accomplish.   Without waiving this objection, Ridgewells responds as

follows:  Ridgewells has used various vendors of meat and/or poultry for kosher events since

January 2000, including but not necessarily limited to, the following vendors:  Shlomo's Meat

Market, Baltimore, MD 410-602-0488;  Shalom Kosher Market, Wheaton, MD 301-946-6500;

Larry Schor Poultry and Chicken, Capital Heights, MD 301-324-0330; Sabal Foods,

Jessup/Baltimore, MD 800-527-2825; Katz Kosher Mart, Rockville, MD 301-468-0400

    INTERROGATORY NO. 10.  Identify all Ridgewell's employees who worked in any
manner on the Siegel Wedding and describe the services each performed.

    ANSWER TO INTERROGATORY NO. 10.  Based on Staff Placement reports prepared

for the Siegel Wedding (see Ridgewells Production of Documents), the following Ridgewells

employees provided the following services:

### During the Cocktail Hour

a)  Supervisor: Humberto Campos

b)  Bartenders:  Mark Alexander, Kate Fleming, Enrique Giraldo, Tomas Rivas

c)  Passing: Adriana Ayala, Carlos Cardenas, Clara Chirindza, Yessica Isidro, Yvonne
    Juarez.

d)  Buffet: Ivan Cossio, Monica Marin, Karla Vargas

e)  Pick Up: Israel Palomino, Marcelo Salazar, Roberto Tortolero, Milagros Guevara,
    Roberto Isidro, Jr.

### During the Reception

a)  Supervisor: Humberto Campos

b)  Bartenders: Mark Alexander, Kate Fleming

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

c) <u>French Service</u>: Adriana Ayala, Andres Lozano, Milagros Guevara, Carlos Cardenas, Ivan Cossio, Leo Garcia, David Cruzado, Clara Chirindza, Enrique Giraldo, Dania Nogales, Abraham Keita, Roberto Isidro Sr., Roberto Isidro Jr., Ivan Candia, Jose Chavez, Jessica Isidro, Ivonne Juarez, Elmer Oliva, Alejandrina Rodríguez, Gil Mouco, Monica Marin, Karla Vargas, Tomas Rivas, Enrique Veras

d) <u>Coat Room</u>: Cinthia Cortez

**Kitchen**

a) <u>Supervisor</u>: Gracinda Louro

b) <u>Assistant</u>: Maria Cruz, Marlene Garcia, Concepción Roldan, Elga Cruzado

c) <u>Pantry</u>: Edmundo Solis, Edgar Rodas

**Others**

a) Event Coordinators: Toby Nann, Julie Staley

b) Warehouse: Marino De La Cruz, Roberto Javier,

<u>INTERROGATORY NO. 11.</u>  Identify all Ridgewell's events on which Toby Nann or Julie Staley worked in any manner, and describe the nature of each of their services for each event.

<u>ANSWER TO INTERROGATORY NO. 11.</u> Ridgewells objects to this Interrogatory because it is vague, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  It contains to no geographical or time limitation whatsoever.  Ridgewells caters over 15,000 events each year in at least three states.  Toby Nann has been a Ridgewells employee for since about 1998.  Julie Staley was a Ridgewells employee from about 1999 to about 2005.  While at Ridgewells, Ms. Nann and Ms. Staley have "worked on" and provided services for events for which they were listed on the contract as the official "event coordinator," but also for events when they were not so named.  Even for the contracts

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

that did list them as the "event coordinator," answering this Interrogatory would require

Ridgewells to review <u>every single</u> catering contract between the year 1998 to present, identify

which ones Ms. Nann and Ms. Staley may have worked on <u>in any manner whatsoever</u>, and then

somehow ask them to recall and describe the "nature of <u>each of their services</u> for <u>each</u> event."

Such a task would be unreasonably and unduly burdensome and costly, if not impossible to

accomplish.

INTERROGATORY NO. 12.  Identify all vendors and subcontractors who supplied food, equipment or services for the Siegel Wedding and describe the nature of each vendor's or subcontractors' participation.

ANSWER TO INTERROGATORY NO. 12. The vendors and subcontractors who

supplied food, equipment or services for the Siegel Wedding included, but are not necessarily

limited to:  Shlomo's Meat Market, Baltimore, MD 410-602-0488;  Metropolitan

Poultry/Seafood, Hyattsville, MD 301-772-0060 (margarine, non-dairy cream); Samuels & Son

Seafood Co., Philadelphia, PA 800-580-5810 (Tuna, Salmon Medallions); Satisfaction (Turkey,

Smoked Turkey); U.S. Food Service 703-631-6300 (Hoisin Sauce, Mustard, Mayonnaise, Pita

Bread, Artichoke Hearts); American Gourmet (mixed olives); Breads Unlimited, Bethesda, MD

301-656-2340 (challah); Lyon Bakery, Washington, D.C. (202) 484-2100 (bread); Keany

Produce, Landover, MD 301-772-3333 (all produce); Caldwell Foods, Washington, D.C. 202-

610-1335 (moo shu shell); Ace Beverage, Washington, DC (liquor, beer, mixers)

INTERROGATORY NO. 13.  Provide all documentation and describe any oral reports that support Ridgewell's allegations of "loss of prospective income" and "harm, losses and damage" in paragraphs 27 and 32 of its Counter Complaint for Damages.

ANSWER TO INTERROGATORY NO. 13.  Discovery is ongoing and at this juncture

there is not yet documentation.  Nevertheless, Ridgewells has become aware of individuals who

are concerned about Ridgewells' ability to provide kosher catering as a direct result of the false

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

and actionable accusations brought in this case. This Interrogatory will be supplemented to provide documentation of these damages once such documentation is obtained.

INTERROGATORY NO. 14. Identify by time, place, and all witnesses present, all "false and defamatory statements" and "press materials" attributed to Mark Siegel in Count II of the Counter Complaint for Damages.

ANSWER TO INTERROGATORY NO. 14. Discovery is still ongoing and the information responsive to this interrogatory has yet to be fully discovered. Mark Siegel has made numerous false and defamatory statements towards Ridgewells including, but not necessarily limited to, the following statements: During the Siegel Wedding, in front of others, Mark Siegel stated to Toby Nann "I'm going to put Ridgewells out of business;" he also said, "There's fucking cream cheese on the canapés. This is supposed to be a kosher event, and you've ruined it. How can my guests believe anything you say." After the Siegel Wedding, also within earshot of others, Mark Siegel stated to Leo Garcia, "you fucking morons where's my wine;" he also said to Leo Garcia and Toby Nann "you fucking morons, you fucking morons, you're trying to steal my wine, I'm going to put Ridgewells out of business." During the Siegel Wedding, Mark Siegel yelled at Julie Staley in front of others, "this is a kosher event" and "you have ruined the wedding." Upon information and belief Mark Siegel also has told other people that Ridgewells ruined the Siegel Wedding by serving food that was not kosher; that the salmon canapés were topped with cream cheese and served with meat dishes; that Ridgewells marred a joyous occasion; that Ridgewells replaced the sushi with shrimp with octopus and eel. These accusations are false and irresponsible and are actionable, damaging and malicious.

INTERROGATORY NO. 15. Describe in detail the nature and extent of "Ridgewell's abilities to provide Kosher catering services" as alleged in paragraph 31 of the Counter Complaint for Damages.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

11

<u>ANSWER TO INTERROGATORY NO. 15.</u>  Ridgewells is able to provide kosher catering services to those customers who specifically contract for these services in conjunction with and under the supervision of the Metropolitan Rabbinical Kashrus Association.  Ridgewells contracts with the Metropolitan Rabbinical Kashrus Association to provide professional Mashgiach services that includes kashering of equipment and overseeing the food preparation. Ridgewells purchases food from a variety of vendors of kosher foods in the area, including but necessarily limited to those identified throughout these answers to interrogatories. Under the supervision of the Mashgiach, Ridgewells prepares the food in a manner that satisfies Jewish religious dietary requirements and ensures that the food also is served on kosher serving pieces.

<u>INTERROGATORY NO. 16.</u>  Was there any time during the past fifteen years that Ridgewell's represented to any segment of the public that it maintained, in substance, a "kosher catering division?"  If so, when, if ever, was such division closed or terminated?  Identify the person or persons who were in charge of such division and the reasons for its termination.

<u>ANSWER TO INTERROGATORY NO. 16.</u>  Ridgewells objects to this Interrogatory because it is a compound question and the subparts of this Interrogatory together with all other Interrogatories exceed the number of Interrogatories permitted under the Rules.  Furthermore, the Interrogatory is overly broad and unduly burdensome in that it requests that Ridgewells account for representations that may or may not have been made by anyone in its organization at any time in the past fifteen years – a time period that includes years when Ridgewells was under control of prior owners.  Without waiving this objection, Ridgewells responds as follows:  Tom Keon has been a principal in the company since 1997, and there has not been a "kosher catering division" at Ridgewells at any time since 1997.

<u>INTERROGATORY NO. 17.</u>  Identify all written or oral communications with Jewish congregations, community groups, organizations or rabbis, or any individual rabbis during the past ten years in which Ridgewell's ability to provide kosher catering services was mentioned in any manner.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

ANSWER TO INTERROGATORY NO. 17.  Ridgewells objects to this Interrogatory because it is overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Answering this Interrogatory would require Ridgewells to identify <u>every single</u> communication, written or oral, in the last <u>ten years</u> wherein anyone at Ridgewells "mentioned in any manner" its ability to offer kosher catering services to such any "Jewish congregations, community groups, organizations of rabbis, or any individual rabbi."  It would be nearly impossible for Ridgewells, an organization of that at times employees over 300 people, to identify every such communication by anyone over such a broad period of time and to such a broad audience.    Ridgewells has consistently maintained that it can provide such services as they must be provided; namely under "mashgiach" supervision.

INTERROGATORY NO. 18.  According to Ridgewell's, what, if anything, was to be kosher at the Siegel Wedding?

ANSWER TO INTERROGATORY NO. 18.  The Siegels specifically declined a kosher wedding, indicating their refusal to pay for it.  Instead, they asked that kosher meat be purchased and that dairy products not be served.  Kosher meat was purchased; however, at no time was the Siegel Wedding supposed to be a kosher event.  At no time was the Siegel Wedding under the supervision of a mashgiach.  Therefore, it could not be considered kosher regardless of what was served.

INTERROGATORY NO. 19.  Describe by the date, participants, and content of the discussion, all meetings, conversations, and correspondence (including e-mails, memos, and notes) between Ms. Toby Nann and any of the following Plaintiffs:  Mark Siegel, Judith Siegel, Rebecca Siegel Baron, Craig Baron.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

ANSWER TO INTERROGATORY NO. 19.  Ridgewells objects to this Interrogatory because it is a compound question and the subparts of this Interrogatory together with all other Interrogatories exceed the number of Interrogatories permitted under the Rules.  Furthermore, the

13

Interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It requests that Toby Nann account for every discussion or correspondence, including the content thereof, between herself and Mark Siegel, Judith Siegel, Rebecca Siegel Baron, Craig Baron. The Siegel Wedding took months of planning and preparation. There were countless discussions via telephone, email, and in person between Ms. Nann and these individuals. It would be impossible to recall the details of every single conversation during that time period. Without waiving this objection, Ridgewells responds as follows: Toby Nann initially discussed with the plaintiffs a kosher wedding, but the Siegels declined to pay for kosher supervision, and indicated their desire to look elsewhere. Several months later, they contacted Ms. Nann again, asking if they could have a "kosher style" wedding for their daughter. Ms. Nann discussed with the plaintiffs purchasing kosher meat for the Siegel Wedding. Ms. Nann also discussed "kosher-style" with the plaintiffs, making clear that it would not be kosher under any definition of the term. Ms. Nann specifically told the Siegels that the event would not be kosher if there was no mashgiach. Please refer to the emails between Ms. Nann and Mark Siegel, Judith Siegel, Rebecca Siegel Baron, and Craig Baron.

INTERROGATORY NO. 20. Describe by date, participants, and content of the discussion, all meetings, conversations, and correspondence (including e-mails, memos, and notes) between Ridgewell's and all vendors or subcontractors for the Siegel Wedding.

ANSWER TO INTERROGATORY NO. 20. Ridgewells objects to this Interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. It requests that Ridgewells account for every discussion or correspondence, including the content thereof, between every vendor for the Siegel Wedding. Ridgewells used over ten vendors for the Siegel Wedding. It would be very difficult for any Ridgewells employee who worked on the Siegel Wedding to identify and describe every single

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

communication with every vendor and subcontractor for the Siegel Wedding. Without waiving

this objection, Ridgewells responds as follows: Ridgewells would have ordered the food from

the vendors or subcontractor for the Siegel Wedding a few days before the event. Ridgewells'

invoices from those vendors not only include the orders for the Siegel Wedding, but also for any

other event catered by Ridgewells during the same time period. Ridgewells can make available

for inspection by the Plaintiffs all invoices from vendors and subcontractors during the relevant

time period.

INTERROGATORY NO. 21. Was the term "kosher" used in any oral conversation or
written exchange (including e-mails, memos, and notes) between any employee of Ridgewell's
and any plaintiff? If so, specify by date and description of the conversation or exchange time the
term "kosher" was used.

ANSWER TO INTERROGATORY NO. 21. Ridgewells objects to this Interrogatory

because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of admissible evidence. It requests that Ridgewells account for every time the term

kosher was used in any discussion by any of their employees with any of the plaintiffs. The

Siegel Wedding took months of planning and preparation. Ridgewells had many employees who

worked on the Siegel Wedding and those employees had many conversations with the plaintiffs

including countless discussions via telephone, email, and in person. It would be impossible to

recall the details of every single conversation during that time period. Without waiving this

objection, Ridgewells responds as follows: Toby Nann initially discussed with the plaintiffs a

kosher wedding, but the Siegels declined to pay for kosher supervision, and indicated their desire

to look elsewhere. Several months later, they contacted Ms. Nann again, asking if they could

have a "kosher style" wedding for their daughter. Ms. Nann discussed with the plaintiffs

purchasing kosher meat for the Siegel Wedding. Ms. Nann also discussed "kosher-style" with

the plaintiffs, making clear that it would not be kosher under any definition of the term. Mrs.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Baron asked Ms. Nann if the vendors could be provided with kosher meals. Ms. Nann told Mrs. Baron that she would use kosher meat from the buffet, but the meals (sandwiches) weren't kosher because they would be made at Ridgewells without mashgiach supervision. Tom Keon spoke to Mark Siegel in the days following the Siegel Wedding so that Mr. Keon could attempt to address Mr. Siegel's complaints about their apparent expectations of a "kosher" wedding. Mr. Keon reminded Mr. Siegel that the Plaintiffs did not contract for a kosher event. Please refer to the documents produced for any other correspondence in Ridgewells possession with the plaintiffs.

INTERROGATORY NO. 22. Provide the title, court, and case number of every litigation in which Ridgewell's has been a party since January 1995.

ANSWER TO INTERROGATORY NO. 22. Ridgewell's, Inc. has been a party in the following litigation matters since 1995:

(1)   Mario Andrade v. Ridgewells, Inc., Case No.:  Civil 176458, Circuit Court for Montgomery County, Maryland; which was filed on October 2, 1997 and then voluntarily dismissed by the plaintiff on May 13, 1998;

(2)   Bryan Ross, Trustee v. Alma Gourmet LTD, et al., Case No. 99-0056, filed in the United States Bankruptcy Court for the District of Columbia; Ridgewell's Caterers was named as one of thirty defendants in an adversary proceedings filed by the bankruptcy estate of 601 Pennsylvania Avenue Restaurant, LLC. To obtain the return of pre-petition payments to unsecured creditors;

(3)   Ridgewell's, Inc., v. Maryland Comptroller of the Treasury, Maryland Tax Court; appeal, M.T.C. No. 00-SU-00-0269.

(4)   Lawn v. Ridgewell's, Inc.; A disgruntled employee filed a claim against Ridgewells in arbitration with the American Arbitration Association on March 3,

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2004. His case was dismissed and he was taxed the costs of the arbitration as a result of a "frivolous" claim. Those costs were enrolled as a judgment in Ridgewells' favor, case number 262370-V in the Circuit Court for Montgomery County, Maryland.

Since 1995, Ridgewell's, Inc. has been a party-respondent in three HRC (now OHR) proceedings and two unemployment insurance appeals. Ridgewell's, Inc. prevailed in all of those matters and no further appeals were taken by the claimants.

INTERROGATORY NO. 23. Has Ridgewell's ever been the subject of any claim under a consumer protection law in any jurisdiction?

ANSWER TO INTERROGATORY NO. 23. No.

INTERROGATORY NO. 24. Does Ridgewell's or its attorneys believe, or have any information supporting a belief that there exists an insurer which is or may be liable to satisfy all or any part of any judgment that might be entered in this action or to indemnify or reimburse for payouts made to satisfy such judgment? If so, with respect to each such answer, state:

(a)    The insurer's name and address;

(b)    The number of the insurance policy;

(c)    The name of the insured party; and

(d)    The monetary limit of liability with respect to Ridgewell's and with respect to each occurrence.

Please attach a copy of any insurance policy to your answer to these interrogatories.

ANSWER TO INTERROGATORY NO. 24. Ridgewells objects to this Interrogatory because it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Information about Ridgewells' insurance coverage, or lack thereof, is not relevant unless and until Plaintiffs can obtain a judgment in their favor.

INTERROGATORY NO. 25. Explain why and how it happened (a) that shrimp, octopus and eel was included in the sushi served at the Siegel Wedding, (b) that cream cheese was served on the canapés at the reception, and (c) that no margarine was served at dinner.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

ANSWER TO INTERROGATORY NO. 25.  Ridgewells objects to this Interrogatory because it is a compound question and the subparts of this Interrogatory together with all other Interrogatories exceed the number of Interrogatories permitted under the Rules.  Without waiving this objection, Ridgewells responds as follows:  (a) There was some shrimp with the sushi.  Ridgewells promptly removed the sushi trays containing shrimp, and as a result of the unawareness of the sushi chef of any restrictions other than no meat and no dairy products.  In deference to the unhappiness of the hosts with this situation, Ridgewells replaced them with trays of sushi which contained no shrimp, octopus or eel.  (b) Cream cheese was not served with the canapes at the reception.  (c) *Ou pareve* margarine was served at the dinner.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

STEIN, SPERLING, BENNETT, DE JONG,
DRISCOLL & GREENFEIG, P.C.

By: _____
    Jeffrey M. Schwaber (D.C. Bar No. 419681)
    Ivonne C. Lindley (D.C. Bar No. 485577)
    25 West Middle Lane
    Rockville, MD 20850
    (301) 340-2020
    (301) 838-3250 (facsimile)

    Attorneys for Ridgewells, Inc.


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of January, 2006, a copy of the foregoing was faxed and mailed via Federal Express to the following person(s):

    Nathan Lewin (D.C. Bar No. 38299)
    Alyza D. Lewin (D.C. Bar No. 445506)
    Lewin & Lewin, LLP
    1828 L Street, N.W., Suite 901
    Washington, DC 20036


_____
Jeffrey M. Schwaber
Ivonne C. Lindley

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\194 AnstoInterrogs.rev.doc