THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendant,

v.

    Case No. 1:05CV01717
    Judge: John Garrett Penn

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

**MOTION TO STRIKE
"DECLARATION OF DAVID SEIGAL"**

Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. P. 7, Fed. R. Civ. P. 16(c) and LCvR 7 hereby files this Motion to Strike the "Declaration of David Seigal" attached as Exhibit 12 to Plaintiffs' Motion for Summary Judgment, and in support thereof states as follows:

1.    The claims in this matter arise out of a contract (the "Contract") between Ridgewells and Plaintiffs Mark and Judith Siegel to provide catering services for a wedding reception held on April 2, 2005 at the Corcoran Galley of Art (the "Siegel Wedding Reception").

2.    The Contract was honored by Ridgewells but breached by the Siegels, who refused to pay their bill. Nonetheless, Plaintiffs Mark and Judith Siegel, together with the groom and bride, Plaintiffs Craig D. and Rebecca Siegel Baron, and two wedding guests, Plaintiffs Michael Berenbaum and Melissa Patack (collectively the "Plaintiffs") filed this lawsuit against Ridgewells alleging, among other things, that Ridgewells somehow breached the Contract by providing certain non-kosher foods, including shellfish to them and other guests at the Siegel Wedding Reception. Each Plaintiff also claims that Ridgewells negligently inflicted emotional

distress upon them. In addition, Plaintiffs Berenbaum and Patack claim that Ridgewells perpetrated a battery upon them by exposing them to non-kosher food.

3. Ridgewells propounded discovery to each Plaintiff on April 14, 2006.

4. Among other things, Ridgewells asked each Plaintiff to:

> Identify every person who you claim consumed shrimp, eel, octopus, or dairy products at the Seigel Wedding Reception, and describe with particularity what each person consumed (i.e. the type of fish that was in the sushi, the type of dairy product, etc.).

and

> Precisely state each and every fact that supports or relates to your allegation that Defendant served sushi at the Siegel Wedding Reception that contained octopus and eel as stated in the Complaint ¶26 and please identify the source of that information.

5. Ridgewells also asked each Plaintiff to produce:

> All statements and affidavits received by you from any person or potential witness (lay or expert) regarding the allegations in the Complaint.

6. Now, four months after discovery has closed in this matter, Plaintiffs finally produce an affidavit entitled "Declaration of David Seigal" in support of Plaintiffs' Motion for Summary Judgment.

7. In his affidavit, Mr. Seigal purports to be a person who saw eel, octopus and surf clam at the Siegel Wedding Reception.

8. Plaintiffs failed to identify Mr. Seigal in response to Ridgewells' Interrogatories and failed to produce Mr. Seigal's affidavit in response to Ridgewells' Requests for Production of Documents.

9. Federal Rule of Civil Procedure 26(e) states in pertinent part:

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

2

> A party who has made a disclosure under subdivision (a) or who has responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances: * * * (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

10. Plaintiffs failed to supplement their initial discovery responses to identify Mr. Seigal pursuant to the Instructions preceding the discovery requests[1] and the Rules of this Court.

11. Discovery has been closed in this matter since July 31, 2006 and Ridgewells is just now being provided with the information in this affidavit.

12. Plaintiffs must not be allowed now to rely upon Mr. Seigal and his affidavit in support of their Motion for Summary Judgment.

* * *

WHEREFORE, in consideration of the foregoing grounds, and the record herein, Defendant, Ridgewell's Inc., respectfully requests that this Honorable Court grant Defendant's Motion to Strike "Declaration of David Seigal", plus any other and further relief deemed necessary.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[1] "Where the name or identity of a person is requested, please state the full name; home address; business address; and telephone number."

                          STEIN, SPERLING, BENNETT, DE JONG,
                              DRISCOLL & GREENFEIG, P.C.


By:     / s /
      Jeffrey M. Schwaber (D.C. Bar No. 419681)
      Ivonne C. Lindley (D.C. Bar No. 485577)
      25 West Middle Lane
      Rockville, MD 20850
      (301) 340-2020
      (301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.MOTION.StrikeAffidavit.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4