THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

### RIDGEWELLS' STATEMENT OF GENUINE ISSUES OF FACT IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant, Ridgewell's Inc. ("Ridgewells"), by their attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant LCvR 7, hereby submits this Statement of Genuine Issues of Fact in Opposition to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion), and states as follows:

\* \* \*

"Plaintiffs' Statement of Material Facts in Support of Motion for Summary Judgment" contains no facts that are material to determining whether Plaintiffs are entitled to judgment as a matter of law as to *any* claim in Plaintiffs' Amended Complaint. Even if every fact listed is accurate, as further explained in the Opposition to Plaintiffs' Motion, *it is Ridgewells that is entitled to judgment as a matter of law* because Plaintiffs' claims under the District of Columbia Consumer Protection Procedures Act for which they seek summary judgment are legally defective and cannot be sustained.

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Ridgewells submits the following pertinent facts to defeat Plaintiffs' Motion:

1.  The claims in this matter arise out of a contract (the "Contract")[1] between Ridgewells and Plaintiffs Mark and Judith Siegel to provide catering services for a wedding reception held on April 2, 2005 at the Corcoran Galley of Art (the "Siegel Wedding Reception").

2.  The Contract is the only written agreement between Plaintiffs and Ridgewells regarding the Siegel Wedding Reception.[2]

3.  The Contract "didn't mention either kosher or kosher division anywhere on it."[3]

4.  Plaintiffs Mark and Judith Siegel rejected Ridgewells' option for a kosher wedding contract.[4]

5.  Ridgewells' staff was surprised to discover there was shrimp in the sushi served at the Siegel Wedding Reception.[5]

6.  Ridgewells' staff did not willfully, maliciously or intentionally serve shellfish at the Siegel Wedding Reception.[6]

7.  When requested to do so, Ridgewells' staff removed the shrimp from the sushi display.[7]

---

[1] A copy of the Contract is attached hereto as Exhibit 1.
[2] Deposition of Plaintiff Mark Siegel at 221:12-15. Pertinent excerpts of the Deposition of Mark Siegel ("Dep. M. Siegel") are attached hereto as Exhibit 2.
[3] Deposition of Plaintiff Judith Siegel at 57:15-18. Pertinent excerpts of the Deposition of Judith Siegel ("Dep. J. Siegel") are attached hereto as Exhibit 3.
[4] See Dep. M. Siegel at 54:2-11.
[5] Dep. M. Siegel at 170:9-14.
[6] See Dep. M. Siegel at 170:20-171:18; See also Deposition of Plaintiff Craig Baron at 81:8-18; 82:17-19; 160:8-161:2; See also Dep. J. Siegel at 104:9; See also Deposition of Plaintiff Michael Berenbaum at 68:6-17. Pertinent excerpts of the Deposition of Craig Baron ("Dep. C. Baron") are attached hereto as Exhibit 4; and, pertinent excerpts of the Deposition of Michael Berenbaum ("Dep. M. Berenbaum") are attached hereto as Exhibit 5.
[7] See Deposition of Toby Nann Silberstein at 78-79. Pertinent excerpts of the Deposition of Toby Nann Silberstein ("Dep. T. Silberstein") are attached hereto as Exhibit 6.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

8. Ridgewells did not make any representations to Plaintiff Michael Berenbaum about the food served at the Siegel Wedding Reception.[8]

9. Plaintiffs Mark or Judith Siegel told their guests, including Plaintiff Michael Berenbaum, that the Siegel Wedding Reception was allegedly a kosher event.[9]

10. The only representation upon which Plaintiff Michael Berenbaum relied at any time before eating at the Siegel Wedding Reception was made by Plaintiffs Mark and Judith Siegel.[10]

11. The only person who told Plaintiff Melissa Patack that the Siegel Wedding Reception would be kosher was her husband, Plaintiff Michael Berenbaum.[11]

12. Plaintiffs Mark and Judith Siegel received a final invoice from Ridgewells following the Siegel Wedding Reception.[12]

13. Plaintiffs Mark and Judith Siegel have not paid the final invoice for the Siegel Wedding Reception.[13]

14. Plaintiff Mark Siegel publicly stated that he was going to put Ridgewells out of business.[14]

15. Plaintiff Mark Siegel publicly called Ridgewells' employees a "bunch of morons".[15]

---

[8] See Dep. M. Berenbaum at 46:12-13 "I've had no conversations with Ridgewells."
[9] See Dep. M. Berenbaum at 22:1-18; 30:14-22. See also Deposition of Jeffrey Wohlberg at 33:9. Pertinent excerpts of the Deposition of Jeffrey Wohlberg ("Dep. J. Wohlberg") are attached hereto as Exhibit 7.
[10] Dep. M. Berenbaum at 59:1-20.
[11] See Plaintiff Melissa Patack's Answer to Ridgewells' Interrogatory No. 9, a copy of which is attached hereto as Exhibit 8.
[12] Dep. M. Siegel at 221:16-22; Dep. M. Siegel Ex. 5.
[13] Dep. M. Siegel at 221:16-22.
[14] See Dep. T. Silberstein at 94:13-18.
[15] See Dep. T. Silberstein at 93:18-22.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

16. Plaintiff Mark Siegel said to Ridgewells' employees in front of others "You've ruined my daughter's wedding".[16]

17. Plaintiff Mark Siegel publicly accused Ridgewells of serving dairy products at the Siegel Wedding Reception.[17]

18. Ridgewells did not serve dairy products at the Siegel Wedding Reception.[18]

19. Plaintiff Mark Siegel publicly accused Ridgewells' employees of trying to steal his wine.[19]

20. Ridgewells' employees did not try to steal wine from Siegel Wedding Reception.[20]

                                              STEIN, SPERLING, BENNETT, DE JONG,
                                                 DRISCOLL & GREENFEIG, P.C.

By:        /s/
      Jeffrey M. Schwaber (D.C. Bar No. 419681)
      Ivonne C. Lindley (D.C. Bar No. 485577)
      25 West Middle Lane
      Rockville, MD 20850
      (301) 340-2020
      (301) 838-3250 (facsimile)

      Attorneys for Ridgewell's, Inc.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.OPPOSITION.SMJ.Stmt of Facts.rev.doc

---

[16] Dep. M. Siegel at 144:11-14.
[17] See Dep. T. Silberstein at 87:6-8.
[18] See Dep. T. Silberstein at 85:3-16; 87:5-19.
[19] See Dep. M. Siegel at 178:8-10; See also Dep. T. Silberstein at 93:20-21.
[20] See Dep. T. Silberstein at 93:5 – 94:18.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.
ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/340-2020