## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK A. SIEGEL, *et al.,* | ) | |
| | ) | |
| *Plaintiffs/ Counter-Defendants,* | ) | |
| | ) | Civil Action No. 05-1717 (JGP) |
| v. | ) | |
| | ) | |
| RIDGEWELL'S, INC. | ) | |
| | ) | |
| *Defendant/ Counter-Plaintiff.* | ) | |
| | ) | |

### PLAINTIFFS' MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

____

### INTRODUCTION

Ridgewell's contends that it is entitled to summary judgment because the written agreement signed by Judith Siegel did not explicitly declare that the reception and dinner were to be "kosher." There is, however, massive testimony from Mark and Judith Siegel, as well as testimony from the bride and groom themselves, that there was repeated discussion with Ms. Nann that the event was to be a "kosher" one, even though the most extreme form of kosher catering – separate dishes and a "mashgiach" – were not required. Indeed, even Ms. Nann acknowledged in e-mails and in deposition testimony that the event was to be "kosher-style" or "semi-kosher." See Exhibits E, M and N to the Affirmation of Nathan Lewin. And it is undisputed that Ms. Nann discussed with the Siegels her familiarity with the laws of *kashrut* and that in Ridgewell's own records the event was designated "kosher." See Exhibits H and I to the Affirmation of Nathan Lewin.

It is simply untrue, as Ridgewell's asserts, that "Ridgewells made it clear to the Plaintiffs that the Siegel Wedding Reception was not a kosher event." In fact, Ridgewell's represented the contrary – that it was a kosher event, albeit not up to the standard that would be required by strictly observant Orthodox Jews.

In our Motion for Summary Judgment, we have argued that regardless of whether the Siegels, their daughter, and their son-in-law are believed in their testimony that Ridgewell's assured them, through Ms. Nann, that their event would be "kosher" by their standards, Ridgewell's liability emerges from undisputed facts because the assurances made in the written contract regarding the food to be served at the sushi bar and throughout the evening were violated by Ridgewell's. On that account, the plaintiffs are entitled to summary judgment on the issue of Ridgewell's liability. But if summary judgment is denied to the plaintiffs, the Court surely cannot grant it to the defendant in light of the voluminous evidence that, by the oral assurances given by Ms. Nann, Ridgewell's sold to the Siegels a "kosher" wedding reception.

**ARGUMENT**

**I.**

**THE DCCPPA COVERS MORE
THAN "INTENTIONAL MISREPRESENTATION"**

Although Ridgewell's cites the recent District of Columbia Court of Appeals' decision in *Caulfield v. Stark*, 893 A.2d 970 (D.C. 2006), it ignores the explicit statement made by that Court that "unintentional misrepresentation under the CPPA is still an open question." 893 A.2d at 977. The prophylactic purpose of the CPPA – to protect consumers against misrepresentations by vendors – requires that liability be imposed on vendors who are grossly negligent and fail, by reason of such negligence, to live up to the standard that they publicly represent in order to woo

2

customers. That is what the Fourth Circuit held with regard to North Carolina's Consumer

Protection Act in *South Atlantic Ltd. Partnership of Tennessee, LP v. Riese*, 284 F.3d 518, 541

(4th Cir. 2002), and that rule should apply to this case.

## II.

### PHYSICAL IMPACT IS NOT REQUIRED FOR RECOVERY UNDER THE BATTERY AND NEGLIGENT INFLICTION OF EMOTIONAL INJURY CLAIMS

Ridgewell's is simply wrong in asserting that the Berenbaum and Patack plaintiffs (and

any other participants at the wedding) were not legally injured if they did not eat any shrimp or if

Ridgewell's did not intentionally inflict emotional harm on them. The District of Columbia Court

of Appeals held in *Sowell v. Hyatt Corp.*, 623 A.2d 1221 (D.C. 1993), that a restaurant patron

who only *saw* a worm in her food but did not eat the worm was "within the zone of physical

danger" and could recover for the negligent infliction of emotional distress even without proving

any "actual physical impact." 623 A.2d at 1224-1225. In the *Sowell* case the plaintiff titled her

claims "negligence" and "breach of warranty," and the Court of Appeals held that she could

recover for negligent infliction of emotional distress. 623 A.2d at 1224. By the same token, the

plaintiffs in this case may recover damages for the harm they suffered when they feared they

might be "eating contaminated food" – *i.e.*, food such as shrimp, eel, or octopus that is patently

forbidden by religious dietary law.

3

## III.

## RIDGEWELL'S IS NOT ENTITLED
## TO BE PAID FOR A CONTRACT
## THAT IT FAILED TO PERFORM

Ridgewell's claim for payment is plainly unsound. Ridgewell's breached the contract by

failing to provide sushi "made to order" and by serving shrimp and other foods that violated the

religious dietary restrictions on which the parties had agreed. These breaches entitle the plaintiffs

to substantial damages and vitiate any claim that Ridgewell's may make to be paid for catering

the Siegel wedding reception and dinner.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment should be

denied. The plaintiffs' motion for summary judgment on liability should be granted.

Respectfully submitted,

Dated: November 21, 2006

___/s/ Nathan Lewin_____
NATHAN LEWIN (DC BAR NO. 38299)
ALYZA D. LEWIN (DC BAR NO. 445506)
LEWIN & LEWIN, LLP
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000

*Attorneys for the Plaintiffs-Counter-Defendants*