UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/ Counter-Defendants,* ) | |
| ) | Civil Action No. 05-1717 (JGP) |
| v. ) | |
| ) | |
| RIDGEWELL'S, INC. ) | |
| ) | |
| *Defendant/ Counter-Plaintiff.* ) | |
| ) | |

**PLAINTIFFS' COUNTER-STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7.1(h), Plaintiffs, by and through undersigned counsel, hereby submit the following response to Defendant's "Undisputed Material Facts" in Support of Defendant's Motion for Summary Judgment:

1. Not in dispute.

2. Dispute. The written contract is not the only agreement between plaintiffs and Ridgewell's regarding the Siegel wedding reception. The oral agreements and all documents exchanged throughout the planning process represent the complete contractual arrangement between the parties.[1]

3. Not in dispute. However, the clear intention of both parties was to contract for a reception and dinner that were kosher by the plaintiffs' standards.[2] Furthermore, Ridgewell's

---

[1] Deposition of Plaintiff Judith Siegel at 39:4 – 6; Deposition of Plaintiff Mark Siegel at 221:10-11; Deposition of Toby Nann Silberstein 149:4-14.
[2] Deposition of Plaintiff Judith Siegel at 37:18 – 38:4; Deposition of Toby Nann Silberstein 149: 4-14

represented itself as a kosher caterer, both to the plaintiffs and to the community at large.[3] Ridgewell's staff was well informed of the kosher nature of the event.[4]

4. Not in dispute.

5. Dispute. Sushi trays containing shrimp were observed at more than "one point" during the Siegel Wedding Reception.[5]

6. Dispute. Ridgewell's staff ordered the sushi vendor to omit only "meat" from the sushi platter. The presence of shrimp was not a "surprise."[6]

7. Dispute. Ridgewell's staff intentionally contracted with a sushi vendor and failed to instruct the sushi vendor not to include shellfish in the sushi[7].

8. Dispute. Craig Baron's sister began removing shrimp from the sushi boat once she discovered it. Only after a wedding guest and family member began removing the shrimp herself, did Ridgewell's remove the shrimp.[8] Ridgewell's "reluctantly" removed the shrimp.[9]

9. Not in dispute.

10. Dispute. Michael Berenbaum noted that he likely ate unkosher food, including sushi, at the wedding.[10]

11. Not in dispute.

12. Not in dispute.

---

[3] Deposition of Judith Siegel at 41: 6-22 – 42:1-3, 55:10-15,
[4] Deposition of Craig Baron at 80:16-19.
[5] Deposition of Judith Siegel at 95:16-21; Deposition of Michael Berenbaum at 35:11-13.
[6] Deposition of Nomi Mummert at 36:14-17, 52:10-22, 53:1-16.
[7] Deposition of Toby Nann at 126:7-15, 169:11-18.
[8] *See* Deposition of Rebecca Siegel Baron at 30:8-13.
[9] Deposition of Mark Siegel at 142:22 – 143:1.
[10] Deposition of Michael Berenbaum at 31:18-24, 32:1-6.

13. Dispute. Michael Berenbaum was in "the zone of physical danger" and feared that "contaminated food" – *i.e.,* non-kosher food – was being served. He found it to be "a visual violation of what [he] had presumed was a sacred event,"[11] and found it "violative, repugnant, and difficult."[12]

14. Not in dispute.

15. Dispute. Mark and Judith Siegel informed their guests that the event would satisfy the kosher standard appropriate for them.[13] The Siegels did not reject a kosher wedding contract but, in fact, contracted with Ridgewell's for a kosher wedding, albeit not by the most strict Orthodox standard.

16. Not in dispute.

17. Not in dispute.

18. Not in dispute.

19. Not in dispute.

20. Not in dispute.

21. Not in dispute.

22. Not in dispute.

---

[11] *See* Deposition of Michael Berenbaum at 60:22 – 61: 1-2.
[12] *Id.*
[13] Deposition of Mark Siegel at 25:1-7.

3

23. Not in dispute. Plaintiffs Mark and Judy Siegel have not paid the final invoice for the Siegel Wedding Reception because Ridgewell's did not perform the contract as agreed upon by both parties.

Dated: November 21, 2006

       /s/ Nathan Lewin
NATHAN LEWIN (DC BAR NO. 38299)
ALYZA D. LEWIN (DC BAR NO. 445506)
LEWIN & LEWIN, LLP
1828 L Street, N.W., Suite 901
Washington, D.C. 20036
(202) 828-1000

*Attorneys for the Plaintiffs-Counter-Defendants*