# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARK A. SIEGEL**, *et al.*, | ) | |
| | ) | |
| *Plaintiffs/ Counter-Defendants,* | ) | |
| | ) | **Civil Action No. 05-1717 (JGP)** |
| **v.** | ) | |
| | ) | |
| **RIDGEWELL'S, INC.,** | ) | |
| | ) | |
| *Defendant/ Counter-Plaintiff.* | ) | |
| | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DECLARATION OF DAVID SEIGAL AND MOTION TO ASSESS $10,000 AS A SANCTION AND ATTORNEYS' FEES PURSUANT TO RULE 26(g)(3)

———

Ridgewell's has moved to strike the declaration of a sous chef who was a guest at the Siegel-Baron wedding and who recognized octopus and eel as having been served on the sushi platter provided by Ridgewell's for a reception at which only salmon and tuna (and no non-kosher shellfish) were to be served, and who actually ate sushi with shrimp. Ridgewell's has unequivocally denied that octopus and eel were served (see Answer, ¶ 10) even though the sushi vendor testified in her deposition that it was customary for her to use eel and octopus in her sushi unless she was instructed not to use it. See Deposition of Nami Mummert, pp. 36-37.

The Seigal Declaration demonstrates that, even at this late date, Ridgewell's is continuing to assert a blatant falsehood. Ridgewell's stated justification for seeking to strike the Seigal Declaration is that Mr. Seigal's name was not listed in the plaintiffs' response to Ridgewell's Interrogatories No. 3 and No. 4, and that no statement of Mr. Seigal was produced in response to Production Request No. 13.

Ridgewell's assertion that Mr. Seigal was not identified in Answers to Interrogatories is blatantly false. Plaintiff Craig Baron responded to Interrogatories Nos. 3 and 4, in relevant part, as follows (emphasis added):

> *Interrogatory No. 3:* . . .The answer to this Interrogatory is at Deposition of Craig Baron, pp. 101-102. Without waiving this objection, Mr. Baron responds as follows: I cannot recall every person who claimed to consume shrimp, eel, octopus, or dairy products. **David Seigal** and Michelle Samuels informed me that they consumed eel, shrimp and octopus. Additionally, the following individuals informed me they ate shrimp: Jonathan Salky, Nicholas Rosenberg, Adam Lioz, Daniel Branower.

> *Interrogatory No. 4:* . . . The answer to this Interrogatory is at Deposition of Craig Baron, pp. 101-102. Without waiving this objection, Mr. Baron responds as follows: **David Seigal** and Michelle Samuels informed me that they consumed eel, shrimp and octopus. Additionally, the following individuals informed me they ate shrimp: Jonathan Salky, Nicholas Rosenberg, Adam Lioz, Daniel Branower.

During his deposition, plaintiff Craig Baron identified Mr. Seigal as a friend and guest at the wedding who had told him that he saw octopus and eel at the reception. Mr. Baron's testimony was as follows:

> Q.   Do you know what other shellfish you were told there was?
> A.   I believe there was octopus and I believe someone mentioned eel.
> Q.   Okay. And who told you about octopus or eel?
> A.   Specifically a friend of mine, David Seigal, S-E-I-G-A-L, and another friend, Michelle Samuels.
> Q.   Okay. And where does Mr. Seigal live?
> A.   Currently, in France.
> Q.   And where was he living at the time of the wedding?
> A.   In Manhattan.
> Q.   Okay. Does he keep kosher?
> A.   No, he doesn't.
> Q.   And what did he tell you?
> A.   I believe we were talking about them serving shellfish, and I think somebody was talking about shrimp. And I believe he said there was eel, also, it was great, as he doesn't keep kosher.
> Q.   Okay. And that's the first and only time you heard about eel?
> A.   No. I think several other people told me, but those are the specific ones I remember.
> Q.   What did Michelle Samuels tell you?
> A.   I believe she told me that there were other types of shellfish being served, octopus and eel.
> Q.   She told you octopus and eel?
> A.   I believe so, yes.

Q.   Okay.  And Mr. Seigal, David Seigal, only told you about eel?
A.   From what I recall, yes.
Q.   Okay.  And other than Michelle Samuels, did anyone else tell you about octopus?
A.   I believe so, but I can't recall specifically.
Q.   Okay.  Sitting here today you don't know one way or the other whether octopus or eel were served; is that a fair statement?
MR. LEWIN:  Objection.
THE WITNESS:  Based on what people told me, I believe that it was served.
BY MR. SCHWABER:
Q.   I understand that.  My question is sitting here today do you know whether octopus or eel was served?
MR. LEWIN:  Objection.  He's answered that question.
THE WITNESS:  Based upon what people told me, I knew that it was served.

*See* Deposition of Plaintiff Craig Baron, at 101:2-103:13.

As the Baron testimony indicated, Mr. Seigal was, at the time, living in France. The plaintiffs had no "statement" or "affidavit" from Mr. Seigal until they requested an affidavit from him for purposes of the Motion for Summary Judgment. Hence the response to the Request for Production of Documents was, and continues to be, entirely accurate.

Moreover, even if Ridgewell's false assertion that Mr. Seigal was not named during discovery were true, Ridgewell's cites no case authority for the proposition that the declaration of a witness who was not named by a plaintiff in an answer to an Interrogatory but who was identified in a plaintiff's deposition should be stricken. Rule 26(e) of the Federal Rules of Civil Procedure, which governs the obligation to supplement discovery answers, does not prescribe such drastic relief – and certainly not when the defendant actually knew of the existence of the witness from a deposition. Indeed, even substantial additions of totally new names to a witness list shortly before trial are permitted notwithstanding Rule 26(e) because "evidence preclusion is disfavored." *Chemical Bank v. Affiliated FM Insurance Co.*, 1996 WL 445362 (S.D.N.Y. 1996). Evidence is excluded only where there is a showing of bad faith or substantial prejudice. See

3

*Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10 (1st Cir. 2001); *Bellinger v. Deere & Co.,* 881 F. Supp. 813, 817 (S.D.N.Y. 1995).

Ridgewell's had ample notice that Mr. Seigal observed eel and octopus at the wedding reception. It knew Mr. Seigal's name from Mr. Baron's answer to interrogatories and from the testimony provided by Mr. Baron. If Ridgewell's had thought that Mr. Siegal's testimony was important enough to warrant a deposition, it could have requested that plaintiffs contact him for that purpose. Ridgewell's did not do so.

Ridgewell's Motion is frivolous in both fact and law and was plainly interposed only to harass plaintiffs and their counsel. Indeed, as indicated in the Declaration of Nathan Lewin that is submitted in support of this Opposition and Motion for Sanction and Attorneys' Fees, plaintiffs' counsel was obliged to set aside work he was doing for other clients in order to spend considerable time researching and writing an Opposition to Ridgewell's Motion. Work on this Motion was also done by Ms. Alyza Lewin, by a law clerk in the Lewin & Lewin firm, and by the firm's Office Manager.

To deter Ridgewell's from filing similarly baseless pleadings in the future, the Court should, pursuant to Rule 26(g)(3) of the Federal Rules of Civil Procedure, direct Ridgewell's to pay Ten Thousand Dollars ($10,000) as a sanction and for attorneys' fees and other expenses reasonably required to respond to its discovery motion.

**CONCLUSION**

For the foregoing reasons, Ridgewell's Motion To Strike should be denied and a sanction

and attorneys' fees in the amount of Ten Thousand Dollars ($10,000) should be assessed against

Ridgewell's for the reasonable expenses incurred in responding to its motion.


Dated: December 1, 2006                    Respectfully submitted,


                                            /s/ Nathan Lewin
                                           NATHAN LEWIN (D.C. Bar No. 38299)
                                           ALYZA D. LEWIN (D.C. Bar No. 445506)
                                           **LEWIN & LEWIN, LLP**
                                           1828 L Street, N.W., Suite 901
                                           Washington, D.C.  20036
                                           (202) 828-1000
                                           (202) 828-0909 fax

                                           *Attorneys for Plaintiffs*