# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/ Counter-Defendants,* ) | |
| ) | Civil Action No. 05-1717 (JGP) |
| v. ) | |
| ) | |
| RIDGEWELL'S, INC., ) | |
| ) | |
| *Defendant/ Counter-Plaintiff.* ) | |
| ) | |

### DECLARATION OF NATHAN LEWIN
### IN SUPPORT OF MOTION FOR
### SANCTION AND ATTORNEYS' FEES

**NATHAN LEWIN** hereby affirms under penalty of perjury:

1. I am lead counsel for the plaintiffs in the above matter and am submitting this Declaration in support of the plaintiffs' Motion for Sanction and Attorneys' Fees growing out of Ridgewell's Motion To Strike the Declaration of David Seigal.

2. Our firm received a service copy of Ridgewell's Motion on November 21, 2006. Because my partner Alyza Lewin has various commitments that made it impossible for her to prepare a response and because I am leaving the country on December 3, 2006, I was obliged personally to research the claim made in Ridgewell's Motion and to draft our Opposition.

3. I researched Rule 26(g)(3) and Rule 30 of the Federal Rules of Civil Procedure over the Thanksgiving weekend, for 1.6 hours on Friday, November 24, and for 2.0 hours on Sunday, November 26.

4. I reviewed prior pleadings, including the plaintiffs' response to interrogatories, and drafted the Opposition on Tuesday, November 28, 2006, for 3.5 hours. Following

discussions with our law clerk and review of the relevant materials, I revised the Opposition for 1.1 hours.

5. On Wednesday, November 29, 2006, I made further revisions and drafted my Declaration in support of sanctions and attorneys' fees for 1.0 hours.

6. Alyza Lewin and our law clerk (Maureen Smith) spent 1.8 and 1.5 hours, respectively, on this matter.

7. I was obliged to set aside work I was doing for two different clients who are reimbursing me at $650 per hour in order to do the above work. My total hours in preparing our Opposition and Motion are 9.1. At $650 per hour, my own attorneys' fees for these services are $5,915.

8. In *Tenafly Eruv Association v. Borough of Tenafly*, 2006 WL 2547253 (3d Cir. 2006) (attached hereto as Exhibit A), the Court of Appeals for the Third Circuit approved an hourly rate for services I had rendered in 2001 in the amount of $550. Since that time, my hourly rate has increased. The Third Circuit said:

> And though Mr. Lewin's requested rate ($550.00 per hour) would, according to the evidence in the record, place him among the few top-earning partners in New Jersey, it is plain from his qualifications and experience that he is worthy of such a stature were he practicing in New Jersey.

9. I am satisfied that Ridgewell's Motion To Strike was filed to harass the plaintiffs by forcing our small law firm to expend excessive resources to make a legitimate claim against Ridgewell's. I believe that Ridgewell's, through excessive motions practice, is hoping to wear down the plaintiffs who are making a lawful and valid claim for conduct that ruined their memories of the "once-in-a-lifetime" event of the wedding of Rebecca Siegel Baron and Craig Baron. Unless the defendants are deterred from conduct of this kind, they will continue to file

frivolous pleadings. An appropriate sanction, we believe, would be the payment of Ten Thousand Dollars ($10,000).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 1, 2006

_____
NATHAN LEWIN