THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendant,

v().

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**DEFENDANT'S REPLY MEMORANDUM TO
<u>"PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT"</u>**

Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to LCvR 7, hereby files this Reply to "Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment" ("Plaintiffs' Opposition") in further support of Ridgewells' Motion for Summary Judgment:

**A.    The law of the District of Columbia requires *intentional misrepresentation* for claims pursuant to the District of Columbia Consumer Protection Procedures Act (CPPA), thereby entitling Ridgewells to judgment as a matter of law on this count.**

Plaintiffs' counts brought pursuant to the CPPA fail as a matter of District of Columbia law. Plaintiffs' Opposition relies on *dicta* in <u>Caulfield v. Stark</u>, 893 A. 2d 970 (D.C. 2006) that leaves opens a question about prospective expansion of District of Columbia law.  However, the express language of the CPPA, as restated as recently as 2006 by the Court in <u>Caulfield</u>, is that only an *intentional* misrepresentation shown to be made by clear and convincing evidence can form the basis for Plaintiffs' claims pursuant to the CPPA.  In fact, the <u>Caulfield</u> Court referred Judge Urbina's holding that "an unintentional-misrepresentation claim would fall *outside the scope of the CPPA*".

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Caulfield 893 A.2d at 976-77 (citing Dorn v. McTigue, 121 F.Supp 17, 19 (D.D.C. 2000)(emphasis added).

Plaintiffs have now expressly admitted that "[a]t this stage of the proceeding, [Plaintiffs] cannot allege or prove that Ridgewells' misrepresentation was intentional."[1] There is no later stage of this proceeding, as discovery is now closed. Ridgewells asserted in support of its motion for summary judgment on Plaintiffs' CPPA claims that "[i]t is undisputed that Ridgewells' staff did not willfully, maliciously or intentionally serve shellfish at the Siegel Wedding Reception."[2] Plaintiffs' only response to this statement of fact on this crucial point was, in pertinent part, that "Ridgewells' staff … failed to instruct the sushi vendor not to include shellfish in the sushi".[3] Even if true, that falls far short of an *intentional misrepresentation by Ridgewells to the Plaintiffs* which is required for liability under the CPPA.

**B.    Plaintiffs' Opposition patently ignores District of Columbia law on battery.[4]**

In order to recover for battery, Plaintiff Berenbaum and Plaintiff Patack must prove that Ridgewells committed an "*intentional* act that causes harmful or offensive *bodily contact*." District of Columbia v. Chinn, 839 A.2d 701, 705 (D.C.,2003)(emphasis added); See also Holder v. District of Columbia, 700 A.2d 738 (D.C.App.,1997) (citing Etheredge v. District of Columbia, 635 A.2d 908, 916 (D.C.1993).

---

[1] Page 10 of Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment attached here to as Exhibit 1.
[2] See Deposition of Mark Siegel at 170:20-171:18; See also Deposition of Craig Baron at 81:8-18; 82:17-19; 160:8-161:2; See also Deposition of Judith Siegel at 104:9; See also Deposition of Michael Berenbaum at 68:6-17. All deposition cites in this Reply are attached hereto as Exhibit 2.
[3] Number 7 in Plaintiffs' Counter-Statement of Material Facts filed with Plaintiffs' Opposition.
[4] Plaintiffs' Opposition lumps the two torts together in the response, failing to address how the Plaintiffs can meet their burden of proof on the elements of either of these claims.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

It is now conceded that Ridgewells' actions were not intentional. It also is now conceded that Ridgewells did not have physical contact with Mr. Berenbaum or Ms. Patack. This assertion of fact was not disputed by Plaintiffs in their Counter-Statement of Material Facts wherein they unequivocally responded that the following pertinent facts were "Not in Dispute":

- Plaintiff Michael Berenbaum admitted he did not eat any shrimp at the Siegel Wedding Reception.[5]

- Plaintiff Michael Berenbaum admitted he did not eat any dairy products at the Siegel Wedding Reception.[6]

- Plaintiff Michael Berenbaum testified that he "cannot affirmatively state [he] ate unkosher food" at the Siegel Wedding Reception.[7]

- Plaintiff Melissa Patack admitted she did not eat any sushi at the Siegel Wedding Reception.[8]

- Plaintiff Melissa Patack admitted she did not eat any dairy products at the Siegel Wedding Reception.[9]

- Plaintiff Melissa Patack admitted she has no facts in support of her allegation that she was "personally the victim of a physical impact".[10]

A key and necessary element for proving a claim of battery is a *physical touching*. The two Plaintiffs who allege battery in this case admit they cannot meet this burden. Finally, for the reasons more fully set forth in Ridgewells' Motion to Compel Deposition of Plaintiff Patack

---

[5] Dep. M. Berenbaum at 36:8:10, at <u>Exhibit 2</u>.
[6] M. Berenbaum Answer to Ridgewells' Interrogatory No. 5. All cites to discovery responses in this Reply are attached hereto as <u>Exhibit 3</u>.
[7] Dep. M. Berenbaum at 38:2-5, at <u>Exhibit 2</u>.
[8] Plaintiff Melissa Patack ("M. Patack") Answer to Ridgewells' Interrogatory No. 4, at <u>Exhibit 3</u>.
[9] M. Patack Answer to Ridgewells' Interrogatory No. 5, at <u>Exhibit 3</u>.
[10] <u>See</u> M. Patack Answer to Ridgewells' Interrogatory No. 13, at <u>Exhibit 3</u>, where she states in pertinent part "My understanding is that guests at the wedding who would not knowingly eat shrimp, eel or octopus mistakenly at those foods. Their harm was serious and verifiable." **Note: Plaintiff Patack mis-numbered her response to Ridgewells' Interrogatory No. 13 as "Answer to Interrogatory No. 12".**

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3

and for Attorneys' Fees (filed 7/20/06), Ms. Patack refused to submit to deposition in this case, and further pursuit of her claims is therefore wholly inappropriate at this juncture.

**C.    Plaintiffs' claims do not meet the requirements of the "zone of danger" exception to the physical impact contact requirement for their claims of negligent infliction of emotional distress.**

It is undisputed that Plaintiffs cannot establish the prerequisite element of *physical contact* required for a claim of negligent infliction of emotional distress. In an effort to rescue their wholly deficient claims, Plaintiffs now misapply the "zone of danger" exception to the "impact rule" for this tort.

In Williams v. Baker, 572 A.2d 1062 (D.C.1990), the court created a narrow extension to the cause of action for negligent infliction of emotional distress, holding that plaintiffs who were in a zone of physical danger that was caused by a defendant's negligence, *and who suffered physical injury as a result of the fear for their own safety,* could make a claim for negligent infliction of emotional distress regardless of whether there was a physical impact (the "zone of danger" exception). See Morgan v. Psychiatric Institute of Washington, 692 A.2d 417, 420-21 (D.C.1997) (citing Williams v. Baker, 572 A.2d 1062, 1067 (D.C. 1990).

Plaintiffs have no evidence that they were in a "zone of physical danger" and suffered a physical injury that is serious and verifiable. In fact, the evidence is directly to the contrary. It is undisputed that:

- Plaintiff Mark Siegel never sought or obtained medical treatment for any emotional or physical injury he allegedly sustained as a result of Ridgewells' actions;[11]

- Plaintiff Judith Siegel never sought or obtained medical treatment for any emotional or physical injury she allegedly sustained as a result of Ridgewells' actions;[12]

---

[11] See Dep. M. Siegel at 183:5-10, at Exhibit 2.
[12] Dep. J. Siegel at 129:20-130:5, at Exhibit 2.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

4

- Plaintiff Rebecca Baron Siegel never sought or obtained medical treatment for any emotional or physical injury she allegedly sustained as a result of Ridgewells' actions;[13]

- Plaintiff Craig Baron never sought or obtained medical treatment for any emotional or physical injury he allegedly sustained as a result of Ridgewells' actions;[14]

- Plaintiff Michael Berenbaum never sought or obtained medical treatment for any emotional or physical injury he allegedly sustained as a result of Ridgewells' actions;[15]

- Plaintiff Melissa Patack never sought or obtained medical treatment for any emotional or physical injury she allegedly sustained as a result of Ridgewells' actions.[16]

Without regard for District of Columbia law, Plaintiffs seek to obfuscate the undisputed evidence by suggesting some exception to the "impact rule" for a claim of negligent infliction of emotional distress. The "zone of danger" exception is patently inapplicable here.

\* \* \*

---

[13] Deposition of Rebecca Baron at 61:6-12, at <u>Exhibit 2</u>.
[14] Dep. C. Baron at 166:2-8, at <u>Exhibit 2</u>.
[15] <u>See</u> M. Berenbaum Answer to Ridgewells' Interrogatory No. 14, at <u>Exhibit 3</u>.
[16] <u>See</u> M. Patack Answer to Ridgewells' Interrogatory No. 14, at <u>Exhibit 3</u>. Ridgewells asked "Describe with particularity the 'severe emotional injury' you allege you suffered as a result of the Defendant's alleged conduct, including stating any expenses you have incurred for treatment of any such severe emotional injury." Ms. Patack responded only that "My emotional harm derived from knowing my friends were very upset." **Note: Plaintiff Patack referred to this Interrogatory and Answer as No. 13, when in fact this was Ridgewells' Interrogatory No. 14.**

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

          Respectfully submitted,

          STEIN, SPERLING, BENNETT, DE JONG,
            DRISCOLL & GREENFEIG, P.C.

By:      / s /
          Jeffrey M. Schwaber (D.C. Bar No. 419681)
          Ivonne C. Lindley (D.C. Bar No. 485577)
          25 West Middle Lane
          Rockville, MD 20850
          (301) 340-2020
          (301) 838-3250 (facsimile)

          Attorneys for Ridgewell's, Inc.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.REPLY.Motion for SMJ.rev.doc

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020