THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs/Counter-Defendant,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

**DEFENDANT'S REPLY MEMORANDUM TO
"PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE DECLARATION OF DAVID SEIGAL"**

Defendant Ridgewell's, Inc. ("Ridgewells"), by and through its attorneys, and pursuant to LCvR 7, hereby files this Reply to "Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Strike Declaration of David Seigal" ("Plaintiffs' Opposition")[1]:

\* \* \*

The purpose of discovery is to remove surprise from trial preparation so that the parties can obtain and evaluate facts and evidence relevant to their dispute.[2] It is unfair and completely contrary to the purpose of the discovery rules to allow Plaintiffs to support their motion for summary judgment with the declaration of an individual who was not properly identified in a timely manner before the close of discovery.

Before the close of discovery, Ridgewells' interrogatories unequivocally asked each Plaintiff to "[i]dentify every person who you claim consumed shrimp, eel, octopus, or dairy products at the Seigel Wedding Reception." Ridgewells instructions to each Plaintiff preceding this interrogatory, stated "[w]here the name or identity of a person is requested, please state the

---

[1] Plaintiffs' Motion for Sanctions will be responded to separately, within the time provided in the Rules.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

full name; home address; business address; and telephone number." Ridgewells also asked each Plaintiff to produce any "statements and affidavits received by you from any person or potential witness (lay or expert) regarding the allegations in the Complaint."[3] The purpose of this standard inquiry was to be able to contact and/or depose any potential witness.

Plaintiff Craig Baron listed David Seigal's name and provided none of the other properly requested information. When Ridgewells' counsel asked him in deposition where Mr. Seigal lived, Plaintiff Craig Baron said he was living in France.[4]

Following his deposition, certainly upon David Seigal's return from France, Plaintiffs should properly and timely have supplemented Ridgewells' discovery requests. The Federal Rules of Civil Procedure impose such a duty on a litigant.[5] Plainitiffs could and should have provided David Seigal's contact information in New York and the facts alleged in his Declaration. David Seigal served as Plaintiff Craig Baron's groomsman at the Seigel Wedding which is the subject of this lawsuit.[6] Surely, Plaintiffs knew of his whereabouts.

David Seigal's contact information in the United States and the content of his Declaration was material information that "has not otherwise been made known to the other parties during the discovery process". Plaintiffs should have provided the information to Ridgewells long ago, but failed to do so. By providing this information now, almost 3 months after the discovery deadline, Plaintiffs have deprived Ridgewells of the opportunity to discover the facts allegedly know by him that may be pertinent to this case. Plaintiffs' failure to supplement their discovery responses violates Rule 26(e), for which sanctions are appropriate.

---

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

[2] See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35, 104 S.Ct. 2199. 2208 (U.S. 1984).
[3] Significantly, to this date, Plaintiffs still have not formally supplemented their discovery responses.
[4] Deposition of Craig Baron at 101:2-13, attached hereto as Exhibit 1.
[5] Fed. R. Civ. P. 26(e).
[6] Declaration of David Seigel, attached hereto as Exhibit 2.

2

\* \* \*

WHEREFORE, in consideration of the above, and Ridgewells' previously filed Motion to Strike Declaration of David Seigal, Ridgewells respectfully requests that the Court sanction the Plaintiffs for their discovery violation by striking the Declaration of David Seigal entirely, or at least allowing Ridgewells to depose David Seigal at the Plaintiffs' expense, plus any other relief this Court deems appropriate.

        Respectfully submitted,

        STEIN, SPERLING, BENNETT, DE JONG,
          DRISCOLL & GREENFEIG, P.C.

By:         / s /
        Jeffrey M. Schwaber (D.C. Bar No. 419681)
        Ivonne C. Lindley (D.C. Bar No. 485577)
        25 West Middle Lane
        Rockville, MD 20850
        (301) 340-2020
        (301) 838-3250 (facsimile)

        Attorneys for Ridgewell's, Inc.

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.REPLY.Motion to Strike Declaration.rev.doc

STEIN, SPERLING, BENNETT,
DE JONG, DRISCOLL &
GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

3