THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. SIEGEL, *et al.*,

    Plaintiffs,

v.

RIDGEWELL'S, INC.,

    Defendant/Counter-Plaintiff.

Case No. 1:05CV01717
Judge: John Garrett Penn

### RIDGEWELLS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' "MOTION TO ASSESS $10,000 AS A SANCTION AND ATTORNEYS' FEES PURSUANT TO RULE 26(g)(3)"

Defendant, Ridgewell's Inc. ("Ridgewells"), by its attorneys, Jeffrey M. Schwaber, Ivonne C. Lindley, and Stein, Sperling, Bennett, De Jong, Driscoll & Greenfeig, P.C., pursuant to Fed. R. Civ. 26 and LCvR 7, hereby submits this Memorandum of Points and Authorities in Opposition to Plaintiffs' "Motion to Assess $10,000 as a Sanction and Attorneys' Fees Pursuant to Rule 26(g)(3)" ("Plaintiffs' Motion"):

Plaintiffs' counsel continues to make up their own rules, and to take offense at the mere fact of a defense to Plaintiffs' claims. Counsel failed to identify witness David Seigal pursuant to the Instructions preceding Ridgewells' discovery requests.[1] Plaintiffs also failed to supplement their initial discovery responses with contact information for David Seigal pursuant to the Federal Rules. As a result, Ridgewells was forced to file the "Motion to Strike 'Declaration of David Seigal'" ("Motion to Strike") in response to Plaintiffs' unexcused failure

---

[1] "Where the name or identity of a person is requested, please state the full name; home address; business address; and telephone number."

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

to follow the Rules. Ridgewells' Motion to Strike was filed with substantial justification – namely, to bring to the Court's attention Plaintiffs' clear violation of the Rules.

Federal Rule of Civil Procedure 26(g)(3) states:

> If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Federal Rule of Civil Procedure 26(e) states in pertinent part:

> A party who has made a disclosure under subdivision (a) or who has responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances: * * * (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Ridgewells' Motion to Strike alleged, among other things, that Plaintiffs failed properly to supplement their discovery responses in this case pursuant to Fed. R. Civ. 26(e). Plaintiffs' Opposition to Ridgewells' Motion to Strike <u>does not even dispute that allegation</u>. Instead, the Opposition suggests that Plaintiffs somehow should be excused of their duty to follow the Rules regarding supplementing discovery.

Plaintiff Craig Baron's interrogatory responses listed David Seigal's name among others, but provided <u>none of the other information Ridgewells properly requested in discovery</u>. When Ridgewells' counsel asked Craig Baron in deposition where Mr. Seigal lived, Plaintiff Baron

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

said he was living in France.[2]  Following his deposition, certainly upon David Seigal's return from France, Plaintiffs should properly and timely have supplemented their discovery responses, particularly if Plaintiffs intended to use him as a witness.[3]  The Federal Rules of Civil Procedure impose such a duty on a litigant.

By providing this information now, almost 3 months after the discovery deadline, Plaintiffs have deprived Ridgewells of the opportunity to discover the facts allegedly known by David Seigal that may be pertinent to this case.  If Ridgewells had known Mr. Seigal was living in New York prior to the close of discovery, Ridgewells could have taken his deposition.  Counsel for Ridgewells traveled to New York for depositions in this case, and certainly would have deposed another potential witness at the same time.

## Conclusion

Plaintiffs continue to pursue this case despite a clear inability to meet their burden of proving several essential elements of their claims.   Faced with the glaring deficiencies in their claims, Plaintiffs now attempt to salvage their case by relying upon information from a witness who never was properly identified in discovery.    Rather than acknowledge their unilateral departure from the Rules, Plaintiffs continue their barrage of personal attacks, now with an irresponsible accusation of sanctionable conduct by Defendant's counsel.

*    *    *

WHEREFORE, Defendant, Ridgewells respectfully request that this Honorable Court enter an Order denying Plaintiffs' "Motion to Assess $10,000 as a Sanction and Attorneys' Fees Pursuant to Rule 26(g)(3)", and for such other and further relief as the Court deems appropriate.

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

---

[2] Deposition of Craig Baron at 101:2-13, attached hereto as Exhibit 1.
[3] As stated in Plaintiffs' "Declaration of David Seigel," attached hereto as Exhibit 2, David Seigal served as Plaintiff Craig Baron's groomsman at the Seigel Wedding which is the subject of this lawsuit. Surely, Plaintiffs knew of his whereabouts.

STEIN, SPERLING, BENNETT, DE JONG,<br>DRISCOLL & GREENFEIG, P.C.

By: _____/s/_____
Jeffrey M. Schwaber (D.C. Bar No. 419681)
Ivonne C. Lindley (D.C. Bar No. 485577)
25 West Middle Lane
Rockville, MD 20850
(301) 340-2020
(301) 838-3250 (facsimile)

Attorneys for Ridgewell's, Inc.

REQUEST FOR ORAL HEARING

Please take notice, that the undersigned respectfully request an oral hearing on Plaintiffs' Motion and Defendant's Opposition.

By: _____/s/_____
Jeffrey M. Schwaber (D.C. Bar No. 419681)
Ivonne C. Lindley (D.C. Bar No. 485577)

L:\CLIENTS\R\Ridgewells\Siegel.008\litigation\250.OPPOSITION.P Motion Sanctions.rev.doc

STEIN, SPERLING, BENNETT, DE JONG, DRISCOLL & GREENFEIG, P.C.

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/340-2020

Case 1:05-cv-01717-RJL   Document 71   Filed 12/12/2006   Page 4 of 4

4