UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK A. SIEGEL, *et al.*, ) | |
| ) | |
| *Plaintiffs/ Counter-Defendants,* ) | |
| ) | Civil Action No. 05-1717 (JGP) |
| v. ) | |
| ) | |
| RIDGEWELL'S, INC., ) | |
| ) | |
| *Defendant/ Counter-Plaintiff.* ) | |
| ) | |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO ASSESS $10,000 AS A SANCTION AND
ATTORNEYS' FEES PURSUANT TO RULE 26(g)(3)

Ridgewell's has belatedly discovered that, contrary to the assertion it made in its Motion To Strike the Declaration of David Seigal, Mr. Seigal's identity and the fact that he had witnessed octopus and eel served at the Siegel-Baron wedding reception was disclosed in the plaintiff's answers to interrogatories and in the deposition of Craig Baron.

Rather than admitting candidly that its motion was in error, Ridgewell's tries to justify its motion by claiming that the plaintiffs did not advise them of Mr. Seigal's address after he returned from France. Had it known Mr. Seigal's address, Ridgewell's suggests, it would have noticed his deposition. This explanation is patently incredible for several reasons. First, Ridgewell's cannot deny that the plaintiffs have arranged to make witnesses favorable to the plaintiffs available for deposition on request from Ridgewell's counsel. Had Ridgewell's expressed an interest in taking Mr. Seigal's deposition, the plaintiffs would have sought to learn when he would be available and have tried to arrange for his deposition. In fact, Ridgewell's expressed no interest at any time in taking his deposition.

Second, Ridgewell's never sought to take the deposition of Michelle Samuels who was also named by Mr. Baron as a friend who had seen eel and octopus at the reception. Plainly, the possibility of taking the depositions of witnesses such as Mr. Seigal and Ms. Samuels is an afterthought that is only being asserted now to avoid sanctions and the award of attorneys' fees.

Nor is this the first time in the course of this litigation that Ridgewell's has engaged in conduct that appears to have absolutely no purpose other than to harass plaintiffs' counsel.

(1)   On April 14, 2006, Ridgewell's served interrogatories on all six named plaintiffs. The depositions of four of the plaintiffs had previously been taken on January 19, 2006, February 7, 2006, and March 21, 2006. The interrogatories addressed to these plaintiffs largely repeated the very same questions that had been asked of these four plaintiffs in their depositions. Nonetheless, Ridgewell's counsel kept pressing for answers to the interrogatories and refused to grant a second brief extension to answer the interrogatories even though Ridgewell's counsel knew that one of the plaintiffs' counsel had, at that time, just given birth.  See Exhibit 1.

(2)   On July 20, 2006, Ridgewell's filed a motion to take the deposition of Melissa Patack, a plaintiff who had agreed to be deposed in California or to answer questions on written deposition or to be deposed on the telephone. Ms. Patack was unable to travel to the District of Columbia and had agreed to a voluntary dismissal of her case if the alternatives to a live deposition in the District of Columbia were unacceptable to Ridgewell's. There is absolutely no purpose in taking a deposition of a plaintiff who has agreed to drop her case rather than travel to the location where the case was brought. The only advantage to Ridgewell's was that the motion (and the requested deposition of Ms. Patack) would harass plaintiffs' counsel by forcing plaintiffs' counsel to expend time and resources.

These prior instances demonstrate that it is Ridgewell's litigation tactic to wear down plaintiffs' counsel with frivolous discovery requests and other tactical moves. This latest motion

is another step in this strategy. We respectfully ask the Court to demonstrate to Ridgewell's -- with the imposition of a meaningful sanction -- that this is not the way litigation should be conducted.

## CONCLUSION

For the foregoing reasons, a sanction and attorneys' fees should be assessed against Ridgewell's.

Dated: December 18, 2006                Respectfully submitted,

                                      /s/ Nathan Lewin
                                      NATHAN LEWIN (D.C. Bar No. 38299)
                                      ALYZA D. LEWIN (D.C. Bar No. 445506)
                                      **LEWIN & LEWIN, LLP**
                                      1828 L Street, N.W., Suite 901
                                      Washington, D.C.  20036
                                      (202) 828-1000
                                      (202) 828-0909 fax

                                      *Attorneys for Plaintiffs*